# EXHIBIT 18

VIA EFS

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| In re application of: | : | | | |
| Declan Walsh *et al.* | : | | | |
| | : | | | |
| Conf. No.: 6857 | : | Group Art Unit: | 2876 |
| | : | | | |
| Appln. No.: 14/699,567 | : | Examiner: | Daniel A. Hess |
| | : | | | |
| Filing Date: April 29, 2015 | : | Attorney Docket No.: | 026723-5043-US-06 |
| | : | | | |
| Title: | DOSE COUNTER FOR INHALER AND METHOD FOR COUNTING DOSES | | | |

### AMENDMENT UNDER 37 C.F.R. § 1.116

The following Amendment is submitted in response to the Office Action dated October 20, 2016 (Paper no. 20161017). The Amendment is being timely filed in view of the simultaneous submission of a one-month Petition for Extension of Time up to and including February 20, 2017 including payment of fees, under 37 C.F.R. § 1.136(a), filed herewith.

Except for issue fees payable under 37 C.F.R. § 1.18, the Director is hereby authorized by this paper to charge any additional fees during the entire pendency of this application including fees due under 37 C.F.R. §§ 1.16 and 1.17 which may be required, including any required extension of time fees, or credit any overpayment to Deposit Account No. **50-0310** (Billing No. 026723-5043-US-06). This paragraph is intended to be a Constructive Petition For Extension Of Time in accordance with 37 C.F.R. § 1.136(a)(3).

A certification and request for consideration under the after final consideration pilot program 2.0 is submitted herewith.

Please amend the above-identified application as follows:

Application No. 14/699,567
Reply to Office Action of October 20, 2016

## AMENDMENT TO AND LISTING OF THE CLAIMS

Please amend the claims as follows. This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (Currently Amended) A dose counter for a metered dose inhaler having a body arranged to retain a medicament canister of predetermined configuration for movement of the <u>medicament</u> canister relative thereto, the medicament canister containing an active drug; the dose counter comprising:

a ratchet wheel having a plurality of circumferentially spaced teeth,

an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel, wherein the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate,

a count pawl arranged to engage with a second tooth of the ratchet wheel, wherein as the ratchet wheel is driven by the actuator to rotate, the count pawl rides along a forward surface of the second tooth and resiliently jumps over the second tooth,

a dosage indicator associated with the count pawl,

<u>wherein the actuator is arranged to define a first reset position in which the actuator pawl is brought into engagement with the first tooth; and</u>

<u>wherein the actuator is further arranged such that, during a canister fire sequence, when the actuator is in a second position, which is after the first reset position and at a canister fire configuration, the medicament canister fires medicament before the dose counter reaches a count configuration, and when the actuator is in a third position after the second position, the count pawl resiliently jumps over the second tooth and the dose counter reaches the count configuration, whereby the dosage indicator has indicated a count.</u>

~~wherein the canister fire sequence comprises a canister fire configuration and a count configuration wherein:~~

~~in the canister fire configuration the actuator pawl and ratchet wheel are in a first position at which the canister fires medicament, and~~

~~in the count configuration the actuator pawl is in the first position or in a second position which is just after the first position, and in the count configuration the count pawl has just resiliently jumped over the second tooth and the dosage indicator has indicated a count.~~

2

Application No. 14/699,567
Reply to Office Action of October 20, 2016

  2. (Previously Presented)  A dose counter as claimed in Claim 1 in which the actuator is displaced less than 1 mm relative to the body between its locations in the canister fire and count configurations.

  3. (Cancelled)

  4. (Previously Presented)  A dose counter as claimed in Claim 1 wherein the dosage indicator includes a tape with incremental dose indicia located thereon, the tape being positioned on a tape stock bobbin and arranged to unwind therefrom.

  5. (Currently Amended)  A dose counter as claimed in Claim 1 in which the actuator and ratchet wheel are arranged to provide a start configuration at which the actuator is spaced from the ratchet wheel, ~~a reset configuration at which the actuator is brought into engagement with the ratchet wheel during the canister fire sequence,~~ and an end configuration at which the actuator disengages from the ratchet wheel during the canister fire sequence.

  6. (Previously Presented)  A dose counter as claimed in claim 5 in which:
  (a) the actuator is arranged to be located about 1.5 to 2.0 mm from its location in the fire configuration when in the start configuration;
  (b) the actuator is arranged to be located about 1.0 to 1.2 mm from its location in the fire configuration when in the reset configuration; or
  (c) the actuator is arranged to be located about 1.1 to 1.3 mm from its location in the fire configuration when in the end configuration.

  7. (Previously Presented)  A dose counter as claimed in Claim 5 in which the body includes a formation for forcing the actuator to disengage from the ratchet wheel when the actuator is moved past the end configuration.

  8. (Previously Presented)   A dose counter as claimed in claim 1, wherein the count pawl and the ratchet wheel are arranged to permit one way incremental relative motion therebetween.

