<u>**NOT FOR PUBLICATION**</u>
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and NORTON (WATERFORD) LTD., <br> Plaintiffs, <br><br> v. <br><br> CIPLA LTD., AUROBINDO PHARMA LLC, AUROBINDO PHARMA USA, INC., and AUROLIFE PHARMA LLC, <br> Defendants. | **Civil Action No. 20-10172 (JXN) (MAH)** <br> (Consolidated with Civil Action Nos. 20-14833 and 20-14890) <br><br> **MARKMAN ORDER** |

**NEALS**, District Judge:

This matter having come before this Court on the briefs and supporting materials of Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd. (collectively, "Plaintiffs" or "Teva") and Defendants Cipla Ltd., Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, "Defendants") regarding their request for patent claim construction pursuant to Local Patent Rule 4.5(a) in connection with claim terms in Plaintiffs' U.S. Patent Nos. 9,463,289 ("the '289 Patent"); 9,808,587 ("the '587 Patent"); 10,086,156 ("the '156 Patent"); 10,561,808 ("the '808 Patent"); and 10,695,512 ("the '512 Patent"). This Court having carefully reviewed the parties' written and oral arguments, for the reasons stated in this Court's Opinion dated **November 11, 2022**,

**IT IS** on this 11th day of November 2022

**ORDERED** that:

1. The term "actuation member" is construed as "a component of the dose counter's actuator that transmits motion from the canister to the actuator."

2. The term "[lying or lie] in a common plane coincident with the longitudinal axis X" is construed as "aligned in a single plane such that a straight line can be drawn through the center of the central outlet port, the canister support formation, and the actuation member."

3. The term "positioned at opposite ends of the inside surface of the main body to face each other" **requires no construction**.

4. The term "step formed thereon" is construed as "a location of changing width dimension thereon."

5. The term "aperture" is construed as "an opening or open space: hole."

6. The term "count paw" is construed as "a pawl that is part of the dose counter, separate from an actuator pawl, that is arranged to engage with a second tooth of the rachet wheel."

7. The term "canister fire sequence" is construed as "a series of configurations or positions that occur during the process of ejecting medicament from an inhaler where the actuator pawl follows a particular sequence of movement from the first reset position, to the canister fire configuration, and then to the count configuration."

8. The term "first reset position" is construed as "a position of the actuator in which the actuator pawl is brought into engagement with the first tooth of the ratchet wheel and which is before the fire configuration."

9. The term "canister fire configuration" is construed as "a configuration of the dose counter in which the medicament canister fires medicament."

10. The term "count configuration" is construed as "a configuration of the dose counter whereby the dosage indicator has indicated a count."

11. The term "datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister" **requires no construction**.

12. The term "counter display arranged to indicate dosage information" **requires no construction**.

13. The term "first station" is construed as "a first region." The term "second station" is construed as "a second region."

14. The term "separate counter chamber" is construed as "a separate chamber of the inhaler in which the dose counter is located." The term "dose counter chamber" is construed as "a chamber of the inhaler in which the dose counter is located."

15. **The term "the body" is reserved for trial**.

16. The term "different sides" **requires no construction**.

17. The term "formed in the body" **requires no construction**.

        s/ Julien Xavier Neals
        **JULIEN XAVIER NEALS**
        United States District Judge