3

Application No. 14/699,567
Reply to Office Action of October 20, 2016

9. (Currently Amended)  A dose counter as claimed in Claim 8 in which the actuator and ratchet wheel are arranged to provide a start configuration at which the actuator is spaced from the ratchet wheel, ~~a reset configuration at which the actuator is brought into engagement with the ratchet wheel during the canister fire sequence,~~ and an end configuration at which the actuator disengages from the ratchet wheel during the canister fire sequence and in which the count pawl is substantially fixedly mounted on the body and in which <u>the</u> count pawl is arranged to be capable of repeatedly engaging the teeth of the ratchet wheel in anti-back drive interlock configurations as the dose counter is operated, the count pawl being positioned so that the ratchet wheel is halfway, or substantially halfway, moved from one anti-back interlock configuration to the next when the actuator and ratchet wheel are in the end configuration thereof.

10. (Previously Presented)  An inhaler comprising the body arranged to retain the medicament canister of predetermined configuration and the dose counter as claimed in claim 1.

11. (Previously Presented)  An inhaler as claimed in Claim 10 in which the body includes a canister-receiving portion and a separate counter chamber; the body, ratchet wheel and actuator being located inside the counter chamber, the body of the inhaler having wall surfaces separating the canister-receiving portion and the counter chamber, the wall surfaces being provided with a communication aperture, an actuation member extending through the communication aperture to transmit canister motion to the actuator.

12. (Previously Presented)  The dose counter as claimed in Claim 4, wherein the incremental dose indicia on the tape is in the form of even numbers and the body includes a dose marker that points to a location either at one of the even numbers or between two adjacent even numbers.

13. (Previously Presented)  A dose counter as claimed in claim 5 in which:
   (a) the actuator is arranged to be located about 1.5 to 2.0 mm from its location in the fire configuration when in the start configuration;

4

Application No. 14/699,567
Reply to Office Action of October 20, 2016

(b) the actuator is arranged to be located about 1.0 to 1.2 mm from its location in the fire configuration when in the reset configuration; and

(c) the actuator is arranged to be located about 1.1 to 1.3 mm from its location in the fire configuration when in the end configuration.

Application No. 14/699,567
Reply to Office Action of October 20, 2016

## **REMARKS**

1.    Claims 1-2 and 4-13 are currently pending in the application, as amended. Claims 1, 5, and 9 have been amended. Support for the amendment can be found throughout the originally filed application, at least in original claim 5, paragraphs [0153]-[0154] and Figs. 10C-10D. Thus, no new matter has been added.

All amendments presented herein are made solely to expedite prosecution of the application without admission as to the propriety of the rejections set forth in the present Office Action and without acquiescence to the Examiner's characterization of the claims or cited reference. Applicant respectfully reserves the right to include claims of the same or different scope as previously written in one or more continuing applications.

Applicant respectfully requests that the Amendment After Final Rejection be entered in accordance with M.P.E.P. § 714.13 since: (1) no new matter has been added to the application by the Amendment; (2) the Amendment addresses and resolves all issued raised by the Examiner in the final Office Action; (3) the subject matter of the Amendment has already been included in the scope of the Examiner's search and therefore does not require the Examiner to perform further searching (claim 5 included language similar in scope to the amendment to claim 1); (4) the Amendment places the application in condition for allowance or in better form for appeal; and (5) the Amendment does not result in a net addition to the claims of the application.

*Telephone Interview*

2.    The present Request is being filed based upon a telephone interview conducted between Applicant's Attorneys Ken Davis and Mario Milano and the Examiner on January 18, 2017. Although no agreement was reached regarding patentable subject matter in the pending claims, the Applicant would like to thank the Examiner for the courtesies extended during the telephone interview.

Application No. 14/699,567
Reply to Office Action of October 20, 2016

## *Claim Rejections – 35 U.S.C. § 102*

3.     The Examiner rejected claims 1, 3-4, and 10-11 under 35 U.S.C. § 102(b) as anticipated by U.S. Patent No. 6,446,627 to Bowman *et al.* (hereinafter "Bowman").   Claim 3 is cancelled rendering this rejection moot.

Claim 1 has been amended without admission as to the propriety of the rejection and without acquiescence to the Examiner's characterization of the claims or cited reference. Amended claim 1 of the present application recites:

> A dose counter for a metered dose inhaler having a body arranged to retain a medicament canister of predetermined configuration for movement of the medicament canister relative thereto, the medicament canister containing an active drug; the dose counter comprising:
> a ratchet wheel having a plurality of circumferentially spaced teeth,
> an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel, wherein the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate,
> a count pawl arranged to engage with a second tooth of the ratchet wheel, wherein as the ratchet wheel is driven by the actuator to rotate, the count pawl rides along a forward surface of the second tooth and resiliently jumps over the second tooth,
> a  dosage indicator associated with the count pawl,
> <u>wherein the actuator is arranged to define a first reset position in which the actuator pawl is brought into engagement with the first tooth</u>; and
> wherein the actuator is further arranged such that, <u>during a canister fire sequence, when the actuator is in a second position, which is after the first reset position and at a canister fire configuration, the medicament canister fires medicament before the dose counter reaches a count configuration</u>, and when the actuator is in a third position after the second position, the count pawl resiliently jumps over the second tooth and the dose counter reaches the count configuration, whereby the dosage indicator has indicated a count.

(emphasis added)

Bowman does not disclose each and every element of amended claim 1 and in particular does not disclose the above underlined limitation in the combination as claimed.  For example, Bowman does not disclose a first reset position in which the actuator pawl is brought into

7

Application No. 14/699,567
Reply to Office Action of October 20, 2016

engagement with the first tooth and …during the canister fire sequence, when the actuator is in a second position, which is after the first position and at a canister fire configuration, the canister fires medicament before the dose counter reaches a count configuration, and when the actuator is in a third position after the second position, the count pawl resiliently jumps over the second tooth and the dose counter reaches the count configuration, whereby the dosage indicator has indicated a count, as claimed.

      The Examiner points to Fig. 3 of Bowman and notes that "it is reasonable to expect that the engagement bar 351 starts in a position disengaged from the teeth of the ratchet wheel 360, and then will engaging [sic] with the teeth during firing, and will finally disengage from the teeth as it moves upward again after firing." Following that logic, however, Fig. 3 necessarily illustrates a firing sequence in which the canister fires before engagement bar 351 engages with the teeth of ratchet wheel 360. In the embodiment of Fig. 3, Bowman describes "a friction clutch 364 which serves to restrain the axle 363 against reverse rotation and hence prevents reverse travel of the counter tape 368." *Id.* at col. 8, lines 50-54. Bowman refers to the prevention of any reverse rotation of the axle as a "stepless" restraint. *Id.* at col. 9, lines 58-61. Bowman differentiates the "stepless" restraint from a "stepped" restraint of a ratchet and fixed pawl system which "permits a degree of reverse rotation…" *Id.* at col. 9. lines 16-20. Thus, indexing in the system of Fig. 3 of Bowman occurs throughout the engagement of the hook element and the ratchet wheel where any degree of rotation of the ratchet wheel (and thus the counter) is locked in by the friction clutch. If the hook element were to rotate the ratchet wheel prior to delivering the dose, indexing (as that term is used in Bowman) could occur without the dose actually being delivered. As the Examiner notes, Bowman states that "the counter must only index after the metering valve has delivered its dose from the inhaler." Office Action, p. 5 (quoting Bowman at col. 4, lines 39-42). It follows, therefore, that hook element 351 does not engage the ratchet wheel 360 until after the dose is delivered. Thus, Bowman does not teach or suggest "a first reset position in which the actuator pawl is brought into engagement with the first tooth; and…when the actuator is in a second position, which is after the <u>first reset position and at a canister fire configuration, the medicament canister fires medicament before the dose counter reaches a count configuration</u>," as recited in claim 1. Since none of the illustrated embodiments disclose or teach all the limitations of claim 1, Bowman does not anticipate claim 1.

8

Application No. 14/699,567
Reply to Office Action of October 20, 2016

The Applicant therefore respectfully asserts that claim 1 is allowable as written and respectfully requests reconsideration of the rejection of claim 1. Claims 4 and 10-11 depend from claim 1 and are therefore allowable for at least the same reasons that claim 1 is allowable.

*Claim Rejections – 35 U.S.C. § 103*

4.     The Examiner rejected claims 2, 5-9, and 12-13 under 35 U.S.C. § 103(a) as unpatentable over Bowman. Claims 2, 5-9, and 12-13 depend upon claim 1 and are patentable over Bowman for at least the same reason discussed above. Accordingly, Applicant respectfully requests that the rejection of claims 2, 5-9, and 12-13 be reconsidered and withdrawn.

## CONCLUSION

5.     Each and every ground of each rejection in the outstanding office action has been addressed herein. To the extent a particular argument in support of a rejection by the Examiner is not expressly addressed, that argument is moot in view of the foregoing and Applicant does not acquiesce to any such argument or the Examiner's characterization of the cited references.

In view of the foregoing Amendment and remarks, Applicant respectfully submits that the present application, including claims 1-2 and 4-13, as amended, is in condition for allowance and such action is respectfully requested. Should the Examiner determine otherwise, Applicant's representatives suggest a telephone interview in order to expedite prosecution of the application.

Respectfully submitted,

Date:   February 21, 2017          By:   /Mario T. Milano/
                                          MARIO T. MILANO
                                          Registration No. 70,402
                                          Attorneys acting in a representative
                                          capacity under 37 CFR 1.34

**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  (215) 963-5000
Direct Dial: (215) 963-5909
**Customer No. 28977**

9