Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*
*Teva Branded Pharmaceutical*
*R&D Inc. and Norton (Waterford) Ltd.*

Gregory D. Miller
Gene Y. Kang
RIVKIN RADLER LLP
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601

*Attorneys for Defendant Cipla Ltd.*

Christopher Casieri
MCNEELY, HARE & WAR LLP
12 Roszel Road, Suite C104
Princeton, NJ 08540

William D. Hare
MCNEELY, HARE & WAR LLP
5355 Wisconsin Ave., Suite 440
Washington, DC 20015

*Attorneys for Defendants Aurobindo Pharma*
*LLC, Aurobindo Pharma USA, Inc., and*
*Aurolife Pharma LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and NORTON (WATERFORD) LTD., | : : : : | Consolidated Civil Action No. 20-10172 (JXN)(MAH) |
| Plaintiffs, | : : | CONFIDENTIAL – |
| v. | : : : | SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER |
| CIPLA LTD., AUROBINDO PHARMA LLC, AUROBINDO PHARMA USA, INC., and AUROLIFE PHARMA LLC, | : : : : | |
| Defendants. | : : | |

**[PROPOSED] JOINT PRETRIAL ORDER**

## TABLE OF CONTENTS

1.    JURISDICTION .................................................................................................3

2.    PENDING/CONTEMPLATED MOTIONS ....................................................4

3.    THE PARTIES' CONTENTIONS .....................................................................4

4.    STIPULATION OF FACTS ...............................................................................8

5.    CONTESTED FACTS.......................................................................................13

6.    WITNESSES......................................................................................................13

7.    EXPERT WITNESSES .....................................................................................14

8.    DEPOSITIONS..................................................................................................15

9.    EXHIBITS .........................................................................................................15

10.   SINGLE LIST OF LEGAL ISSUES ...............................................................15

11.   PROPOSED FACTS FOR JUDICIAL NOTICE ............................................19

12.   MISCELLANEOUS ..........................................................................................19

13.   TRIAL COUNSEL ............................................................................................21

14.   BIFURCATION.................................................................................................22

15.   ESTIMATED LENGTH OF TRIAL ...............................................................22

16.   TRIAL DATE ....................................................................................................23

A final pretrial conference having been held before the Honorable Michael A. Hammer, U.S.M.J., and Walsh Pizzi O'Reilly Falanga LLP and Williams & Connolly LLP having appeared for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd. (collectively, "Plaintiffs" or "Teva"); Rivkin Radler LLP and Knobbe, Martens, Olson & Bear, LLP having appeared for Defendant Cipla Ltd. ("Cipla"); and McNeely Hare & War LLP having appeared for Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, "Aurobindo")[1], the following Final Pretrial Order is hereby entered:

### 1. <u>**THE '156 PATENT**</u>

All claims relating to U.S. Patent No. 10,086,156 (the "'156 Patent") have been dismissed from this case as between Teva and Aurobindo.  As between Teva and Cipla, the parties dispute whether the '156 Patent properly remains in the case.  Teva asserts that the Court lacks jurisdiction to adjudicate any claims relating to the '156 patent, as articulated in its motion to dismiss.  D.I. 195-196.  Cipla disagrees, and asserts jurisdiction is proper.

### 2. <u>**JURISDICTION**</u>

This is an action for patent infringement under 35 U.S.C. § 271 and for declaratory and injunctive relief.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

The parties do not dispute personal jurisdiction or venue for the purposes of this action only.

---

[1] Cipla and Aurobindo are herein collectively referred to as "Defendants."

3. **PENDING/CONTEMPLATED MOTIONS**

The parties' disputes regarding claim construction remain pending; briefing is complete, the Court held a claim construction hearing on November 30, 2021, and the parties are awaiting the Court's ruling.

Pursuant to the Court's order of September 7, 2022, Teva filed two motions in limine and supporting papers on September 12, 2022 (D.I. 165-168); and Defendants filed one motion in limine and supporting papers on the same date (D.I. 163-164). The parties' filed oppositions and supporting papers on September 23, 2022 (D.I. 174-176); and replies on September 28, 2022 (D.I. 177-179).

To streamline its presentation of proof as to U.S. Patent No. 9,808,587, Teva has informed Defendants that it will present evidence that Defendants infringe only claims 1-8 and 12 thereof, and that Teva does not intend to present evidence that Defendants infringe claims 11 and 13-22 thereof. Teva respectfully submits that Defendants' motion in limine (D.I. 163-164) is therefore moot, because that motion was directed only to claims 13-22 of the '587 patent. Teva's motions remain pending as of this filing date. The parties did not file Daubert motions.

4. **THE PARTIES' CONTENTIONS**

**Asserted Claims.**

Teva asserts that Defendants infringe the following Asserted Claims:

- Claims 1-8 of U.S. Patent No. 9,463,289;
- Claims 1-8 and 12 of U.S. Patent No. 9,808,587; and
- Claims 1, 27, and 28 of U.S. Patent No. 10,561,808.

**Accused Products.**

Teva accuses the products described in Cipla's ANDA No. 211434 and Aurobindo's ANDA No. 214418 of infringing the Asserted Claims.

**Doctrine of Equivalents.**

Teva's Position:

> Teva may rely on the doctrine of equivalents to establish infringement of certain claims. The identity of those claims depends upon the Court's claim construction decision.  In the absence of a claim construction order, Teva's expert opined that Defendants' ANDA Products infringed each of the Asserted Claims under the doctrine of equivalents.  Teva's expert will be prepared to present testimony consistent with those opinions at trial.  Should the Court's claim construction decision obviate or otherwise alter Teva's need to assert infringement under the doctrine of equivalents, Teva will promptly identify within 10 days the claims for which its infringement theory depends on the doctrine of equivalents upon receipt of that order.

Defendants' Position:

> The Parties agreed upon a procedure for exchanging pre-trial documents and positions, which did not include any agreement that Plaintiffs could delay their disclosure of claims for which they may rely on the doctrine of equivalents.  Accordingly, because Plaintiffs failed to identify any allegations of infringement under the doctrine of infringement, they have waived the right to rely on any argument that Defendants infringe an Asserted Claim under the doctrine of equivalents.

> However, if the Court allows Plaintiffs to belatedly identify doctrine of equivalents theories, Defendants should be provided 10 days from Plaintiffs' identification of infringement theories depending on the doctrine of equivalents to amend this Final Pretrial Order to address Plaintiffs belated identification of doctrine of equivalence theories, including to identify contested and undisputed facts relevant to prosecution history estoppel, claim vitiation, ensnarement, and Plaintiffs' function, way, result or insubstantial differences analyses.

**Infringement Theory.**

Teva's infringement theories are theories of direct infringement.  Teva does not assert any theory of indirect infringement.

**Type of Damages.**

Teva seeks declaratory and injunctive relief, as well as award of attorney's fees and costs.

Specifically, as to Cipla, Teva seeks:

- A declaration and judgment that Cipla infringes the Asserted Claims of the '289, '587, and '808 Patents.

- A declaration and judgment that the Asserted Claims of the '289, '587, and '808 Patents are not invalid.

- An order, under 35 U.S.C. § 271(e)(4)(A), that the effective date of the U.S. Food & Drug Administration's ("FDA's") approval of Cipla's ANDA shall be a date not earlier than the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

- An injunction, under 35 U.S.C. §§ 271(e)(4)(B) and 283, prohibiting Cipla and its officers, agents, servants, and employees from manufacturing, using, offering for sale, selling, or importing into the United States Cipla's ANDA Product prior to the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

- An award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

- An award of costs under Federal Rule of Civil Procedure 54(d)(1).

Specifically, as to Aurobindo, Teva seeks:

- A declaration and judgment that Aurobindo infringes the Asserted Claims of the '289, '587, and '808 Patents.

- A declaration and judgment that the Asserted Claims of the '289, '587, and '808 Patents are not invalid.

- An order, under 35 U.S.C. § 271(e)(4)(A), that the effective date of Aurobindo's ANDA shall be a date that is not earlier than the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

- An injunction, under 35 U.S.C. §§ 271(e)(4)(B) and 283, prohibiting Aurobindo and its officers, agents, servants, and employees from manufacturing, using, offering for sale, selling, or importing into the United States Aurobindo's ANDA Product prior to the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

- An award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

- An award of costs under Federal Rule of Civil Procedure 54(d)(1).

Cipla seeks the following relief:

- A declaration and judgment that the manufacture, import, use, sale, and or/offer to sell Cipla's ANDA Product, has not, does not, and will not infringe (literally or under the doctrine of equivalents) any asserted claim of the '289, '587, '156, and '808 Patents.

- A declaration and judgment that each asserted claim of the '289, '587, '156, and '808 Patents is invalid.

- A declaration and judgment that Cipla has the lawful right to manufacture, import, use, sell, and/or offer to sell Cipla's ANDA Product in the United States following approval from the FDA.

- An injunction prohibiting Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, '156, and '808 Patents against Cipla or any of its customers, dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587,'156, and '808 Patents.

- An award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

- An award of costs under Federal Rule of Civil Procedure 54(d)(1).

Aurobindo seeks the following relief:

- A declaration and judgment that the manufacture, import, use, sale, and or/offer to sell Aurobindo's ANDA Product, has not, does not, and will not infringe (literally or under the doctrine of equivalents) any asserted claim of the '289, '587, and '808 Patents.

- A declaration and judgment that each asserted claim of the '289, '587, and '808 Patents is invalid.

- A declaration and judgment that Aurobindo has the lawful right to manufacture, import, use, sell, and/or offer to sell Aurobindo's ANDA Product in the United States following approval from the FDA.

- An injunction prohibiting Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, and '808 Patents against Aurobindo or any of its customers, dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587, and '808 Patents.

- An award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

- An award of costs under Federal Rule of Civil Procedure 54(d)(1).

**"Objective Indicia."**

Teva asserts that numerous objective indicia of non-obviousness support the patentability of the Asserted Claims, specifically:

- Long-felt, Unmet Need;

- Failure of Others;

- Industry Acceptance;

- Praise; and

- Copying.

Defendants dispute that any asserted objective indicia of non-obviousness support the patentability of the Asserted Claims.

5. **STIPULATION OF FACTS**

**Definitions Applicable to Stipulation of Facts**

1. As used herein, the term "Cipla" means Cipla Ltd.

2. As used herein, the term "Aurobindo" means Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC.

3. As used herein, the term "Defendants" means Cipla and Aurobindo.

4. As used herein, the terms "Teva" and "Plaintiffs" mean Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd.

5. As used herein, the term "Cipla's ANDA Product" means the products described in Cipla's ANDA No. 211434 and any supplements or amendments thereto.

6. As used herein, the term "Aurobindo's ANDA Product" means the products described in Aurobindo's ANDA No. 214418 and any supplements or amendments thereto.

7. As used herein, the term "Defendants' ANDA Products" means Cipla's ANDA Product and Aurobindo's ANDA Product.

8. As used herein, the term "the '289 Patent" means U.S. Patent No. 9,463,289.

9. As used herein, the term "the '587 Patent" means U.S. Patent No. 9,808,587.

10. As used herein, the term "the '156 Patent" means U.S. Patent No. 10,086,156.

11. As used herein, the term "the '808 Patent" means U.S. Patent No. 10,561,808.

12. As used herein, the term "Asserted Patents" means the '289 Patent, the '587 Patent, and the '808 Patent.

13. As used herein, the term "Asserted Claims" means the Asserted Claims set forth in Section 4.

**Undisputed Facts**

1. Teva holds all rights, title, and interest in each of the Asserted Patents.

2. Each of the Asserted Patents is listed in the FDA's Approved Products with Therapeutic Equivalents ("Orange Book") in connection with Teva's Qvar® HFA with Dose Counter drug product.

3. Each of Defendants' ANDA Products comprises an inhaler for metered dose inhalation.

4. The inhaler of each of Defendants' ANDA Products comprises a main body having a canister housing.

5. The inhaler of each of Defendants' ANDA Products comprises a medicament canister.

6. The medicament canister of each of Defendants' ANDA Products is moveable relative to the canister housing.

7. The medicament canister of each of Defendants' ANDA Products is retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

8.      Each of Defendants' ANDA Products comprises a dose counter.

9.      The canister housing of each of Defendants' ANDA Products has an inner wall.

10.     The inner wall of the canister housing of each of Defendants' ANDA Products has a plurality of ribs.

11.     The canister housing of each of Defendants' ANDA Products has a longitudinal axis X which passes through the center of the central outlet port.

12.     The medicament canister of each of Defendants' ANDA Products is moveable relative to the dose counter.

13.     Each of Defendants' ANDA Products comprises a dose counter for a metered dose inhaler.

14.     Each of Defendants' ANDA Products comprises a metered dose inhaler having a body arranged to retain a medicament canister of predetermined configuration for movement of the medicament canister relative thereto, the medicament canister containing an active drug.

15.     Each of Defendants' ANDA Products comprises a dose counter for an inhaler.

16.     For purposes of this action only, the parties agree that the following references qualify as prior art to the Asserted Claims:

a.      PTX-097, Fink et al., *Problems with Inhaler Use: A Call for Improved Clinician and Patient Education*, Respir. Care, 50(10):1360-1375 (2005) ("Fink 2005"), a copy of which has been produced at CIPLA-BDI_0184184-95.

b.      PTX-122, Ogren et al., *How Patients Determine When to Replace Their Metered Dose Inhalers*, Annals Allergy, Asthma & Immunology, 75:485-498 (Dec. 1995) ("Ogren 1995"), a copy of which has been produced at TEVADOC-00000011-15.

c.      PTX-125, Sander et al., *Dose Counting and the Use of Pressurized Metered-Dose Inhalers: Running on Empty*, Annals Allergy, Asthma & Immunology, 97:34-38 (Jul. 2006) ("Sander 2006"), a copy of which has been produced at TEVADOC-00000046-50.

d.      PTX-137, Hess, *Aerosol Delivery Devices in the Treatment of Asthma*, Respir. Care, 53(6):699-723 (2008) ("Hess 2008"), a copy of which has been produced at TEVADOC-00000379-405

e.      PTX-138, Holt et al., *Metered Dose Inhalers: A Need for Dose Counters*, Respirology, 10:105-106 (2005) ("Holt 2005"), a copy of which has been produced at TEVADOC-00000406-07.

f.      PTX-160, Williams et al., *The Doser External Counting Device*, Chest, 116(5):1499 (1999) ("Williams 1999"), a copy of which has been produced at TEVADOC-00000744.

g.      PTX-402, U.S. Food & Drug Admin, Guidance for Industry, Integration of Dose-Counting Mechanisms Into MDI Drug Products (Mar. 2003) ("FDA Guidance 2003"), a copy of which has been produced at TEVAQVAR-00032573-79.

h.      DX-161, International Patent Publication No. WO 2007/124406 ("the '406 Publication"), a copy of which has been produced at CIPLA-BDI_0184003-99.

i.      DX-162, International Patent Publication No. WO 2008/119552 ("the '552 Publication"), a copy of which has been produced at CIPLA-BDI_0184693-720.

j.      DX-165, International Patent Publication No. WO 2003/101514 ("the '514 Publication"), a copy of which has been produced at CIPLA-BDI_0184421-469.

k.      DX-155, United States Patent Application Publication No. US 2002/0047021 ("the '021 Publication"), a copy of which has been produced at CIPLA-BDI_0184944-73.

l.      DX-174, U.S. Design Patent No. D416,998 ("the '998 Patent"), a copy of which has been produced at CIPLA-BDI_0184391-95, issued on November 23, 1999.

m.      DX-159, United States Patent Application Publication No. US 2002/0078950 ("the '950 Publication"), a copy of which has been produced at CIPLA-BDI_0184200-213.

n.      DX-153, United States Patent Application Publication US 2006/0289008 ("the '008 Publication"), a copy of which has been produced at CIPLA-BDI_0184315-328.

o.      DX-137, United States Patent No. 4,817,822 ("the '822 Patent"), a copy of which has been produced at CIPLA-BDI_0184347-356.

p.      DX-138, United States Patent No. 7,407,066 ("the '066 Patent"), a copy of which has been produced at CIPLA-BDI_0184372-378.

q.      DX-148, United States Patent No. 6,446,627 ("the '627 Patent"), a copy of which has been produced at CIPLA-BDI_0156580-594.

r.      DX-139, United States Patent No. 8,584,668 ("the '668 Patent"), a copy of which has been produced at CIPLA-BDI_018379-390.

s.      DX-172, International Patent Publication No. WO 2004/060260 ("the '260 Publication").

t.      DX-163, United States Patent Publication No. US 2005/0087191 ("the '191 Publication").

u.      DX-164, International Patent Publication No. WO 2007/103712 ("the '712 Publication").

v.      DX-166, European Patent Publication No. EP 1,369,139 ("the '139 Publication"), a copy of which has been produced at CIPLA-BDI_0184888-912.

w.      DX-167, United Kingdom Patent Publication No. GB 2,320,489 ("GB '489"), a copy of which has been produced at CIPLA-BDI_0184913-943.

x.      DX-152, United States Patent Application Publication No. US 2005/0209558 ("the '558 Publication"), a copy of which has been produced at CIPLA-BDI_0184988-5008.

y.      DX-168, United Kingdom Patent No. GB 994,755 ("the '755 Patent"), a copy of which has been produced at CIPLA-BDI_0184742-746.

z.      DX-169, European Patent Publication No. EP 1,321,159 ("the '159 Publication"), a copy of which has been produced at CIPLA-BDI_0184759-779.

aa.     DX-170, International Patent Publication No. WO 2006/126965 ("the '965 Publication"), a copy of which has been produced at CIPLA-BDI_0184554-593.

bb.     DX-154, United States Patent Application Publication No. US 2007/0277817 ("the '817 Publication"), a copy of which has been produced at CIPLA-BDI_0184329-337.

cc.     DX-171, International Patent Application No. WO 2005/113044 ("the '044 Publication"), a copy of which has been produced at CIPLA-BDI_0184507-553.

dd.     DX-083, *Metered Dose Inhalers: Actuators Old and New*, Expert Opin. Drug Deliv., 4(3):235-245 (2007) ("Lewis 2007").

ee.     DX-156, United States Patent Application Publication No. US 2006/0107949 ("the '949 Publication"), a copy of which has been produced at CIPLA-BDI_0184291-314.

ff.     DX-157, United States Patent Application Publication No. US 2007/0062518 ("the '518 Publication"), a copy of which has been produced at CIPLA-BDI_0185009-061.

gg.     DX-158, United States Patent Application Publication No. US 2007/0210102 ("the '102 Publication"), a copy of which has been produced at 0185277-291.

6. **CONTESTED FACTS**

- **Teva:** See attached Exhibit A.

- **Defendants:** See attached Exhibit B.

7. **WITNESSES**

- **Teva:**

  o Witnesses to be called in person:

    ▪ Declan Walsh

    ▪ Jeffrey Karg

    ▪ Dr. David Lewis (expert witness, see below)

    ▪ Dr. Reynold Panettieri (expert witness, see below)

  o Witnesses to be called by deposition:

    ▪ Priyanka Bajpayee

    ▪ Deborah Carr

    ▪ Jay Holt

    ▪ ██████████

    ▪ Kiran Rote

  o Evidence by Written Answer:



- **Defendants:**

  - Witnesses who may be called in person:

    - Kiran Rote

    - Jay Holt

    - Deborah Carr

    - Gregor Anderson (expert witness, see below)

  - Witnesses to be called by deposition:

    - Declan Walsh

    - Jeffrey Karg

    - ██████████

## 8. <u>EXPERT WITNESSES</u>

If any hypothetical questions are to be put to an expert witness on direct examination, they shall be written in advance and submitted to the court and counsel prior to commencement of trial except that to the extent an expert witness intends to provide opinions from the perspective of a hypothetical person of ordinary skill in the art, the parties are not required to provide questions meant to elicit those opinions so long as the opinions are clearly disclosed in the expert's reports in this matter.

The parties stipulate to the qualifications of the below-listed experts.

- **Teva:**

  - Dr. David Lewis

    - Dr. Lewis's qualifications are summarized in the attached report section and curriculum vitae.

  - Dr. Reynold Panettieri

    - Dr. Panettieri's qualifications are summarized in the attached report section and curriculum vitae.

- **Defendants:**

  - Gregor Anderson

> ▪ Mr. Anderson's qualifications are summarized in the attached report section and curriculum vitae.

9. <u>**DEPOSITIONS**</u>

- **Teva:** See attached Exhibit C.

  i. Priyanka Bajpayee (Cipla)

  ii. Deborah Carr (Aurobindo)

  iii. Jay Holt (Aurobindo)

  

  v. Kiran Rote (Cipla)

- **Defendants:** See Attached Exhibit D.

  i. Declan Walsh (Teva)

  ii. Jeffrey Karg (Radius)

  

10. <u>**EXHIBITS**</u>

Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.

- **Teva:** See Attached Exhibit E.

- **Defendants:** See Attached Exhibit F.

11. <u>**SINGLE LIST OF LEGAL ISSUES**</u>

All issues shall be set forth below. The parties need not agree on any issue, and the inclusion of an issue shall not be construed as an admission that it is properly presented.

1. Whether Cipla's submission of Cipla's ANDA infringes the Asserted Claims under 35 U.S.C. § 271(e)(2)(A).

2. Whether Aurobindo's submission of Aurobindo's ANDA infringes the Asserted Claims under 35 U.S.C. § 271(e)(2)(A).

3. Whether the commercial use, manufacture, sale, offer for sale, or importation into the United States of Cipla's ANDA Products would infringe the Asserted Claims under 35 U.S.C.

§ 271(a).

4.    Whether the commercial use, manufacture, sale, offer for sale, or importation into the United States of Aurobindo's ANDA Products would infringe the Asserted Claims under 35 U.S.C. § 271(a).

5.    Whether Teva's allegations of infringement of claims 3 of the '289 Patent and claims 3 and 13 of the '587 patent under the doctrine of equivalents improperly vitiate the "inner wall" limitation.

6.    Whether Teva's allegations of infringement under the doctrine of equivalents improperly ensnare the '406 Publication.

7.    Whether Defendants have proven by clear and convincing evidence that the Asserted Claims are anticipated under 35 U.S.C. § 102 based on the following grounds:

a.    Whether Defendants have proven by clear and convincing evidence that claims 1-3 of the '289 Patent are anticipated by International Patent Publication No. WO 2007/124406 (the "'406 Publication").

b.    Whether Defendants have proven by clear and convincing evidence that claims 1-3 and 12 of the '587 Patent are anticipated by the '406 Publication.

c.    Whether Defendants have proven by clear and convincing evidence that claims 1 and 4-8 of the '289 Patent are anticipated by International Patent Publication No. WO 2003/101514 (the "'514 Publication").

d.    Whether Defendants have proven by clear and convincing evidence that claims 1, 4-8, and 11-12 of the '587 Patent are anticipated by the '514 Publication.

e.    Whether Cipla has proven by clear and convincing evidence that claims 1, 9 and 11-13 of the '156 Patent are anticipated by U.S. Patent Application Publication No. 2002/0047021 (the "'021 Publication").

f.    Whether Cipla has proven by clear and convincing evidence that claims 1, 9, and 11-12 of the '156 Patent are anticipated by International Patent Publication No. WO 2008/119552 (the "'552 Publication").

g.    Whether Defendants have proven by clear and convincing evidence that claim 1 of the '808 Patent is anticipated by the '552 Publication.

h.    Whether Defendants have proven by clear and convincing evidence that claim 1 of the '808 Patent is anticipated by U.S. Patent Application Publication No. 2002/0078950 (the "'950 Publication").

8.    Whether Defendants have proven by clear and convincing evidence that the Asserted Claims would have been obvious under 35 U.S.C. § 103(a) based on the following grounds:

a.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '289 and '587 Patents would have been obvious over the '406 Publication in combination with the knowledge of the POSA.

b.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '289 and '587 Patents would have been obvious over the '514 Publication in combination with the '406 Publication.

c.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '289 and '587 Patents would have been obvious over the '021 Publication in combination with the knowledge of the POSA.

d.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '289 and '587 Patents would have been obvious over the '514 Publication in combination with the '021 Publication.

e.     Whether Cipla has proven by clear and convincing evidence that claims 1, 9, and 11-13 of the '156 Patent would have been obvious over the '552 Publication in combination with the knowledge of the POSA.[2]

f.     Whether Cipla has proven by clear and convincing evidence that the claims 1, 9, and 11-13 of the '156 Patent would have been obvious over the '406 Publication in combination with the knowledge of the POSA.

g.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '808 Patent would have been obvious over the '552 Publication in combination with the knowledge of the POSA.

h.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '808 Patent would have been obvious over the '950 Publication in combination with the knowledge of the POSA.

i.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '808 Patent would have been obvious over the '406 Publication in combination with the knowledge of the POSA.

9.     Whether Cipla has proven by clear and convincing evidence that claim 12 of the '156 Patent is invalid because the term "the body" is indefinite under 35 U.S.C. § 112 ¶ 2.

10.     Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '808 Patent are invalid under 35 U.S.C. § 112 ¶ 1 under Teva's proposed construction of the term "counter display arranged to indicate dosage information" because the

---

[2] Teva understands Cipla intends to contest certain legal issues regarding the '156 Patent. Teva's position, which it does not intend to waive by submitting this pretrial statement, is that the court lacks jurisdiction to adjudicate any claims related to the '156 Patent.

term lacks adequate written description support under that construction.

11.    Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '808 Patent are invalid under 35 U.S.C. § 112 ¶ 1 under Teva's proposed construction of the term "counter display arranged to indicate dosage information" because the term lacks adequate enablement support under that construction.

12.    Whether Teva is entitled to a declaration and judgment that Aurobindo and Cipla infringe the Asserted Claims.

13.    Whether Cipla is entitled to a declaration and judgment that Cipla does not infringe the Asserted Claims as well as claims 1, 9, and 11-13 of the '156 patent.

14.    Whether Aurobindo is entitled to a declaration and judgment that Aurobindo does not infringe the Asserted Claims.

15.    Whether Teva is entitled to a declaration and judgment that the Asserted Claims of are not invalid.

16.    Whether Defendants are entitled to a declaration and judgment that the Asserted Claims are invalid.

17.    Whether Cipla is entitled to a declaration and judgment that claims 1, 9, and 11-13 of the '156 patent are invalid.

18.    Whether Teva is entitled to an order, under 35 U.S.C. § 271(e)(4)(A), that the effective date(s) of FDA's approval of Aurobindo's and Cipla's ANDAs shall be a date not earlier than the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

19.    Whether Cipla is entitled to a declaration and judgment that Cipla has the lawful right to manufacture, import, use, sell, and/or offer to sell Cipla's ANDA Product in the United States following approval from FDA.

20.    Whether Aurobindo is entitled to a declaration and judgment that Aurobindo has the lawful right to manufacture, import, use, sell, and/or offer to sell Aurobindo's ANDA Product in the United States following approval from FDA.

21.    Whether Teva is entitled to an injunction, under 35 U.S.C. §§ 271(e)(4)(B) and 283, prohibiting Aurobindo and Cipla and their officers, agents, servants, and employees from manufacturing, using, offering for sale, selling, or importing into the United States Aurobindo's and Cipla's ANDA Products prior to the latest expiration date of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

22.    Whether Cipla is entitled to an injunction that Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, '156, and '808 Patents against Cipla or any of its customers,

dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587, '156, and '808 Patents.

23.    Whether Aurobindo is entitled to an injunction that Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, and '808 Patents against Aurobindo or any of its customers, dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587, and '808 Patents.

24.    Whether Teva is entitled to an award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

25.    Whether Teva is entitled to an award of costs under Federal Rule of Civil Procedure 54(d)(1).

26.    Whether Cipla is entitled to an award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

27.    Whether Cipla is entitled to an award of costs under Federal Rule of Civil Procedure 54(d)(1).

28.    Whether Aurobindo is entitled to an award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

29.    Whether Aurobindo is entitled to an award of costs under Federal Rule of Civil Procedure 54(d)(1).

## 12. PROPOSED FACTS FOR JUDICIAL NOTICE

- See attached Exhibit G.

## 13. MISCELLANEOUS

### Presentation of Evidence.

The parties have agreed that the order of the presentation of evidence will follow the burden of proof as follows:

| Phase | Description |
|---|---|
| Phase I | Teva's presentation of Asserted Patents and case-in-chief on infringement. |
| Phase II | Defendants' response on infringement and case-in-chief on invalidity. |
| Phase III | Teva's response on invalidity and case-in-chief on objective indicia of non-obviousness. |

| Phase IV | Defendants' response on any objective indicia of non-obviousness asserted by Teva. |
|----------|--------------------------------------------------------------------------------------|

## **Deadlines for Exchanging Witnesses and Objections.**

The parties have agreed to the following procedures and deadlines for exchanging witnesses and objections to witnesses.

| **Exhibit/Demonstrative** | **Exchange Deadline** | **Objection Deadline** |
|---------------------------|------------------------|-------------------------|
| Live witness testimony | 8:00 PM ET, two days before the intended testimony | |
| Affirmatively designated deposition testimony/testimony by written response | 8:00 PM ET, three days before the intended testimony | 7:00 PM ET, two days before the intended use |
| Counter-designated deposition testimony | 7:00 PM ET, two days before the intended testimony | 7:00 PM ET, one day before the intended testimony |
| Counter-counter designated deposition testimony | 7:00 PM ET, one day before the intended testimony | 9:00 PM ET, one day before the intended testimony |

## **Deadlines for Exchanging Exhibits and Demonstratives and Objections.**

The parties have agreed to the following additional procedures and deadlines for exchanging exhibits and demonstratives and objections to exhibits and demonstratives:

| **Exhibit/Demonstrative** | **Exchange Deadline** | **Objection Deadline** |
|---------------------------|------------------------|-------------------------|
| Exhibits to be used in connection with opening argument. | 8:00 PM ET, two days before the intended use | N/A |
| Exhibits to be used in connection with direct examination | 8:00 PM ET, two days before the intended use | 7:00 PM ET, one day before the intended use |
| Demonstratives* to be used in connection with direct examination | 8:00 PM ET, two days before the intended use | 7:00 PM ET, one day before the intended use |
| Demonstratives* to be used in connection with cross-examination | 8:00 PM ET, one day before the intended use | 9:00 PM ET, one day before the intended use |

* This provision does not apply to demonstratives created during testimony, which need not be

disclosed.  This provision also does not apply to highlighting, ballooning, arrowing, call-outs, etc., of exhibits or testimony, which are not required to be provided to the other side in advance of their use.

**Meeting and Conferring.**

The parties will meet and confer to resolve any objections to witnesses, exhibits, and demonstrative at 9:30 PM ET the evening before the intended testimony or use of the exhibits and demonstratives. If good-faith efforts to resolve the objections fail, the objecting party shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

**Exhibits and Demonstratives.**

Any joint trial exhibits are identified using "JTX" numbers.  Teva's trial exhibits are identified using "PTX" numbers, and Teva's trial demonstratives shall be identified using "PDX" numbers. Defendants' trial exhibits shall be identified using "DTX" numbers, and Defendants' trial demonstratives shall be identified using "DDX" numbers.  The parties' exhibits are listed in the attachments to Section 10.  The parties' demonstratives need not be listed on their exhibit lists.

Legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.  Legible copies of U.S. and foreign patents, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.  The parties agree that either side may offer into evidence the opposing sides' pleadings (including discovery responses, contentions, and filings) and do not need to list such pleadings on the exhibit list.  The parties agree that a copy of each of the Asserted Patents their file histories, and assignment records (JTX-001-018) shall be admitted.

14. **TRIAL COUNSEL**

- **Plaintiff Teva:**

    o   Walsh Pizzi O'Reilly Falanga LLP

        ▪   Liza M. Walsh

        ▪   Katelyn O'Reilly

        ▪   William T. Walsh

    o   Williams & Connolly LLP

        ▪   David I. Berl

        ▪   Benjamin M. Greenblum

        ▪   Elise M. Baumgarten

- ▪ Kathryn S. Kayali

- ▪ Ben Picozzi

- ▪ Ricardo Leyva

- **Defendant Cipla:**

  - o Rivkin Radler, LLP

    - ▪ Gregory D. Miller

    - ▪ Gene Y. Kang

  - o Knobbe, Martens, Olson & Bear, LLP

    - ▪ William R. Zimmerman

    - ▪ Joseph M. Reisman

    - ▪ William O. Adams

    - ▪ Jonathan Bachand

    - ▪ Karen M. Cassidy Selvaggio

    - ▪ Brandon G. Smith

    - ▪ Nick Belair

    - ▪ Ashley C. Morales

- **Defendant Aurobindo:**

  - o McNeely Hare & War, LLP

    - ▪ William D. Hare

    - ▪ Christopher Casieri

## 15. <u>BIFURCATION</u>

The parties agree that there is no need for bifurcation.

## 16. <u>ESTIMATED LENGTH OF TRIAL</u>

The Court has set a four day trial, with each day to consist of 6.5 hours, with closing arguments to be heard at the conclusion of evidence during trial.

**17. <u>TRIAL DATE</u>**

The Court has set trial for November 14, 2022. A housekeeping conference will be held on November 10, 2022 at 10:30am.

**EXCEPT AS SET FORTH SPECIFICALLY HEREIN, NO AMENDMENT TO THIS PRETRIAL ORDER SHALL BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT WERE DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.**
56580277

Dated:  November 4, 2022

Respectfully submitted,

*s/ Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
(973) 757-1100

*Of Counsel*:
David I. Berl
Benjamin M. Greenblum
Elise M. Baumgarten
Kathryn S. Kayali
Ben Picozzi
Ricardo Leyva
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs*
*Teva Branded Pharmaceutical R&D Inc.*
*and Norton (Waterford) Ltd.*

| | |
|---|---|
| *s/ Christopher Casieri* | *s/ Gregory D. Miller* |
| Christopher Casieri | Gregory D. Miller |
| MCNEELY, HARE & WAR LLP | Gene Y. Kang |
| 12 Roszel Road, Suite C104 | RIVKIN RADLER LLP |
| Princeton, NJ 08540 | 25 Main Street, Suite 501 |
| (609) 731-3668 | Court Plaza North |
| | Hackensack, NJ 07601 |
| William D. Hare | |
| MCNEELY, HARE & WAR LLP | *Of Counsel*: |
| 5355 Wisconsin Ave., Suite 440 | William O. Adams |
| Washington, DC 20015 | Brandon G. Smith |
| (202) 640-1801 | Karen M. Cassidy Selvaggio |
| | KNOBBE, MARTENS, OLSON & BEAR, |
| *Attorneys for Defendants Aurobindo* | LLP |
| *Pharma LLC, Aurobindo Pharma USA,* | 2040 Main Street, 14th Floor |
| *Inc., and Aurolife Pharma LLC* | Irvine, CA 92614 |
| | (949) 760-0404 |

William R. Zimmerman
Jonathan Bachand
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
(202) 640-6400

Joseph M. Reisman
Mark Rubinshtein, Ph.D.
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
(858) 707-4000

Ashley C. Morales
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
858-707-4000

Nicholas Belair (To Be Admitted *Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
415-954-4114

*Attorneys for Defendant Cipla Ltd.*

SO ORDERED:

_____
HON. MICHAEL A. HAMMER, U.S.M.J.

# Exhibit A

**PLAINTIFFS TEVA BRANDED PHARMACEUTICAL PRODUCTS
R&D, INC. AND NORTON (WATERFORD) LTD.'S
<u>STATEMENT OF CONTESTED FACTS</u>**

Teva's identification of the contested facts that remain to be litigated is based on Teva's current understanding of Defendants' claims and defenses.  Teva reserves the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court, including any ruling on claim construction, and/or any further identified issues of fact by Defendants and/or to address any additional developments in the case, including anticipated motions and forthcoming document productions.  Teva reserves the right to prove additional details regarding, related to, or subsidiary to the below facts, including any facts identified in its pleadings, discovery responses, including in its contentions, and/or expert reports and depositions, which Teva incorporates herein by reference.  Teva also reserves the right to prove or contest any fact identified by Defendants in Defendants' statement of contested facts.  To the extent that Defendants intend to attempt to introduce different or additional facts, Teva reserves the right to supplement or amend this Statement and contest those facts, and to present any and all rebuttal evidence in response to those facts.  To the extent that any of the identified contested facts are determined to constitute an issue of law, Teva hereby incorporates such issues into the parties' statement of legal issues.

# Table of Contents

I.    Infringement ......................................................................................................4

    A.    '289 Patent.................................................................................................4

    B.    '587 Patent.................................................................................................6

    C.    156 Patent.................................................................................................8

    D.    '808 Patent.................................................................................................9

II.    Validity ..............................................................................................................9

    A.    Background .................................................................................................9

    B.    '289 Patent...............................................................................................12

        1.    Alleged Anticipation by '406 Publication....................................12

        2.    Alleged Anticipation by the '514 Publication..............................13

        3.    Alleged Obviousness Over the '406 Publication in View of the Knowledge of the POSA and/or the '514 Publication ................15

        4.    Alleged Obviousness Over the '021 Publication in View of the Knowledge of the POSA and/or the '514 Publication ................23

    C.    '587 Patent...............................................................................................32

        1.    Alleged Anticipation by the '406 Publication..............................32

        2.    Alleged Anticipation by the '514 Publication..............................34

        3.    Alleged Obviousness Over the '406 Publication In View of the Knowledge of the POSA and/or the '514 Publication ................37

        4.    Alleged Obviousness Over the '021 Publication In View of the Knowledge of the POSA and/or the '514 Publication ................58

    D.    '808 Patent...............................................................................................81

        1.    Alleged Anticipation by the '552 Publication..............................81

        2.    Alleged Anticipation by the '950 Publication..............................81

        3.    Alleged Obviousness Over the '552 Publication in View of the Knowledge of the POSA ............................................................82

4.      Alleged Obviousness Over the '950 Publication in View of the Knowledge of the POSA ............................................................. 83

5.      Alleged Obviousness Over the '406 Publication in View of the Knowledge of the POSA ............................................................. 85

E.    Alleged Inadequate Written Description Support ................................... 87

F.    Alleged Inadequate Enablement Support ................................................ 87

III.    Objective Indicia of Non-Obviousness ..................................................... 87

IV.    Remedies ................................................................................................... 88

## I.    Infringement

1.    Whether Cipla's and Aurobindo's ANDA Products comprise a dose counter for an inhaler.

2.    Whether Teva's allegations that Cipla's and Aurobindo's ANDA Products infringe the Asserted Claims under the doctrine of equivalents would ensnare the '406 Publication.

3.    Whether Teva's allegations that Cipla's and Aurobindo's ANDA Products infringe the Asserted Claims under the doctrine of equivalents would ensnare the third embodiment of the '406 Publication.

4.    Whether Cipla's and Aurobindo's ANDA Products are materially identical to the third embodiment of the '406 Publication.

5.    Whether the '406 Publication describes the inhaler bodies of Cipla's and Aurobindo's ANDA Products.

### A.    '289 Patent

6.    Whether Cipla's and Aurobindo's ANDA Products infringe claim 1 of the '289 Patent.

7.    With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Product comprise an inhaler for metered dose inhalation or an equivalent.

8.    With respect to claim 1 of the '289 Patent, whether the inhaler of Cipla's and Aurobindo's ANDA Products comprise a main body having a canister housing or an equivalent.

9.    With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise a "medicament canister, which is movable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister" or an equivalent.

10.    With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister" or an equivalent.

11.    With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall" or an equivalent.

12.    With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port" or an equivalent.

13.     With respect to claim 1 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler in which "the inner wall canister support formation, the actuation member, and the central outlet port l[ie] in a common plane coincident with the longitudinal axis X" or an equivalent.

14.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 2 of the '289 Patent.

15.     With respect to claim 2 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 1 wherein the medicament canister is movable relative to the dose counter" or an equivalent.

16.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 3 of the '289 Patent.

17.     With respect to claim 3 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 1 further comprising an aperture formed in the inner wall through which the portion of the actuation member extends" or an equivalent.

18.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 4 of the '289 Patent.

19.     With respect to claim 4 of the '289 Patent, whether Cipla's and Aurobindo's Products comprise an "inhaler as claimed in claim 1, wherein the first inner wall canister support formation comprises a support rail which extends longitudinally along an inside surface of the main body" or an equivalent.

20.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 5 of the '289 Patent.

21.     With respect to claim 5 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4, wherein the support rail includes a step formed thereon" or an equivalent.

22.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 6 of the '289 Patent.

23.     With respect to claim 6 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4 further comprising a plurality of support rails each of which extends longitudinally along an inside surface of the main body" or an equivalent.

24.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 7 of the '289 Patent.

25.     With respect to claim 7 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 6, wherein two of the plurality of

support rails are positioned at opposite ends of the inside surface of the main body to face each other" or an equivalent.

26.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 8 of the '289 Patent.

27.     With respect to claim 8 of the '289 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4, wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body" or an equivalent.

**B.     '587 Patent**

28.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 1 of the '587 Patent.

29.     With respect to claim 1 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler for metered dose inhalation or an equivalent.

30.     With respect to claim 1 of the '587 Patent, whether the inhaler of Cipla's and Aurobindo's ANDA Products comprise a main body having a canister housing, or an equivalent.

31.     With respect to claim 1 of the '587 Patent, whether the inhaler of Cipla's and Aurobindo's ANDA Products comprises "a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister" or an equivalent.

32.     With respect to claim 1 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister" or an equivalent.

33.     With respect to claim 1 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall" or an equivalent.

34.     With respect to claim 1 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port" or an equivalent.

35.     With respect to claim 1 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler in which "the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler" or an equivalent.

36.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 2 of the '587 Patent.

37.     With respect to claim 2 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 1 wherein the medicament canister is movable relative to the dose counter" or an equivalent.

38.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 3 of the '587 Patent.

39.     With respect to claim 3 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 1 further comprising an aperture formed in the inner wall through which the portion of the actuation member extends" or an equivalent.

40.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 4 of the '587 Patent.

41.     With respect to claim 4 of the '587 Patent, whether Cipla's and Aurobindo's Products comprise an "inhaler as claimed in claim 1, wherein the first inner wall canister support formation comprises a support rail which extends longitudinally along an inside surface of the main body" or an equivalent.

42.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 5 of the '587 Patent.

43.     With respect to claim 5 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4, wherein the support rail includes a step formed thereon" or an equivalent.

44.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 6 of the '587 Patent.

45.     With respect to claim 6 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4 further comprising a plurality of support rails each of which extends longitudinally along an inside surface of the main body" or an equivalent.

46.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 7 of the '587 Patent.

47.     With respect to claim 7 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 6, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other" or an equivalent.

48.     Whether Cipla's and Aurobindo's ANDA Products infringe claim 8 of the '587 Patent.

49.    With respect to claim 8 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an "inhaler as claimed in claim 4, wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body" or an equivalent.

50.    Whether Cipla's and Aurobindo's ANDA Products infringe every limitation of claim 12 of the '587 Patent.

51.    With respect to claim 12 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler for metered dose inhalation or an equivalent.

52.    With respect to claim 12 of the '587 Patent, whether the inhaler of Cipla's and Aurobindo's ANDA Products comprise a main body having a canister housing or an equivalent.

53.    With respect to claim 12 of the '587 Patent, whether the inhaler of Cipla's and Aurobindo's ANDA Products comprise "a medicament canister which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister" or an equivalent.

54.    With respect to claim 12 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister" or an equivalent.

55.    With respect to claim 12 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall" or an equivalent.

56.    With respect to claim 12 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port" or an equivalent.

57.    With respect to claim 12 of the '587 Patent, whether Cipla's and Aurobindo's ANDA Products comprise an inhaler "wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member" or an equivalent.

## C.    156 Patent

The '156 Patent has been dismissed from the case as to Aurobindo.  As to Cipla, the parties are briefing the issue of whether the Court maintains jurisdiction over claims relating to the '156 Patent.  Teva maintains that the Court lacks jurisdiction.  To the extent Cipla is permitted to set forth proof that their ANDA Products do not fall within the scope of the claims

of the '156 patent or that any claims of the '156 patent are invalid, Teva reserves the right to respond, consistent with the statement of contested facts Teva provided at D.I. 157-1, Ex. A.

**D.    '808 Patent**

58.    Whether Cipla's and Aurobindo's ANDA Products infringe claim 1 of the '808 Patent.

59.    With respect to claim 1 of the '808 Patent, whether Cipla's and Aurobindo's ANDA Products comprise a dose counter for an inhaler or an equivalent.

60.    With respect to claim 1 of the '808 Patent, whether Cipla's and Aurobindo's ANDA Products comprise a "dose counter having a counter display arranged to indicate dosage information" or an equivalent.

61.    With respect to claim 1 of the '808 Patent, whether the dose counter of Cipla's and Aurobindo's ANDA Products comprises "a drive system arranged to move the counter display incrementally in a first direction from a first station to second station in response to actuation input" or an equivalent.

62.    With respect to claim 1 of the '808 Patent, whether Cipla's and Aurobindo's ANDA Products comprise a dose counter "wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements" or an equivalent.

63.    Whether Cipla's and Aurobindo's ANDA Products infringe claim 27 of the '808 Patent.

64.    With respect to claim 27 of the '808 Patent, whether Cipla's and Aurobindo's ANDA Product comprise "[t]he dose counter in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display" or an equivalent.

65.    Whether Cipla's and Aurobindo's ANDA Products infringe claim 28 of the '808 Patent.

66.    With respect to claim 28 of the '808 Patent, whether Cipla's and Aurobindo's ANDA Product comprise "[t]he dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N" or an equivalent.

**II.    Validity**

**A.    Background**

67.    Whether the inventions of each of the Asserted Claims was conceived of and reduced to practice no later than November 5, 2009.

68.    Whether, in the alternative, each of the Asserted Claims is entitled to a priority date of no later than December 2, 2009; in a further alternative, March 16, 2010; and in a further alternative, May 18, 2010.

69.    Whether any prior art reference asserted by Defendants anticipates any of the Asserted Claims.

70.    Whether any prior art reference asserted by Defendants discloses every limitation of any of the Asserted Claims as arranged in the claim.

71.    Whether any prior art reference asserted by Defendants discloses any limitation of any of the Asserted Claims.

72.    Whether, from among the sea of prior art, the POSA would have selected any reference relied upon by Defendants for modification.

73.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of any prior art reference asserted by Defendants for modification.

74.    Whether the POSA would have found it obvious to modify an embodiment of any prior art reference asserted by Defendants to include any limitation of any of the Asserted Claims.

75.    Whether the POSA would have been motivated or had reason to modify an embodiment of any prior art reference asserted by Defendants to include any limitation of any of the Asserted Claims.

76.    Whether the POSA reasonably would have expected success in modifying an embodiment of any prior art reference asserted by Defendants to include any limitation of any of the Asserted Claims.

77.    Whether there are differences between Defendants' ANDA Products and any embodiment of a dose counter/inhaler body combination described in the '406 publication.

78.    Whether, as of the priority date, given the availability of prior art references and marketed products that lacked support ribs and rails in metered dose inhaler ("MDI") canister housings, the POSA would have understood the selection of an MDI canister housing that lacked such ribs or rails to be "a departure from known practice, and less likely to result in a successful product."

79.    Whether, as of the priority date, the POSA would have been motivated or had reason to select an inhaler body with support ribs and rails for combination with a dose counter disclosed in a different inhaler body lacking such ribs or rails.

80.    Whether, as of the priority date, the POSA would have been motivated or had reason to pursue a dose counter for an MDI rather than, for example, a dose indicator.

81.     Whether the references Defendants rely upon accurately reflect the POSA's understanding of the field as of the priority date.

82.     Whether the references Teva relies upon accurately reflect the POSA's understanding of the field as of the priority date.

83.     Whether the references Teva relies upon accurately reflect the POSA's understanding as of the priority date.

84.     Whether the references Defendants rely upon accurately reflect the POSA's understanding as of the priority date.

85.     Whether the POSA for the Asserted Patents would have had access to an individual with a medical degree and experience in treating patients with inhalation aerosol devices.

86.     Whether the prior art teaches away from the invention of any Asserted Claim.

87.     Whether the prior art would have led the POSA in a direction divergent from the path leading to the invention of any Asserted Claim.

88.     Whether the prior art teaches away from the selection of an embodiment of the '406 Publication for modification or combination.

89.     Whether the prior art teaches away from the selection of an embodiment of the '514 Publication for modification or combination.

90.     Whether the prior art teaches away from the selection of an embodiment of the '021 Publication for modification or combination.

91.     Whether the prior art teaches away from the selection of an embodiment of the '950 Publication for modification or combination.

92.     Whether the prior art teaches away from the selection of an embodiment of the '552 Publication for modification or combination.

93.     Whether the prior art would have led the POSA in a direction divergent from the '406 Publication.

94.     Whether the prior art would have led the POSA in a direction divergent from the '514 Publication.

95.     Whether the prior art would have led the POSA in a direction divergent from the '021 Publication.

96.     Whether the prior art would have led the POSA in a direction divergent from the '552 Publication.

97.    Whether the prior art would have led the POSA in a direction divergent from the '950 Publication.

98.    Whether the prior art teaches away from combining disclosures of the '406 Publication with disclosures of the '514 Publication.

99.    Whether the prior art would have led the POSA in a direction divergent from a combination of disclosures of the '406 Publication with the '514 Publication.

100.    Whether the prior art teaches away from combining disclosures of the '021 Publication with disclosures of the '514 Publication.

101.    Whether the prior art would have led the POSA in a direction divergent from a combination of disclosures of the '021 Publication with the '514 Publication.

**B.    '289 Patent**

**1.    Alleged Anticipation by '406 Publication**

**a.    Claim 1**

102.    Whether the '406 Publication anticipates claim 1 of the '289 patent.

103.    Whether any embodiment of the '406 Publication discloses every limitation of claim 1 of the '289 patent as arranged in the claim.

104.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 1 of the '289 patent as arranged in the claim.

105.    Whether the third embodiment of the '406 Publication discloses an inhaler for metered dose inhalation.

106.    Whether the third embodiment of the '406 Publication discloses a main body having a canister housing.

107.    Whether the third embodiment of the '406 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

108.    Whether the third embodiment of the '406 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

109.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

110.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

111.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

### b.    Claim 2

112.    Whether the '406 Publication anticipates claim 2 of the '289 patent.

113.    Whether any embodiment of the '406 Publication discloses every limitation of claim 2 of the '289 patent as arranged in the claim.

114.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 2 of the '289 patent as arranged in the claim.

115.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

116.    Whether the '406 Publication anticipates claim 3 of the '289 patent.

117.    Whether any embodiment of the '406 Publication discloses every limitation of claim 3 of the '289 patent as arranged in the claim.

118.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 3 of the '289 patent as arranged in the claim.

119.    Whether the third embodiment of the '406 Publication discloses an inhaler comprising an aperture formed in the inner wall through which the portion of the actuation member extends.

### 2.    Alleged Anticipation by the '514 Publication

### a.    Claim 1

120.    Whether the '514 Publication anticipates claim 1 of the '289 patent.

121.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 1 of the '289 patent as arranged in the claim.

122.    Whether an embodiment of the '514 Publication discloses a main body having a canister housing.

123.    Whether the same embodiment of the '514 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

124.    Whether the same embodiment of the '514 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

125.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

126.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

127.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

### b.    Claim 4

128.    Whether the '514 Publication anticipates claim 4 of the '289 patent.

129.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 4 of the '289 patent as arranged in the claim.

130.    Whether an embodiment of the '514 Publication that discloses every element of claim 1 of the '289 patent also discloses an inhaler wherein the first inner wall canister support formation comprises a support rail which extends longitudinally along an inside surface of the main body.

### c.    Claim 5

131.    Whether the '514 Publication anticipates claim 5 of the '289 patent.

132.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 5 of the '289 patent as arranged in the claim.

133.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '289 patent also discloses an inhaler wherein the support rail includes a step formed thereon.

### d.    Claim 6

134.    Whether the '514 Publication anticipates claim 6 of the '289 patent.

14

135.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 6 of the '289 patent as arranged in the claim.

136.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '289 patent also discloses an inhaler further comprising a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### e.    Claim 7

137.    Whether the '514 Publication anticipates claim 7 of the '289 patent.

138.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 7 of the '289 patent as arranged in the claim.

139.    Whether an embodiment of the '514 Publication that discloses every element of claim 6 of the '289 patent also discloses an inhaler wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### f.    Claim 8

140.    Whether the '514 Publication anticipates claim 8 of the '289 patent.

141.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 8 of the '289 patent as arranged in the claim.

142.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '289 patent also discloses an inhaler wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### 3.    Alleged Obviousness Over the '406 Publication in View of the Knowledge of the POSA and/or the '514 Publication[1]

### a.    Claim 1

143.    Teva incorporates by reference the contested facts set forth in Sections II.B.1.a and II.B.2.a as though set forth herein.

---

[1] Plaintiffs' statements of contested fact respond to Defendants' pretrial disclosures, which appear to conflate various obviousness theories set forth in their expert reports and contain vague references to the "knowledge of the POSA."  In including these statements, Plaintiffs in no way concede that Defendants' statements are proper and reserve the right to seek to preclude Defendants from advancing improper theories, in a motion in limine, at trial, or as otherwise appropriate.

144.    Whether claim 1 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

145.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '406 Publication for modification or combination.

146.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

147.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

148.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

149.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

150.    Whether the POSA would have been motivated or had reason as of the priority date to modify disclosures of the '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

151.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify disclosures of the '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

152.    Whether claim 1 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

153.    Whether, from among the sea of prior art, the POSA would have selected the '406 Publication and '514 Publication for modification and combination.

154.    Whether the prior art teaches away from combining disclosures of the '406 Publication with disclosures of the '514 Publication.

155.    Whether the prior art would have led the POSA in a direction divergent from a combination of disclosures of the '406 Publication with the '514 Publication.

156.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler

including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

157.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

158.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation.

159.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

160.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

161.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

### b.    Claim 2

162.    Teva incorporates by reference the contested facts set forth in Sections II.B.1.b and II.B.3.a as though set forth herein.

163.    Whether claim 2 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

164.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

165.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

166.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

167.    Whether claim 2 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

168.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

169.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

170.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

171.    Teva incorporates by reference the contested facts set forth in Sections  II.B.1.c and II.B.3.a as though set forth herein.

172.    Whether claim 3 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

173.    Whether claim 3 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

174.    Whether the '514 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

175.    Whether the '514 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

176.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

177.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

178.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler

of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

179.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

180.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

181.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

### d.    Claim 4

182.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.b and II.B.3.a as though set forth herein.

183.    Whether claim 4 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

184.    Whether claim 4 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

185.    Whether the '406 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

186.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

187.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

188.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

189.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

190.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

191.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

### e.    Claim 5

192.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.c and II.B.3.d as though set forth herein.

193.    Whether claim 5 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

194.    Whether claim 5 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

195.    Whether the '406 Publication discloses a support rail including a step formed thereon.

196.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

197.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

198.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

199.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

200.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

201.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

### f.    Claim 6

202.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.d and II.B.3.d as though set forth herein.

203.    Whether claim 6 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

204.    Whether claim 6 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

205.    Whether the '406 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

206.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

207.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

208.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

209.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

210.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

211.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

g.      **Claim 7**

212.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.e and II.B.3.f as though set forth herein.

213.    Whether claim 7 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

214.    Whether claim 7 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

215.    Whether the '406 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

216.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

217.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

218.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

219.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

220.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

221.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

h.      **Claim 8**

222.    Teva incorporates by reference the contested facts set forth in Sections  II.B.2.f and II.B.3.d as though set forth herein.

223.    Whether claim 8 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

224.    Whether claim 8 of the '289 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

225.    Whether the '406 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

226.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

227.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

228.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

229.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

230.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

231.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### 4.    Alleged Obviousness Over the '021 Publication in View of the Knowledge of the POSA and/or the '514 Publication

#### a.    Claim 1

232.    Teva incorporates by reference the contested facts set forth in Section II.B.2.a as though set forth herein.

233.    Whether claim 1 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

234.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '021 Publication for modification.

235.    Whether the prior art teaches away from the selection of an embodiment of the '021 Publication for further modification or combination.

236.    Whether the '021 Publication discloses an inhaler for metered dose inhalation.

237.    Whether the '021 Publication discloses a main body having a canister housing.

238.    Whether the '021 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

239.    Whether the '021 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

240.    Whether the '021 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

241.    Whether the '021 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

242.    Whether the '021 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

243.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

244.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

245.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

246.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

247.    Whether the POSA would have been motivated or had reason as of the priority date to modify disclosures of the '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

248.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify disclosures of the '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

249.    Whether claim 1 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

250.    Whether, from among the sea of prior art, the POSA would have selected the '021 Publication and '514 Publication for modification and combination.

251.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

252.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

253.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation.

254.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

255.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

256.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

25

### b.    Claim 2

257.    Teva incorporates by reference the contested facts set forth in Section II.B.4.a as though set forth herein.

258.    Whether claim 2 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

259.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

260.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

261.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

262.    Whether claim 2 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

263.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

264.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

265.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

266.    Teva incorporates by reference the contested facts set forth in Section II.B.4.a as though set forth herein.

267.    Whether claim 3 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

268.    Whether claim 3 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

269.    Whether the '021 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

270.    Whether the '021 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

271.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

272.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

273.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

274.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

275.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

276.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

**d.    Claim 4**

277.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.b and II.B.4.a as though set forth herein.

278.    Whether claim 4 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

279.    Whether claim 4 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

280.    Whether the '021 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

281.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

282.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

283.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

284.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

285.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

286.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

### e.    Claim 5

287.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.c and II.B.4.d as though set forth herein.

288.    Whether claim 5 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

289.    Whether claim 5 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

290.    Whether the '021 Publication discloses a support rail including a step formed thereon.

291. Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

292. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

293. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

294. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

295. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

296. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

### f.    Claim 6

297. Teva incorporates by reference the contested facts set forth in Sections II.B.2.d and II.B.4.d as though set forth herein.

298. Whether claim 6 of the '289 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

299. Whether claim 6 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

300. Whether the '021 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

301. Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

302. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

29

303. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

304. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

305. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

306. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### g.    Claim 7

307. Teva incorporates by reference the contested facts set forth in Sections II.B.2.e and II.B.4.fas though set forth herein.

308. Whether claim 7 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

309. Whether claim 7 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

310. Whether the '021 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

311. Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

312. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

313. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

314.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

315.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

316.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### h.    Claim 8

317.    Teva incorporates by reference the contested facts set forth in Sections II.B.2.f and II.B.4.d as though set forth herein.

318.    Whether claim 8 of the '289 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

319.    Whether claim 8 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

320.    Whether the '021 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

321.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

322.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

323.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

324.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

325.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

326.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

**C.    '587 Patent**

**1.    Alleged Anticipation by the '406 Publication**

**a.    Claim 1**

327.    Whether the '406 Publication anticipates claim 1 of the '587 patent.

328.    Whether any embodiment of the '406 Publication discloses every limitation of claim 1 of the '587 patent as arranged in the claim.

329.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 1 of the '587 patent as arranged in the claim.

330.    Whether the third embodiment of the '406 Publication discloses an inhaler for metered dose inhalation.

331.    Whether the third embodiment of the '406 Publication discloses a main body having a canister housing.

332.    Whether the third embodiment of the '406 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

333.    Whether the third embodiment of the '406 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

334.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

335.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

336.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

337.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the first inner wall canister support formation is arranged such that it protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

### b.    Claim 2

338.    Whether the '406 Publication anticipates claim 2 of the '587 patent.

339.    Whether any embodiment of the '406 Publication discloses every limitation of claim 2 of the '587 patent as arranged in the claim.

340.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 2 of the '289 patent as arranged in the claim.

341.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

342.    Whether the '406 Publication anticipates claim 3 of the '587 patent.

343.    Whether any embodiment of the '406 Publication discloses every limitation of claim 3 of the '587 patent as arranged in the claim.

344.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 3 of the '289 patent as arranged in the claim.

345.    Whether the third embodiment of the '406 Publication discloses an inhaler comprising an aperture formed in the inner wall through which the portion of the actuation member extends.

### d.    Claim 12

346.    Whether the '406 Publication anticipates claim 12 of the '587 patent.

347.    Whether any embodiment of the '406 Publication discloses every limitation of claim 12 of the '587 patent as arranged in the claim.

348.    Whether the third embodiment of the '406 Publication discloses every limitation of claim 12 of the '289 patent as arranged in the claim.

349.    Whether the third embodiment of the '406 Publication discloses an inhaler for metered dose inhalation. Whether the third embodiment of the '406 Publication discloses a main body having a canister housing.

350.    Whether the third embodiment of the '406 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

351.    Whether the third embodiment of the '406 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

352.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

353.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

354.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

355.    Whether the third embodiment of the '406 Publication discloses an inhaler wherein the first inner wall canister support formation is arranged such that it protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

### 2.    Alleged Anticipation by the '514 Publication

#### a.    Claim 1

356.    Whether the '514 Publication anticipates claim 1 of the '587 patent.

357.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 1 of the '587 patent as arranged in the claim.

358.    Whether an embodiment of the '514 Publication discloses a main body having a canister housing. Whether the same embodiment of the '514 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

359.    Whether the same embodiment of the '514 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

360.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

34

361.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

362.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

363.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the first inner wall canister support formation is arranged such that it protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

**b.    Claim 4**

364.    Whether the '514 Publication anticipates claim 4 of the '587 patent.

365.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 4 of the '587 patent as arranged in the claim.

366.    Whether an embodiment of the '514 Publication that discloses every element of claim 1 of the '587 patent also discloses an inhaler wherein the first inner wall canister support formation comprises a support rail which extends longitudinally along an inside surface of the main body.

**c.    Claim 5**

367.    Whether the '514 Publication anticipates claim 5 of the '587 patent.

368.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 5 of the '587 patent as arranged in the claim.

369.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '587 patent also discloses an inhaler wherein the support rail includes a step formed thereon.

**d.    Claim 6**

370.    Whether the '514 Publication anticipates claim 6 of the '587 patent.

371.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 6 of the '587 patent as arranged in the claim.

372.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '289 patent also discloses an inhaler further comprising a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

**e.    Claim 7**

35

373.    Whether the '514 Publication anticipates claim 7 of the '587 patent.

374.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 7 of the '587 patent as arranged in the claim.

375.    Whether an embodiment of the '514 Publication that discloses every element of claim 6 of the '587 patent also discloses an inhaler wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### f.    Claim 8

376.    Whether the '514 Publication anticipates claim 8 of the '587 patent.

377.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 8 of the '587 patent as arranged in the claim.

378.    Whether an embodiment of the '514 Publication that discloses every element of claim 4 of the '587 patent also discloses an inhaler wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### g.    Claim 11

379.    Whether the '514 Publication anticipates claim 11 of the '587 patent.

380.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 11 of the '587 patent as arranged in the claim.

381.    Whether an embodiment of the '514 Publication that discloses every element of claim 1 of the '587 patent also discloses an inhaler further comprising a second inner wall canister support formation.

382.    Whether an embodiment of the '514 Publication that discloses every element of claim 1 of the '587 patent also discloses an inhaler wherein the second inner wall canister support formation, the first inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

### h.    Claim 12

383.    Whether the '514 Publication anticipates claim 12 of the '587 patent.

384.    Whether any single embodiment of the '514 Publication discloses every limitation of claim 12 of the '587 patent as arranged in the claim.

385.    Whether an embodiment of the '514 Publication discloses a main body having a canister housing.

386.    Whether the same embodiment of the '514 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

387.    Whether the same embodiment of the '514 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

388.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

389.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

390.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X.

391.    Whether the same embodiment of the '514 Publication discloses an inhaler wherein the first inner wall canister support formation is arranged such that it protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

### 3.    Alleged Obviousness Over the '406 Publication In View of the Knowledge of the POSA and/or the '514 Publication

#### a.    Claim 1

392.    Teva incorporates by reference the facts alleged in Sections II.C.1.a and II.C.2.a as though set forth herein.

393.    Whether claim 1 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

394.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '406 Publication for modification.

395.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

396.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

397.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

398.    Whether the POSA would have been motivated or had reason as of the priority date to modify disclosures of the'406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

399.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify disclosures of the '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

400.    Whether claim 1 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

401.    Whether, from among the sea of prior art, the POSA would have selected the '406 Publication and '514 Publication for modification and combination.

402.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

403.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

404.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation.

405.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protected against unwanted actuation of

38

the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

406.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

407.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

b.    Claim 2

408.    Teva incorporates by reference the contested facts set forth in Sections II.C.1.b and II.C.3.a as though set forth herein.

409.    Whether claim 2 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

410.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

411.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

412.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

413.    Whether claim 2 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

414.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

415.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

416.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

417.    Teva incorporates by reference the contested facts set forth in Sections II.C.1.c and II.C.3.a as though set forth herein.

418.    Whether claim 3 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

419.    Whether claim 3 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

420.    Whether the '514 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

421.    Whether the '514 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

422.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

423.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

424.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

425.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

426.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

427.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

### d.    Claim 4

428.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.b and II.C.3.a as though set forth herein.

429.    Whether claim 4 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

430.    Whether claim 4 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

431.    Whether the '406 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

432.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

433.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

434.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

435.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

436.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

437.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

### e.    Claim 5

438.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.c and II.C.3.d as though set forth herein.

439.    Whether claim 5 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

440.    Whether claim 5 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

441.    Whether the '406 Publication discloses a support rail including a step formed thereon.

442.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

443.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

444.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

445.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

446.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

447.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

### f.    Claim 6

448.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.d and II.C.3.d as though set forth herein.

449.    Whether claim 6 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

450.    Whether claim 6 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

451.    Whether the '406 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

452.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

453.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

454.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

455.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

456.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

457.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### g.    Claim 7

458.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.e and II.C.3.f as though set forth herein.

459.    Whether claim 7 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

460.    Whether claim 7 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

461.    Whether the '406 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

462.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

463.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

464.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

465.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

466.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

467.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### h.    Claim 8

468.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.f and II.C.3.d as though set forth herein.

469.    Whether claim 8 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

470.    Whether claim 8 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

471.    Whether the '406 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

472.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

473.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

474.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

475.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

476.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

477.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

i.    **Claim 11**

478.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.g II.C.3.a as though set forth herein.

479.    Whether claim 11 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

480.    Whether claim 11 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

481.    Whether the '406 Publication discloses an inhaler comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

45

482.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

483.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

484.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

485.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

486.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

487.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

### j.    Claim 12

488.    Teva incorporates by reference the facts alleged in Section II.C.2.h as though set forth herein.

489.    Whether claim 12 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

490.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '406 Publication for modification.

491. Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

492. Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

493. Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

494. Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

495. Whether the POSA would have been motivated or had reason as of the priority date to modify disclosures of the '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

496. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify disclosures of the '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X and such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

497. Whether claim 12 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

498. Whether, from among the sea of prior art, the POSA would have selected the '406 Publication and '514 Publication for modification and combination.

499. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

500. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler

including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

501.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation.

502.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

503.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

504.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

### k.    Claim 13

505.    Whether claim 13 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

506.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '406 Publication for modification.

507.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

508.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

509.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

510.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

511.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

512.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

513.    Whether claim 13 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

514.    Whether, from among the sea of prior art, the POSA would have selected the '406 Publication and '514 Publication for modification and combination.

515.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

516.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

517.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler including an inner wall canister support formation.

518.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

519.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion

of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

520.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '406 Publication to arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

### l.    Claim 14

521.    Teva incorporates by reference the contested facts set forth in Section II.C.3.k as though set forth herein.

522.    Whether claim 14 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

523.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

524.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

525.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

526.    Whether claim 14 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication.

527.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

528.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

## m.    Claim 15

529.    Teva incorporates by reference the contested facts set forth in Section II.C.3.k as though set forth herein.

530.    Whether claim 15 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

531.    Whether claim 15 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

532.    Whether the '406 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

533.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

534.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

535.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

536.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

537.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

538.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

## n.    Claim 16

539.    Teva incorporates by reference the contested facts set forth in Section II.C.3.m as though set forth herein.

540.    Whether claim 16 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

541.    Whether claim 16 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

542.    Whether the '406 Publication discloses a support rail including a step formed thereon.

543.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

544.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

545.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

546.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

547.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

548.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

o.    **Claim 17**

549.    Teva incorporates by reference the contested facts set forth in Section II.C.3.m as though set forth herein.

550.    Whether claim 17 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

551.    Whether claim 17 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

552.    Whether the '406 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

553.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

554.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

555.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

556.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

557.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

558.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### p.    Claim 18

559.    Teva incorporates by reference the contested facts set forth in Section II.C.3.o as though set forth herein.

560.    Whether claim 18 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

561.    Whether claim 18 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

562.    Whether the '406 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

563.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

564.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

565.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

566.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

567.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

568.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### q.    Claim 19

569.    Teva incorporates by reference the contested facts set forth in Section II.C.3.m as though set forth herein.

570.    Whether claim 19 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

571.    Whether claim 19 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

572.    Whether the '406 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

573.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

574.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

575.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

576.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

577.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

578.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

**r.    Claim 20**

579.    Teva incorporates by reference the contested facts set forth in Section II.C.3.m as though set forth herein.

580.    Whether claim 20 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

581.    Whether claim 20 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

582.    Whether the '406 Publication discloses an inhaler wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

583.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

584.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

585.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler

of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

586.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

587.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

588.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

s.    Claim 21

589.    Teva incorporates by reference the contested facts set forth in Section II.C.3.k as though set forth herein.

590.    Whether claim 21 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

591.    Whether claim 21 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

592.    Whether the '406 Publication discloses an inhaler wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

593.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

594.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie

in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

595.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

596.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

597.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

598.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

### t.    Claim 22

599.    Teva incorporates by reference the contested facts set forth in Section II.C.3.s as though set forth herein.

600.    Whether claim 22 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

601.    Whether claim 22 of the '587 Patent would have been obvious to the POSA over the combination of the '406 Publication and the '514 Publication as of the priority date.

602.    Whether the '406 Publication discloses an inhaler comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

603.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

604.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

605.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '406 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

606.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

607.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

608.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '406 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

### 4.    Alleged Obviousness Over the '021 Publication In View of the Knowledge of the POSA and/or the '514 Publication

#### a.    Claim 1

609.    Teva incorporates by reference the facts alleged in Section II.C.2.a as though set forth herein.

610.    Whether claim 1 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

611.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '021 Publication for modification.

612.    Whether the '021 Publication discloses an inhaler for metered dose inhalation.

613.    Whether the '021 Publication discloses a main body having a canister housing.

614.    Whether the '021 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

615.    Whether the '021 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

616.    Whether the '021 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

617.    Whether the '021 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

618.    Whether the '021 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

619.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

620.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

621.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

622.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister

support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

623. Whether the POSA would have been motivated or had reason as of the priority date to modify disclosures of the'021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

624. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify disclosures of the '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protected against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

625. Whether claim 1 of the '289 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

626. Whether, from among the sea of prior art, the POSA would have selected the '021 Publication and '514 Publication for modification and combination.

627. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

628. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

629. Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation.

630. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

631.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

632.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

### b.    Claim 2

633.    Teva incorporates by reference the contested facts set forth in Section II.C.4.a as though set forth herein.

634.    Whether claim 2 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

635.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

636.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

637.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

638.    Whether claim 2 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

639.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

640.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

641.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the medicament canister is moveable relative to the dose counter.

### c.    Claim 3

642.    Teva incorporates by reference the contested facts set forth in Section  II.C.4.a as though set forth herein.

643.    Whether claim 3 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

644.    Whether claim 3 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

645.    Whether the '021 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

646.    Whether the '021 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

647.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

648.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

649.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

650.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '406 Publication with disclosures of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

651.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '406 Publication with disclosures of the '021 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

652.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inhaler comprises an aperture formed in the inner wall through which the portion of the actuation member extends.

### d.    Claim 4

653.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.b and II.C.4.a as though set forth herein.

654.    Whether claim 4 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

655.    Whether claim 4 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

656.    Whether the '021 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

657.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

658.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

659.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

660.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

661.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

662.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

### e.    Claim 5

663.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.c and II.C.4.d as though set forth herein.

664.    Whether claim 5 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

665.    Whether claim 5 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

666.    Whether the '021 Publication discloses a support rail including a step formed thereon.

667.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

668.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

669.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

670.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

671.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

672.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 in which the support rail includes a step formed thereon.

### f.    Claim 6

673.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.d and II.C.4.d as though set forth herein.

674.    Whether claim 6 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

675.    Whether claim 6 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

676.    Whether the '021 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

677.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

678.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

679.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

680.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

681.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

682.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### g.    Claim 7

683.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.e and II.C.4.f as though set forth herein.

684.    Whether claim 7 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

685.    Whether claim 7 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

686.    Whether the '021 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

687.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

688.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

689.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

690.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

691.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

692.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 6 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### h.    Claim 8

693.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.f and II.C.4.d as though set forth herein.

694.    Whether claim 8 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

695.    Whether claim 8 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

696.    Whether the '021 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

697.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

698.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

699.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

700.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

701.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

702.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 4 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### i.    Claim 11

703.    Teva incorporates by reference the contested facts set forth in Sections II.C.2.g and II.C.4.a as though set forth herein.

704.    Whether claim 11 of the '587 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

705.    Whether claim 11 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

706.    Whether the '021 Publication discloses an inhaler comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

707.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

708.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

709.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

710.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

711.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

712.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 1 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the actuation member and the central outlet port lie in a common plane coincident with longitudinal axis X.

### j.    Claim 12

713.    Teva incorporates by reference the facts alleged in Section II.C.2.h as though set forth herein.

714.    Whether claim 12 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

715.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '021 Publication for modification.

716.    Whether the '021 Publication discloses an inhaler for metered dose inhalation.

717.    Whether the '021 Publication discloses a main body having a canister housing.

718.    Whether the '021 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

719.    Whether the '021 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

720.    Whether the '021 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

721.    Whether the '021 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

722.    Whether the '021 Publication discloses an inhaler wherein the inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

723.    Whether the POSA would have found it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

724.    Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

725.    Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

726.    Whether claim 13 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

727.    Whether, from among the sea of prior art, the POSA would have selected the '021 Publication and '514 Publication for modification and combination.

728.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

729.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler

69

including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

730.    Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation.

731.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

732.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to position an inner wall canister support formation such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

733.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X such that the first inner wall canister support formation protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member.

### k.    Claim 13

734.    Whether claim 13 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

735.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '021 Publication for modification.

736.    Whether the '021 Publication discloses an inhaler for metered dose inhalation.

737.    Whether the '021 Publication discloses a main body having a canister housing.

738.    Whether the '021 Publication discloses a medicament canister, which is moveable relative to the canister housing and retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

739.     Whether the '021 Publication discloses a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

740.     Whether the '021 Publication discloses an inhaler wherein the canister housing has an inner wall, and a first inner wall canister support formation extending inwardly from a main surface of the inner wall.

741.     Whether the '021 Publication discloses an inhaler wherein the canister housing has a longitudinal axis X which passes through the center of the central outlet port.

742.     Whether the '021 Publication discloses an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

743.     Whether the POSA would have found it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

744.     Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

745.     Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

746.     Whether the POSA would have found it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

747.     Whether the POSA would have been motivated or had reason to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

748.     Whether the POSA reasonably would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation that extends from the main surface of the inner wall to the aperture through which the portion of the actuation member extends.

749.     Whether claim 13 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

750.     Whether, from among the sea of prior art, the POSA would have selected the '021 Publication and '514 Publication for modification and combination.

71

751. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

752. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

753. Whether the POSA would have reasonably expected success as priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler including an inner wall canister support formation.

754. Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

755. Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '514 Publication and '021 Publication to arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

756. Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '514 Publication and '021 Publication to at arrive at an inhaler wherein the canister housing has an aperture formed in the inner wall through which the portion of the actuation member extends, and wherein the first inner wall canister support formation extends from the main surface of the inner wall to the aperture.

### l.    Claim 14

757. Teva incorporates by reference the contested facts set forth in Section II.C.4.k as though set forth herein.

758. Whether claim 14 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

759. Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

760. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

761.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '021 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

762.    Whether claim 14 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication.

763.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

764.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the medicament canister is moveable relative to the dose counter.

### m.    Claim 15

765.    Teva incorporates by reference the contested facts set forth in Section II.C.4.k as though set forth herein.

766.    Whether claim 15 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

767.    Whether claim 15 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

768.    Whether the '021 Publication discloses an inner wall canister support formation that is a support rail that extends longitudinally along the inside surface of the main body.

769.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

770.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

771.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler

of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

772.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

773.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

774.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 in which the inner wall canister support formation is a support rail that extends longitudinally along the inside surface of the main body.

### n.    Claim 16

775.    Teva incorporates by reference the contested facts set forth in Section II.C.4.m as though set forth herein.

776.    Whether claim 16 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

777.    Whether claim 16 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

778.    Whether the '021 Publication discloses a support rail including a step formed thereon.

779.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

780.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

781.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

782.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

783.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

784.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 in which the support rail includes a step formed thereon.

### o.    Claim 17

785.    Teva incorporates by reference the contested facts set forth in Section II.C.4.m as though set forth herein.

786.    Whether claim 17 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

787.    Whether claim 17 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

788.    Whether the '021 Publication discloses a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

789.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

790.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

791.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

792.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

793.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

794.     Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 and include a plurality of support rails each of which extends longitudinally along an inside surface of the main body.

### p.    Claim 18

795.     Teva incorporates by reference the contested facts set forth in Section II.C.4.o as though set forth herein.

796.     Whether claim 18 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

797.     Whether claim 18 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

798.     Whether the '021 Publication discloses a plurality of support rails, two of which are positioned at opposite ends of the inside surface of the main body to face each other.

799.     Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

800.     Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

801.     Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

802.     Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

803.     Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

804.     Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 17 wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### q.    Claim 19

805.    Teva incorporates by reference the contested facts set forth in Section II.C.4.m as though set forth herein.

806.    Whether claim 19 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

807.    Whether claim 19 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

808.    Whether the '021 Publication discloses a support rail including two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

809.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

810.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

811.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

812.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

813.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

814.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein the support rail includes two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### r.    Claim 20

815.    Teva incorporates by reference the contested facts set forth in Section II.C.4.m as though set forth herein.

816.    Whether claim 20 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

817.    Whether claim 20 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

818.    Whether the '021 Publication discloses an inhaler wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

819.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

820.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

821.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

822.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

823.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

824.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 15 wherein a width dimension of the support rail is not constant, and the width dimension is greatest at the location where the support rail is closest to the aperture.

s.    **Claim 21**

78

825.    Teva incorporates by reference the contested facts set forth in Section II.C.4.k as though set forth herein.

826.    Whether claim 21 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

827.    Whether claim 21 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

828.    Whether the '021 Publication discloses an inhaler wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

829.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

830.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

831.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

832.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

833.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

834.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 13 wherein the first inner wall canister support formation, the aperture, and a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister, all lie in a common plane coincident with a longitudinal axis X which passes through the center of the central outlet port.

### t.    Claim 22

835.    Teva incorporates by reference the contested facts set forth in Section II.C.4.s as though set forth herein.

836.    Whether claim 22 of the '587 Patent would have been obvious to the POSA over the '021 Publication as of the priority date.

837.    Whether claim 22 of the '587 Patent would have been obvious to the POSA over the combination of the '021 Publication and the '514 Publication as of the priority date.

838.    Whether the '021 Publication discloses an inhaler comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

839.    Whether the POSA would have found it obvious as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

840.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

841.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to modify an embodiment of the '021 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

842.    Whether the POSA would have found it obvious as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

843.    Whether the POSA would have been motivated or had reason as of the priority date to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

844.    Whether the POSA would have reasonably expected success as of the priority date if the POSA chose to combine disclosures of the '021 Publication with disclosures of the '514 Publication to arrive at the inhaler of claim 21 comprising a second inner wall canister support formation and wherein the second inner wall canister support formation, the first inner wall canister support formation, the aperture, and the central outlet port lie in a common plane coincident with longitudinal axis X.

845.

**D.    '808 Patent**

**1.    Alleged Anticipation by the '552 Publication**

**a.    Claim 1**

846.    Whether the '552 Publication anticipates claim 1 of the '808 Patent.

847.    Whether any single embodiment in the '552 Publication discloses every limitation of claim 1 of the '808 patent as arranged in the claim.

848.    Whether any embodiment of the '552 Publication discloses a dose counter for use in inhalers.

849.    Whether the same embodiment of the '552 Publication discloses a dose counter arranged to display dosage information.

850.    Whether the same embodiment of the '552 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

851.    Whether the same embodiment of the '552 Publication discloses a regulator arranged to act upon the counter display at the first station.

852.    Whether the same embodiment of the '552 Publication discloses a regulator that regulates motion of the counter display at the first station to incremental movements.

**2.    Alleged Anticipation by the '950 Publication**

**a.    Claim 1**

853.    Whether the '950 Publication anticipates claim 1 of the '808 Patent.

854.    Whether any single embodiment in the '950 Publication discloses every limitation of claim 1 of the '808 patent as arranged in the claim.

855.    Whether any embodiment of the '950 Publication discloses a dose counter for use in inhalers.

856.    Whether the same embodiment of the '950 Publication discloses a dose counter arranged to display dosage information.

857.    Whether the same embodiment of the '950 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

858.    Whether the same embodiment of the '950 Publication discloses a regulator arranged to act upon the counter display at the first station.

859.    Whether the same embodiment of the '950 Publication discloses a regulator that regulates motion of the counter display at the first station to incremental movements.

### 3.    Alleged Obviousness Over the '552 Publication in View of the Knowledge of the POSA

#### a.    Claim 1

860.    Teva incorporates by reference the contested facts set forth in Section II.D.1.a as though set forth herein.

861.    Whether claim 1 of the '808 Patent would have been obvious to the POSA over the '552 Publication as of the priority date.

862.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '552 Publication for modification.

863.    Whether the POSA would have found it obvious to modify an embodiment of the '552 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

864.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '552 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

865.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '552 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

### b.    Claim 27

866.    Teva incorporates by reference the contested facts set forth in Sections II.D.1.a and II.D.3.a as though set forth herein.

867.    Whether the POSA would have found it obvious to modify an embodiment of the '552 Publication in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

868.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

869.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

870.    Whether the POSA would have found it a matter of routine optimization as of the priority date to modify an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

### c.    Claim 28

871.    Teva incorporates by reference the contested facts set forth in Sections II.D.1.a and II.D.3.b as though set forth herein.

872.    Whether the POSA would have found it obvious to modify an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

873.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

874.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

875.    Whether the POSA would have found it a matter of routine optimization as of the priority date in modifying an embodiment of the '552 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

### 4.    Alleged Obviousness Over the '950 Publication in View of the Knowledge of the POSA

### a.    Claim 1

876.    Teva incorporates by reference the contested facts set forth in Section II.D.2.a as though set forth herein.

877.    Whether claim 1 of the '808 Patent would have been obvious to the POSA over the '950 Publication as of the priority date.

878.    Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '950 Publication for modification.

879.    Whether the POSA would have found it obvious to modify an embodiment of the '950 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

880.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '950 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

881.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '950 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

### b.    Claim 27

882.    Teva incorporates by reference the contested facts set forth in Sections II.D.2.a and II.D.4.a as though set forth herein.

883.    Whether the POSA would have found it obvious to modify an embodiment of the '950 Publication in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

884.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

885.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

886.    Whether the POSA would have found it a matter of routine optimization as of the priority date to modify an embodiment of the '950 Publication to arrive at the dose counter as

claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

### c.     Claim 28

887.     Teva incorporates by reference the contested facts set forth in Sections II.D.2.a and II.D.4.b as though set forth herein.

888.     Whether the POSA would have found it obvious to modify an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

889.     Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

890.     Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

891.     Whether the POSA would have found it a matter of routine optimization as of the priority date to modify an embodiment of the '950 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

### 5.     Alleged Obviousness Over the '406 Publication in View of the Knowledge of the POSA

#### a.     Claim 1

892.     Whether claim 1 of the '808 Patent would have been obvious to the POSA over the '406 Publication as of the priority date.

893.     Whether, from among the sea of prior art, the POSA would have selected an embodiment of the '406 Publication for modification.

894.     Whether an embodiment of the '406 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

895.     Whether an embodiment of the '406 Publication discloses a regulator arranged to act upon the counter display at the first station.

896.     Whether an embodiment of the '406 Publication discloses a regulator that regulates motion of the counter display at the first station to incremental movements.

897.     Whether the POSA would have found it obvious to modify an embodiment of the '406 Publication wherein a regulator is provided which is arranged to act upon the counter

display at the first station to regulate motion of the counter display at the first station to incremental movements.

898. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

899. Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication wherein a regulator is provided which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

### b.    Claim 27

900. Teva incorporates by reference the contested facts set forth in Section II.D.5.a as though set forth herein.

901. Whether the POSA would have found it obvious to modify an embodiment of the '406 Publication in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

902. Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

903. Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

904. Whether the POSA would have found it a matter of routine optimization as of the priority date to modify an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 1 in which the regulator provides a resistance force of greater than 0.1 N against movement of the counter display.

### c.    Claim 28

905. Teva incorporates by reference the contested facts set forth in Section II.D.5.b as though set forth herein.

906. Whether the POSA would have found it obvious to modify an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

907.    Whether the POSA would have been motivated or had reason as of the priority date to modify an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

908.    Whether the POSA would have reasonably expected success as of the priority date in modifying an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

909.    Whether the POSA would have found it a matter of routine optimization as of the priority date to modify an embodiment of the '406 Publication to arrive at the dose counter as claimed in claim 27 in which the resistance force is greater than 0.3 N.

**E.    Alleged Inadequate Written Description Support**

910.    Whether the Asserted Claims of the '808 Patent are invalid for lack of adequate written description support under Teva's proposed construction of the term "counter display arranged to indicate dosage information"?

911.    Whether the POSA would understand that the inventors had possession of the full scope of the inventions recited in the Asserted Claims of the '808 Patent as of their priority dates in view of the '808 Patent, the intrinsic evidence, and/or the POSA's knowledge.

**F.    Alleged Inadequate Enablement Support**

912.    Whether the Asserted Claims of the '808 Patent are invalid for lack of adequate enablement support under Teva's proposed construction of the term "counter display arranged to indicate dosage information.

913.    Whether the POSA would be able to practice the full scope of the inventions recited in the Asserted Claims of the '808 Patent without undue experimentation in view of the '808 Patent, the intrinsic evidence, and/or the POSA's knowledge.

**III.    Objective Indicia of Non-Obviousness**

914.    Whether long-felt, unmet needs support the non-obviousness of the Asserted Claims.

915.    Whether failure of others supports the non-obviousness of the Asserted Claims.

916.    Whether industry acceptance supports the non-obviousness of the Asserted Claims.

917.    Whether praise supports the non-obviousness of the Asserted Claims.

918.    Whether copying supports the non-obviousness of the Asserted Claims.

919.    Whether the inventions claimed by the Asserted Claims satisfied multiple, long-felt, unmet needs in the field of pulmonary medicine, including the need for inhalers with dose

counters with sufficient functionality, accuracy (including with respect to under- and over-counting), reliability, maintainability (and ability to be cleaned), robustness, manufacturability, minimal impact on device performance, and human factors (including aesthetics, ergonomics, and other human factors).

920.    Whether others had tried, but failed to research and develop inhalers with dose counters with the properties of the claimed inventions, including inhalers having dose counters with sufficient functionality, accuracy (including with respect to under- and over-counting), reliability, maintainability (and ability to be cleaned), robustness, manufacturability, minimal impact on device performance, and human factors (including aesthetics, ergonomics, and other human factors).

921.    Whether the inventions claimed by the Asserted Claims have received industry recognition.

922.    Whether the inventions claimed by the Asserted Claims have received praise.

923.    Whether the inventions claimed by the Asserted Claims have been copied by others (that is, Cipla and Aurobindo) in the field of pulmonary medicine.

924.    Whether the inventions claimed by the Asserted Claims (as embodied by ProAir® HFA with dose counter and Qvar® HFA with dose counter) satisfied multiple, long-felt, unmet needs in the field of pulmonary medicine, including the need for inhalers with dose counters with sufficient functionality, accuracy (including with respect to under- and over-counting), reliability, maintainability (and ability to be cleaned), robustness, manufacturability, minimal impact on device performance, and human factors (including aesthetics, ergonomics, and other human factors).

925.    Whether the inventions claimed by the Asserted Claims (as embodied by ProAir® HFA with dose counter and Qvar® HFA with dose counter) have received industry recognition.

926.    Whether the inventions claimed by the Asserted Claims (as embodied by ProAir® HFA with dose counter and Qvar® HFA with dose counter) have received praise.

927.    Whether Qvar® HFA with dose counter embodies each of the Asserted Claims.

928.    Whether ProAir® HFA with dose counter embodies each of the Asserted Claims.

929.    Whether the inventions claimed by the Asserted Claims have a sufficient nexus to the asserted objective indicia of non-obviousness.

## IV.    Remedies

930.    Whether Teva is entitled to a judgment that Cipla's ANDA Product and Aurobindo's ANDA Product will infringe the '289, '587, and '808 Patents.

931.    Whether Teva is entitled to an order that the effective date(s) of FDA's approval of Cipla's ANDA Product and Aurobindo's ANDA Product shall not be earlier than the expiration dates of the '289, '587, and '808 Patents, including any adjustments, extensions and exclusivities.

932.    Whether Teva is entitled to an injunction prohibiting Cipla, Aurobindo, and their officers, agents, servants, and employees from manufacturing, using, offering for sale, selling, or importing into the United States Cipla's ANDA Product or Aurobindo's ANDA Product prior to the expiration dates of the '289, '587, and '808 Patents, including any adjustments, extensions, or exclusivities.

933.    Whether the Court should determine that this is an exceptional case and award reasonable attorney fees to Teva.

934.    Whether the Court should award costs to Teva.

# Exhibit B

**DEFENDANTS CIPLA LTD, AUROBINDO PARHMA LLC, AUROBINDO PHARMA
USA, INC., AND AUROBLIFE PHARMA LLC'S
STATEMENT OF CONTESTED FACTS**

Defendants' identification of the contested facts that remain to be litigated is based on Defendants' current understanding of Plaintiffs' claims and defenses. Defendants reserve the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court, including any ruling on claim construction, and/or any further identified issues of fact by Plaintiffs and/or to address any additional developments in the case, including anticipated motions and forthcoming document productions. Defendants reserve the right to prove additional details regarding, related to, or subsidiary to the below facts, including any facts identified in their pleadings, discovery responses, including in their contentions, and/or expert reports and depositions, which Defendants incorporate herein by reference. Defendants also reserve the right to prove or contest any fact identified by Plaintiffs in Plaintiffs' statement of contested facts. To the extent that Plaintiffs intend to attempt to introduce different or additional facts, Defendants reserve the right to supplement or amend this Statement and contest those facts, and to present any and all rebuttal evidence in response to those facts. To the extent that any of the identified contested facts are determined to constitute an issue of law, Defendants hereby incorporate such issues into the parties' statement of legal issues.

# TABLE OF CONTENTS

**Page No.**

I.   Alleged Infringement ................................................................................. 1

    A.   '289 Patent ......................................................................................... 2

        1.   Claim 1 .................................................................................... 2

        2.   Claims 2, 4, 6, and 7 ............................................................... 4

        3.   Claim 3 .................................................................................... 4

        4.   Claim 5 .................................................................................... 5

        5.   Claim 8 .................................................................................... 5

    B.   '587 Patent ......................................................................................... 6

        1.   Claim 1 .................................................................................... 6

        2.   Claims 2, 4, 6, and 7 ............................................................... 8

        3.   Claim 3 .................................................................................... 8

        4.   Claim 5 .................................................................................... 9

        5.   Claim 8 .................................................................................... 10

        6.   Claim 12 .................................................................................. 10

    C.   '156 Patent ......................................................................................... 12

        1.   Claim 1 .................................................................................... 12

        2.   Claim 9 .................................................................................... 16

        3.   Claim 11 .................................................................................. 16

        4.   Claim 12 .................................................................................. 16

        5.   Claim 13 .................................................................................. 17

    D.   '808 Patent ......................................................................................... 18

        1.   Claim 1 .................................................................................... 18

        2.   Claim 27 .................................................................................. 19

# TABLE OF CONTENTS

**Page No.**

|  |  | 3. | Claim 28 | 20 |
| E. | | | Doctrine of Equivalents – Ensnarement of the '406 Publication | 20 |
| II. | Invalidity | | | 20 |
| A. | Prior Art | | | 20 |
| B. | Background | | | 22 |
| C. | '289 Patent | | | 24 |
| | 1. | | Anticipation by the '406 Publication | 24 |
| | | i. | Claim 1 | 24 |
| | | ii. | Claim 2 | 25 |
| | | iii. | Claim 3 | 26 |
| | 2. | | Anticipation by the '514 Publication | 26 |
| | | i. | Claim 1 | 26 |
| | | ii. | Claim 4 | 27 |
| | | iii. | Claim 5 | 27 |
| | | iv. | Claim 6 | 28 |
| | | v. | Claim 7 | 28 |
| | | vi. | Claim 8 | 28 |
| | 3. | | Obviousness Over the '406 Publication in View of the Knowledge of the POSA and/or the '514 Publication | 28 |
| | | i. | Claim 1 | 28 |
| | | ii. | Claim 2 | 30 |
| | | iii. | Claim 3 | 31 |
| | | iv. | Claim 4 | 31 |

# TABLE OF CONTENTS

**Page No.**

v.      Claim 5 ........................................................................................... 33

vi.     Claim 6 ........................................................................................... 34

vii.    Claim 7 ........................................................................................... 35

viii.   Claim 8 ........................................................................................... 36

4.      Obviousness Over the '021 Publication in View of the Knowledge of the
POSA and/or the '514 Publication ................................................... 38

i.      Claim 1 ........................................................................................... 38

ii.     Claim 2 ........................................................................................... 40

iii.    Claim 3 ........................................................................................... 41

iv.     Claim 4 ........................................................................................... 42

v.      Claim 5 ........................................................................................... 43

vi.     Claim 6 ........................................................................................... 44

vii.    Claim 7 ........................................................................................... 45

viii.   Claim 8 ........................................................................................... 46

D.   '587 Patent ................................................................................................. 47

1.      Anticipation by the '406 Publication ............................................... 47

i.      Claim 1 ........................................................................................... 47

ii.     Claim 2 ........................................................................................... 48

iii.    Claim 3 ........................................................................................... 48

iv.     Claim 12 ......................................................................................... 49

2.      Anticipation by the '514 Publication ............................................... 49

i.      Claim 1 ........................................................................................... 50

ii.     Claim 4 ........................................................................................... 50

# TABLE OF CONTENTS

**Page No.**

iii.    Claim 5..................................................................50

iv.    Claim 6..................................................................51

v.    Claim 7..................................................................51

vi.    Claim 8..................................................................51

vii.    Claim 12................................................................51

3.    Obviousness Over the '406 Publication in View of the Knowledge of the
POSA and/or the '514 Publication..........................................52

i.    Claim 1..................................................................52

ii.    Claim 2..................................................................53

iii.    Claim 3..................................................................54

iv.    Claim 4..................................................................54

v.    Claim 5..................................................................55

vi.    Claim 6..................................................................55

vii.    Claim 7..................................................................55

viii.    Claim 8..................................................................56

ix.    Claim 12................................................................56

4.    Obviousness Over the '021 Publication in View of the Knowledge of the
POSA and/or the '514 Publication..........................................57

i.    Claim 1..................................................................58

ii.    Claim 2..................................................................59

iii.    Claim 3..................................................................59

iv.    Claim 4..................................................................60

v.    Claim 5..................................................................60

vi.    Claim 6..................................................................61

# TABLE OF CONTENTS

**Page No.**

vii.    Claim 7 .................................................................................................. 61

viii.    Claim 8 .................................................................................................. 61

ix.    Claim 12 ................................................................................................ 62

E.    '156 Patent .......................................................................................................... 63

1.    Anticipation by the '552 Publication ..................................................... 63

i.    Claim 1 .................................................................................................. 63

ii.    Claim 9 .................................................................................................. 64

iii.    Claim 11 ................................................................................................ 64

iv.    Claim 12 ................................................................................................ 65

v.    Claim 13 ................................................................................................ 65

2.    Anticipation by the '021 Publication ..................................................... 66

i.    Claim 1 .................................................................................................. 66

ii.    Claim 9 .................................................................................................. 67

iii.    Claim 11 ................................................................................................ 67

iv.    Claim 12 ................................................................................................ 67

v.    Claim 13 ................................................................................................ 68

3.    Obviousness Over the '552 Publication in View of the Knowledge of the POSA ..................................................................................................... 68

i.    Claim 1 .................................................................................................. 68

ii.    Claim 9 .................................................................................................. 70

iii.    Claim 11 ................................................................................................ 70

iv.    Claim 12 ................................................................................................ 71

v.    Claim 13 ................................................................................................ 71

# TABLE OF CONTENTS

**Page No.**

4.    Obviousness Over the '406 Publication in View of the Knowledge of the POSA ........................................................................................................ 72

    i.    Claim 1 ........................................................................................ 72

    ii.    Claim 9 ........................................................................................ 74

    iii.    Claim 11 ...................................................................................... 74

    iv.    Claim 12 ...................................................................................... 74

    v.    Claim 13 ....................................................................................... 75

5.    Indefiniteness of Claim 12 ...................................................................... 75

F.    '808 Patent ....................................................................................................... 75

1.    Anticipation by the '552 Publication ....................................................... 75

    i.    Claim 1 ........................................................................................ 76

2.    Anticipation by the '950 Publication ....................................................... 76

    i.    Claim 1 ........................................................................................ 76

3.    Obviousness Over the '552 Publication in View of the Knowledge of the POSA ........................................................................................................ 77

    i.    Claim 1 ........................................................................................ 77

    ii.    Claim 27 ...................................................................................... 78

    iii.    Claim 28 ...................................................................................... 78

4.    Obviousness Over the '950 Publication in View of the Knowledge of the POSA ........................................................................................................ 78

    i.    Claim 1 ........................................................................................ 78

    ii.    Claim 27 ...................................................................................... 79

    iii.    Claim 28 ...................................................................................... 79

5.    Obviousness Over the '406 Publication in View of the Knowledge of the POSA ........................................................................................................ 79

## TABLE OF CONTENTS

**Page No.**

i.    Claim 1 ................................................................................ 79

ii.   Claim 27 ............................................................................ 80

iii.  Claim 28 ............................................................................ 80

6.    Inadequate Written Description Support .............................. 81

7.    Inadequate Enablement Support ......................................... 81

III.  Alleged Objective Indicia of Non-Obviousness ............................ 81

IV.   Remedies ..................................................................................... 83

I.    **Alleged Infringement**

1.    Whether Defendants' ANDA Products practice embodiments, or obvious variations thereof, disclosed by the '406 Publication.

2.    Whether Defendants' ANDA Products include a dose counter comprised of a housing, tens cone, units display ring, leaf spring, units teeth ring, indexer, and lid.

3.    Whether, when assembled, all parts of the dose counter in Defendants' ANDA Products sit in the housing.  The tens cone sits in one portion of the housing, while the units display ring sits in another portion.  The leaf spring sits in the interior of the units display ring, the units teeth ring sits on top of the leaf spring, the indexer sits on top of the units teeth ring, and the lid connects to the housing.  A portion of the indexer (castellations) protrude through the lid.

4.    Whether the '406 Publication discloses a dose counter comprised of a housing, tens cone, units display ring, leaf spring, units teeth ring, indexer, and lid.

5.    Whether the '406 Publication discloses that, when assembled, all parts of the dose counter sit in the housing.  The tens cone sits in one portion of the housing, while the units display ring sits in another portion.  The leaf spring sits in the interior of the units display ring, the units teeth ring sits on top of the leaf spring, the indexer sits on top of the units teeth ring, and the lid connects to the housing.  A portion of the indexer (castellations) protrude through the lid.

6.    Whether, aside from the orientation of the leaf spring, the shape of the indexer, Plaintiffs have identified any differences between the dose counter disclosed in the '406 Publication and the Defendants' ANDA Product.  Plaintiffs have not identified how these

1

identified differences would indicate that the Defendants' ANDA Product does not practice the invention disclosed in the '406 Publication.

7.    Whether Plaintiffs have disputed that the way the dose counter disclosed in the '406 Publication and the dose counter in Defendants' ANDA Products function is the same.

8.    Whether the '406 Publication discloses an inhaler body for use with the dose counters disclosed in the '406 Publication.

9.    Whether the inhaler bodies for use with the dose counter disclosed in the '406 Publication encompass the inhaler body used in the Defendants' ANDA Products.

### A.    '289 Patent

#### 1.    Claim 1

10.    Whether Defendants' ANDA Products infringe claim 1 of the '289 Patent.

11.    Whether Defendants' ANDA Products comprise a "first inner wall canister support formation" that meets every limitation of claim 1 of the '289 Patent, or an equivalent thereof.

12.    Whether Defendants' ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister," or an equivalent thereof.

13.    Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, an "actuation member."

14.    Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, equivalent to an "actuation member."

15.    Whether a single castellation on the indexer of Defendants' ANDA Products is an "actuation member," or an equivalent thereof

16.     Whether a single castellation on the indexer of Defendants' ANDA Products is equivalent to an "actuation member."

17.     Whether when depressed by the user, the canister in Defendants' ANDA Products can move a single castellation sufficient to cause the dose counter to record a count.

18.     Whether a castellation on the indexer of Defendants' ANDA Products is a "pin."

19.     Whether a castellation on the indexer of Defendants' ANDA Products is equivalent to a "pin."

20.     Whether Defendants' ANDA Products comprise an inhaler in which "the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X," or an equivalent thereof.

21.     If two or more castellations working in concert collectively are an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Product, every castellation working in concert to transmit motion from the canister, and the center of the central outlet port.

22.     If a single castellation is found to be an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Products, and the single castellation, and the center of the central outlet port.

23.     If Defendants' ANDA Products are found to have an "actuation member," whether any rib in Defendants' ANDA Products is "directly adjacent" to the castellation or group of castellations found to be the "actuation member" on the indexer of Defendants' ANDA Products.

24.     If Defendants' ANDA Products are found to have an "actuation member," whether a rib that is not is "directly adjacent" to the castellation or group of castellations found to be the

"actuation member" on the indexer of Defendants' ANDA Products is equivalent to an "inner wall canister support formation" directly adjacent to an "actuation member."

### 2.    Claims 2, 4, 6, and 7

25.    Whether Defendants' ANDA Products infringe claim 2 of the '289 Patent.

26.    With respect to claim 2 of the '289 Patent, whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

27.    Whether Defendants' ANDA Products infringe claim 4 of the '289 Patent.

28.    With respect to claim 4 of the '289 Patent, whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

29.    Whether Defendants' ANDA Products infringe claim 6 of the '289 Patent.

30.    With respect to claim 6 of the '289 patent, whether Defendants' ANDA Products comprise "the inhaler as claimed in claim 4."

31.    Whether Defendants' ANDA Products infringe claim 7 of the '289 Patent.

32.    With respect to claim 7 of the '289 patent, whether Defendants' ANDA Products comprise "the inhaler as claimed in claim 6."

### 3.    Claim 3

33.    Whether Defendants' ANDA Products infringe claim 3 of the '289 Patent.

34.    Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

35.    Whether Defendants' ANDA Products comprise "an aperture formed in the inner wall through which the portion of the actuation member extends," or an equivalent thereof.

36.    Whether Defendants' ANDA Products comprise an "an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal

means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medicament."

37.    If Defendants' ANDA Products do not comprise an "internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends," whether any structure in Defendants' ANDA Products is equivalent to an "internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends."

38.    Whether asserting that separate, removable structures (e.g., housing and lid) are equivalent to a specific requirement that particular wall surfaces of an inhaler body of the inhaler perform a specified function vitiates the claim language.

### 4.    Claim 5

39.    Whether Defendants' ANDA Products infringe claim 5 of the '289 Patent.

40.    Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 4."

41.    Whether a rib, meeting all limitations of the "first inner canister support formation," in claims 1 and 4, comprises a "support rail includ[ing] a step formed thereon," or an equivalent thereof.

42.    Whether the beginning of a rib is a "step."

43.    Whether the end of a rib is a "step."

44.    Whether a rib, with a beginning and end, is equivalent to a rib with a "step formed thereon."

### 5.    Claim 8

45.    Whether Defendants' ANDA Products infringe claim 8 of the '289 Patent.

46.    Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 4."

47.     Whether a rib, meeting all limitations of the "first inner canister support formation," in claims 1 and 4, comprises a "support rail includ[ing] two steps formed thereon, the steps being spaced longitudinally along an inside surface of the main body," or an equivalent thereof.

48.     Whether the beginning of a rib is a "step."

49.     Whether the end of a rib is a "step."

50.     Whether a rib, with a beginning and end, is equivalent to a rib with "two steps formed thereon."

**B.      '587 Patent**

**1.      Claim 1**

51.     Whether Defendants' ANDA Products infringe Claim 1 of the '587 Patent.

52.     Whether Defendants' ANDA Products comprise a "first inner wall canister support formation" that meets every limitation of claim 1 of the '587 Patent, or an equivalent thereof.

53.     Whether Defendants' ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister," or an equivalent thereof.

54.     Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, an "actuation member."

55.     Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, equivalent to an "actuation member."

56.     Whether a single castellation on the indexer of Defendants' ANDA Products is an "actuation member."

57.     Whether a single castellation on the indexer of Defendants' ANDA Products is equivalent to an "actuation member."

58.    Whether depressing the canister, in Defendants' ANDA Product, can move a single castellation sufficient to cause the dose counter to record a count.

59.    Whether a castellation on the indexer of Defendants' ANDA Products is a "pin."

60.    Whether a castellation on the indexer of Defendants' ANDA Products is equivalent to a "pin."

61.    Whether Defendants' ANDA Products comprise an inhaler in which "the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler," or an equivalent thereof.

62.    If two or more castellations working in concert collectively are an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Product, every castellation working in concert to transmit motion from the canister, and the center of the central outlet port.

63.    If a single castellation is found to be an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Products, and the single castellation, and the center of the central outlet port.

64.    If Defendants' ANDA Products are found to have an "actuation member, whether any rib in Defendants' ANDA Products is "directly adjacent" to the castellation or group of castellations found to be the "actuation member" on the indexer of Defendants' ANDA Products.

65.    If Defendants' ANDA Products are found to have an "actuation member, whether a rib that is not is "directly adjacent" to the castellation or group of castellations found to be the

"actuation member" on the indexer of Defendants' ANDA Products is equivalent to an "inner wall canister support formation" directly adjacent to an "actuation member."

66.     If Defendants' ANDA Products are found to have an actuation member and a first inner wall canister support formation, whether the rib found to be the first inner wall canister support formation prevents unwanted actuation of the dose counter by reducing rocking of the medicament canister.

### 2.    Claims 2, 4, 6, and 7

67.     Whether Defendants' ANDA Products infringe claim 2 of the '587 Patent.

68.     With respect to claim 2 of the '587 Patent, whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

69.     Whether Defendants' ANDA Products infringe claim 4 of the '587 Patent.

70.     With respect to claim 4 of the '587 Patent, whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

71.     Whether Defendants' ANDA Products infringe claim 6 of the '587 Patent.

72.     With respect to claim 6 of the '587 patent, whether Defendants' ANDA Products comprise "the inhaler as claimed in claim 4."

73.     Whether Defendants' ANDA Products infringe claim 7 of the '587 Patent.

74.     With respect to claim 7 of the '587 patent, whether Defendants' ANDA Products comprise "the inhaler as claimed in claim 6."

### 3.    Claim 3

75.     Whether Defendants' ANDA Products infringe claim 3 of the '587 Patent.

76.     Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 1."

77.     Whether Defendants' ANDA Products comprise "an aperture formed in the inner wall through which the portion of the actuation member extends," or an equivalent thereof.

78.     Whether Defendants' ANDA Products comprise an "an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medicament."

79.     If Defendants' ANDA Products do not comprise an "internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends," whether any structure in Defendants' ANDA Products is equivalent to an "internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends."

80.     Whether asserting that separate, removable structures (e.g., housing and lid) are equivalent to a specific requirement that particular wall surfaces of an inhaler body of the inhaler perform a specified function vitiates the claim language.

### 4.     Claim 5

81.     Whether Defendants' ANDA Products infringe claim 5 of the '587 Patent.

82.     Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 4."

83.     Whether a rib, meeting all limitations of the "first inner canister support formation," in claims 1 and 4, comprises a "support rail includ[ing] a step formed thereon," or an equivalent thereof.

84.     Whether the beginning of a rib is a "step."

85.     Whether the end of a rib is a "step."

86.     Whether a rib, with a beginning and end, is equivalent to a rib with "a step formed thereon."

### 5.    Claim 8

87.    Whether Defendants' ANDA Products infringe claim 8 of the '587 Patent.

88.    Whether Defendants' ANDA Products comprise an "inhaler as claimed in claim 4."

89.    Whether a rib, meeting all limitations of the "first inner canister support formation," in claims 1 and 4 comprises a "support rail includ[ing] two steps formed thereon, the steps being spaced longitudinally along an inside surface of the main body," or an equivalent thereof.

90.    Whether the beginning of a rib is a "step."

91.    Whether the end of a rib is a "step."

92.    Whether a rib, with a beginning and end, is equivalent to a rib with "two steps formed thereon."

### 6.    Claim 12

93.    Whether Defendants' ANDA Products infringe Claim 12 of the '587 Patent.

94.    Whether Defendants' ANDA Products comprise a "first inner wall canister support formation" that meets every limitation of claim 12 of the '587 Patent, or an equivalent thereof.

95.    Whether Defendants' ANDA Products comprise "a dose counter having an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister," or an equivalent thereof.

96.    Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, an "actuation member."

97.    Whether two or more castellations on the indexer of Defendants' ANDA Products working in concert are, collectively, equivalent to an "actuation member."

98.     Whether a single castellation on the indexer of Defendants' ANDA Products is an "actuation member."

99.     Whether a single castellation on the indexer of Defendants' ANDA Products is equivalent to an "actuation member."

100.    Whether depressing the canister, in Defendants' ANDA Products, can move a single castellation sufficient to cause the dose counter to record a count.

101.    Whether a castellation on the indexer of Defendants' ANDA Products is a "pin."

102.    Whether a castellation on the indexer of Defendants' ANDA Products is equivalent to a "pin."

103.    Whether Defendants' ANDA Products comprise an inhaler in which "the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X such that the first inner wall canister support formation protects against dose counter errors by reducing rocking of the medicament canister towards or away the actuation member," or an equivalent thereof.

104.    If two or more castellations working in concert collectively are an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Product, every castellation working in concert to transmit motion from the canister, and the center of the central outlet port.

105.     If a single castellation is found to be an "actuation member," whether a straight line can be drawn through a rib in Defendants' ANDA Products, and the single castellation, and the center of the central outlet port.

106.    If Defendants' ANDA Products are found to have an "actuation member, whether any rib in Defendants' ANDA Products is "directly adjacent" to the castellation or group of castellations found to be the "actuation member" on the indexer of Defendants' ANDA Products.

107.    If Defendants' ANDA Products are found to have an "actuation member, whether a rib that is not is "directly adjacent" to the castellation or group of castellations found to be the "actuation member" on the indexer of Defendants' ANDA Products is equivalent to an "inner wall canister support formation" directly adjacent to an "actuation member."

108.    If  Defendants' ANDA Products are found to have an actuation member and a first inner wall canister support formation, whether the rib found to be the first inner wall canister support formation protects against dose counter by reducing rocking of the medicament canister towards or away the actuation member.

### C.    '156 Patent

#### 1.    Claim 1

Introductory Statement:  Claim 1 of the '156 Patent is the subject of a proposed Motion in Limine requesting that Plaintiffs be precluded from presenting evidence or argument that the datum plane can be drawn at the top of a valve stem block.  Subject to this motion, the following facts are in dispute.

109.    Whether Cipla's ANDA Products infringe claim 1 of the '156 Patent.

110.    Whether Cipla's ANDA Products comprise a dose counter comprising "a ratchet wheel having a plurality of circumferentially spaced teeth," or an equivalent thereof.

111.    Whether the units teeth ring in Cipla's ANDA Products is a "ratchet wheel having a plurality of circumferentially spaced teeth," as claimed.

112.    Whether the units teeth ring in Cipla's ANDA Products is equivalent to a "ratchet wheel having a plurality of circumferentially spaced teeth," as claimed.

113.    Whether Cipla's ANDA Products comprise a dose counter comprising "an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel wherein the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate," or an equivalent thereof.

114.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products is an "actuator pawl," as claimed.

115.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products are equivalent to an "actuator pawl," as claimed.

116.    Whether Cipla's ANDA products comprise a dose counter comprising, "a count pawl arranged to engage with a second tooth of the ratchet wheel, wherein as the ratchet wheel is driven by the actuator to rotate, the count pawl rides along a forward surface of the second tooth and resiliently jumps over the second tooth," or an equivalent thereof.

117.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products is a "count pawl," as claimed.

118.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products are equivalent to a "count pawl," as claimed.

119.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products "ride[] along a forward surface of a second tooth and resiliently jump over the second tooth."

120.    Whether the protrusions on the bottom of the indexer in Cipla's ANDA Products are equivalent to a count pawl that "rides along a forward surface of a second tooth and resiliently jump over the second tooth."

121.     Whether Cipla's ANDA Products comprise a dose counter "wherein the actuator is arranged to define a first reset position in which the actuator pawl is brought into engagement with the first tooth," or an equivalent thereof.

122.     If Cipla's proposed construction of "first reset position" is adopted, and the protrusions on the bottom of the indexer are found to be an "actuator pawl," whether the alleged actuator pawl is above the datum plane.

123.     Whether Cipla's ANDA Products comprise a dose counter "wherein the actuator is further arranged such that, during a canister fire sequence, when the actuator is in a second position, which is after the first reset position and at a canister fire configuration, the medicament canister fires medicament before the dose counter reaches a count configuration, and wherein the actuator is in a third position after the second position, the count pawl resiliently jumps over the second tooth and the dose counter reaches the count configuration, whereby the dosage indicator has indicated a count," or an equivalent thereof.

124.     Whether Cipla's ANDA Products comprise a dose counter that counts before or after a medicament dose is fired.

125.     Whether, during a firing sequence, the indexer of Cipla's ANDA Products is in a canister fire configuration, wherein the medicament has fired, before reaching a count configuration.

126.     If Cipla's ANDA products are found to have a "count pawl," whether Cipla's ANDA Products pass through a count configuration where the count pawl has resiliently jumped over the second tooth and the dosage indicator has indicated a count.

127.   If Defendants' proposed construction of "count configuration" is adopted, whether when the indexer is in the claimed "count configuration," the actuator pawl in Cipla's ANDA Products is further below the datum plane than when in the fire configuration.

128.   If Defendants' proposed construction of "canister fire sequence" is adopted, whether in the "start configuration" the alleged actuator pawl in Cipla's ANDA Products is spaced from the alleged ratchet wheel and the count pawl is engaged with the alleged ratchet wheel.

129.   Whether Cipla's ANDA Products comprise a dose counter "wherein, in the canister fire configuration, the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister," or an equivalent thereto.

130.   If Plaintiffs' proposed construction of "datum plane which passes through a shoulder of valve stem block configured to receive the medicament canister" is adopted, whether the datum plane, as claimed, can be located at the top of a valve stem block in view of the Prosecution History.

131.   If Plaintiffs' proposed construction of "datum plane which passes through a shoulder of valve stem block configured to receive the medicament canister" is adopted, and if Cipla's ANDA Products are found to have an "actuator pawl," whether the alleged actuator pawl is below the datum plane in the canister fire configuration.

132.   If Defendant's proposed construction of "datum plane which passes through a shoulder of valve stem block configured to receive the medicament canister" is adopted, and if Cipla's ANDA Products are found to have an "actuator pawl," whether the alleged actuator pawl is below the datum plane in the canister fire configuration.

133.    Whether Plaintiffs are barred by prosecution history estoppel from asserting that a canister fire configuration where the actuator pawl is above the datum plane is equivalent to a canister fire configuration where the actuator pawl is below the datum plane.

134.    If Plaintiffs are allowed to present evidence or argument that having the actuator pawl being above the datum plane is equivalent to the actuator being below the datum plane, and if Cipla's ANDA Products do not have an "actuator pawl" that is below the datum plane in the canister fire configuration, whether having the actuator pawl being above the datum plane is equivalent to the actuator being below the datum plane.

### 2.    Claim 9

135.    Whether Cipla's ANDA Products infringe claim 9 of the '156 Patent.

136.    Whether Cipla's ANDA Products comprise a "dose counter as claimed in claim 1."

### 3.    Claim 11

137.    Whether Cipla's ANDA Products infringe claim 11 of the '156 Patent.

138.    Whether Cipla's ANDA Products comprise a "dose counter as claimed in claim 1."

### 4.    Claim 12

139.    Whether Cipla's ANDA Products infringe claim 12 of the '156 Patent.

140.    Whether Cipla's ANDA Products comprise an "inhaler as claimed in claim 11."

141.    Whether Cipla's ANDA Products comprise an inhaler in which "the body includes a canister receiving portion and a separate counter chamber; the body, ratchet wheel and actuator being located inside the counter chamber, the wall surfaces being provided with a communication aperture, an actuator member extending through the communication aperture to transmit canister motion to the actuator," or an equivalent thereto.

16

142.    Whether Cipla's ANDA Products comprise an inhaler with an inhaler body having wall surfaces separating the canister receiving portion and the counter chamber.

143.    If Cipla's ANDA Products do not comprise an inhaler with an inhaler body having wall surfaces separating the canister receiving portion and the counter chamber, whether any other structure in Cipla's ANDA Products is equivalent to wall surfaces of the inhaler body separating the canister receiving portion and the counter chamber.

144.    If Defendants' construction of "separate counter chamber" is adopted, whether Cipla's ANDA Products comprise a "discrete space or cavity defined by the main surface of the inner walls and the inner wall through which a portion of the actuation member extends, in which the dose counter is located."

145.     If Defendants' construction of "separate counter chamber" is adopted, whether a housing formed separately from the body of the inhaler and removeable therefrom is equivalent to a "discrete space or cavity defined by the main surface of the inner walls and the inner wall through which a portion of the actuation member extends, in which the dose counter is located."

146.    Whether asserting that separate, removable structures are equivalent to a specific requirement that particular wall surfaces of an inhaler body of the inhaler perform a specified function vitiates the claim language.

147.    If Plaintiffs' construction of "the body" is adopted, whether Cipla's ANDA Products comprise a "body of the dose counter" inside a counter chamber.

### 5.    Claim 13

148.    Whether Cipla's ANDA Products infringe claim 13 of the '156 Patent.

149.    Whether Cipla's ANDA Products comprise a "dose counter as claimed in claim 1."

150.    Whether Cipla's ANDA Products comprise a dose counter, wherein "the shoulder is a bottom surface within the valve stem block and that datum plane is perpendicular to a direction of the movement of the medicament canister," or an equivalent thereto.

151.    Whether, when the shoulder is a bottom surface within the valve stem block, and if Cipla's ANDA Products are found to have an "actuator pawl," the alleged actuator pawl is below the datum plane in the canister fire configuration.

152.    Whether Plaintiffs are barred by prosecution history estoppel from asserting that a canister fire configuration where the actuator pawl is above the datum plane is equivalent to a canister fire configuration where the actuator pawl is below the datum plane.

153.    If Plaintiffs are allowed to present evidence or argument that having the actuator pawl being above the datum plane is equivalent to the actuator being below the datum plane, and if Cipla's ANDA Products do not have an "actuator pawl" that is below the datum plane in the canister fire configuration, when the shoulder is a bottom surface within the valve stem block, whether having the actuator pawl being above the datum plane is equivalent to the actuator being below the datum plane.

**D.    '808 Patent**

**1.    Claim 1**

154.    Whether Defendants' ANDA Products infringe claim 1 of the '808 Patent.

155.    Whether Defendants' ANDA Products comprise a dose counter with "a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input," or an equivalent thereof.

156.    If Plaintiffs' proposed constructions of "first station" and "second station" are adopted, whether a ring rotating in place is moving from a first region to a second region.

18

157.    If Defendants' proposed constructions of "first station" and "second station" are adopted, whether a ring rotating in place is moving from a first structure to a second structure.

158.    If a ring rotating in place is not found to be moving from a first structure to a second structure, or from a first region to a second region, whether a ring rotating in place is equivalent to moving from a first structure to a second structure, or from a first region to a second region.

159.    Whether Defendants' ANDA Products have "a regulator which is arranged to act upon the counter display at the first station to regulate motion of the counter display at the fist station to incremental movement," or an equivalent thereof.

160.    Whether the leaf spring in Defendants' ANDA Products is a regulator.

161.    Whether the leaf spring in Defendants' ANDA Products acts upon the counter display at the first station.

162.    Whether the leaf spring in Defendants' ANDA Products regulates motion of the counter display to incremental movements.

163.    If the leaf spring in Defendants' ANDA Products is not a regulator, whether it is equivalent to a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the fist station to incremental movements.

### 2.    Claim 27

164.    Whether Defendants' ANDA Products infringe claim 27 of the '808 Patent.

165.    Whether Defendants' ANDA Products comprise the "dose counter in claim 1."

166.    Whether Defendants' ANDA Products comprise a dose counter, with a regulator which "provides a resistance force of greater than 0.1N against movement of the counter display," or an equivalent thereto.

167.    Whether the leaf spring in Defendants' ANDA Products provides more than 0.1N resistance force against the movement of the units display ring or tens cone.

### 3.    Claim 28

168.    Whether Defendants' ANDA Products infringe claim 28 of the '808 Patent.

169.    Whether Defendants' ANDA Products comprise the "dose counter as claimed in claim 27."

170.    Whether Defendants' ANDA Products comprise a dose counter, with a regulator providing a resistance force against movement of the counter display, in which "the resistance force is greater than 0.3N," or an equivalent thereto.

171.    Whether the leaf spring in Defendants' ANDA Products provides more than 0.3N resistance force against the movement of the units display ring or tens cone.

### E.    Doctrine of Equivalents – Ensnarement of the '406 Publication

172.    Whether Defendants' ANDA Products practice an embodiment of the prior art '406 Publication.

173.    Whether, to the extent Plaintiffs contend that any limitation of an Asserted Claim is present in the Defendants' ANDA Products under the Doctrine of Equivalence, expanding the claims under the Doctrine of Equivalence to captures Defendants' ANDA Products ensnares the prior art '406 Publication, particularly the embodiment practiced by the Defendants' ANDA Product.

## II.    Invalidity

### A.    Prior Art

174.    As set forth in the undisputed facts, the parties do not contest that the following references are prior art to the Asserted Patents:  DX-161, International Patent Publication No. WO 2007/124406 ("the '406 Publication"); DX-162, International Patent Publication No. WO 2008/119552 ("the '552 Publication"); DX-165, International Patent Publication No. WO 2003/101514 ("the '514 Publication"); DX-155, United States Patent Application Publication No. US 2002/0047021 ("the '021 Publication"); DX-174, U.S. Design Patent No. D416,998 ("the '998 Patent"); DX-159, United States Patent Application Publication No. US 2002/0078950 ("the '950 Publication"); DX-153, United States Patent Application Publication US 2006/0289008 ("the '008 Publication"); DX-137, United States Patent No. 4,817,822 ("the '822 Patent");  DX-138, United States Patent No. 7,407,066 ("the '066 Patent"); DX-148, United States Patent No. 6,446,627 ("the '627 Patent"); DX-139, United States Patent No. 8,584,668 ("the '668 Patent"), is prior art to the Asserted Patents; DX-172, International Patent Publication No. WO 2004/060260 ("the '260 Publication"); DX-163, United States Patent Publication No. US 2005/0087191 ("the '191 Publication"); DX-164, International Patent Publication No. WO 2007/103712 ("the '712 Publication"); DX-166, European Patent Publication No. EP 1,369,139 ("the '139 Publication"); DX-167, United Kingdom Patent Publication No. GB 2,320,489 ("GB '489"); DX-152, United States Patent Application Publication No. US 2005/0209558 ("the '558 Publication"); DX-168, United Kingdom Patent No. GB 994,755 ("the '755 Patent");   DX-169, European Patent Publication No. EP 1,321,159 ("the '159 Publication"); DX-170, International Patent Publication No. WO 2006/126965 ("the '965 Publication"); DX-154, United States Patent Application Publication No. US 2007/0277817 ("the '817 Publication"); DX-171, International Patent Application No. WO 2005/113044 ("the '044 Publication"),; DX-083, *Metered Dose Inhalers: Actuators Old and New*, Expert Opin. Drug Deliv., 4(3):235-245 (2007) ("Lewis 2007"); DX-156,

United States Patent Application Publication No. US 2006/0107949 ("the '949 Publication"); DX-157, United States Patent Application Publication No. US 2007/0062518 ("the '518 Publication"); and DX-158, United States Patent Application Publication No. US 2007/0210102 ("the '102 Publication").

###    B.    Background

175.    Whether the earliest date to which any Asserted Patent may claim priority is May 18, 2010, the date on which Provisional Application No. 61/345,763 was filed.

176.    Whether Defendants' ANDA Products practice embodiments, or obvious variations thereof, of the '406 Publication.

177.    Whether Defendants' ANDA Products include a dose counter comprised of a housing, tens cone, units display ring, leaf spring, units teeth ring, indexer, and lid.

178.    Whether, when assembled, all parts of the dose counter in Defendants' ANDA Products sit in the housing.  The tens cone sits in one portion of the housing, while the units display ring sits in another portion.  The leaf spring sits in the interior of the units display ring, the units teeth ring sits on top of the leaf spring, the indexer sits on top of the units teeth ring, and the lid connects to the housing.  A portion of the indexer (castellations) protrude through the lid.

179.    Whether the '406 Publication discloses a dose counter comprised of a housing, tens cone, units display ring, leaf spring, units teeth ring, indexer, and lid.

180.    Whether the '406 Publication discloses that, when assembled, all parts of the dose counter sit in the housing.  The tens cone sits in one portion of the housing, while the units display ring sits in another portion.  The leaf spring sits in the interior of the units display ring, the units teeth ring sits on top of the leaf spring, the indexer sits on top of the units teeth ring, and the lid connects to the housing.  A portion of the indexer (castellations) protrude through the lid.

181.    Whether, aside from the orientation of the leaf spring, the shape of the indexer, Plaintiffs have identified any differences between the dose counter disclosed in the '406 Publication and the Defendants' ANDA Product.  Plaintiffs have not identified how these identified differences would indicate that the Defendants' ANDA Product does not practice the invention disclosed in the '406 Publication.

182.    Whether the '406 Publication discloses an inhaler body for use with the dose counters disclosed in the '406 Publication.

183.    Whether the inhaler bodies for use with the dose counter disclosed in the '406 Publication encompass the inhaler body used in the Defendants' ANDA Products.

184.    Whether the use of metered dose inhalation devices was well-known to persons of skill in the art prior to the earliest priority date.

185.    Whether the use of ribs on inhaler bodies was well-known to persons of skill in the art by the earliest priority date.

186.    Whether the use of dose counters in inhalers was well-known to persons of skill in the art by the earliest priority date.

187.    Whether the numerous prior art references Defendants identify reflect the understanding of the POSA as of the earliest priority date.

188.    Whether a POSA would have been motivated to select the references identified by Defendants from the prior art.

189.    Whether Defendants' ANDA Products practice embodiments, or obvious variations thereof, disclosed by the '406 Publication.

190.    Whether the prior art teaches away from use of the inhalers and/or dose counters disclosed in the '406 Publication for use, modification, or combination with the '514 Publication.

23

191.    Whether the prior art teaches away from use of the inhalers and/or dose counters disclosed in the '514 Publication for use, modification, or combination with the '406 or '021 Publications.

192.    Whether the prior art teaches away from use of the inhalers and/or dose counters disclosed in the '021 Publication for use, modification, or combination with the '514 Publication.

193.    Whether the prior art teaches away from use of the inhalers and/or dose counters disclosed in the '552 Publication for use, modification, or combination.

194.    Whether the prior art teaches away from use of the inhalers and/or dose counters disclosed in the '950 Publication for use, modification, or combination.

195.    Whether a POSA would have limited their analysis of any prior art reference to a single embodiment.

196.    Whether a POSA would have considered teachings applicable to all embodiments disclosed in a single reference when analyzing the reference.

## C.    '289 Patent

### 1.    Anticipation by the '406 Publication

#### i.    Claim 1

197.    Whether the '406 Publication anticipates claim 1 of the '289 Patent.

198.    Whether the '406 Publication discloses an inhaler for metered dose inhalation.

199.    Whether the '406 Publication discloses an inhaler having a main body with a canister housing.

200.    Whether the '406 Publication discloses an inhaler having a dose counter.

201.     Whether the '406 Publication discloses an inhaler having a medicament canister, moveable relative to the canister housing.

202.     Whether the '406 Publication discloses an inhaler having a medicament canister retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

203.     Whether the '406 Publication discloses a dose counter with an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

204.     Whether the '406 Publication discloses an inhaler with a canister housing having an inner wall.

205.     Whether the '406 Publication discloses an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

206.     Whether the '406 Publication discloses an inhaler where the canister housing has a longitudinal axis X passing through the center of the central outlet port.

207.     Whether the '406 Publication discloses an inner wall support formation, the actuation member, and the central outlet port lying in a common plain coincident with longitudinal axis X.

208.     Whether the '406 Publication discloses the inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

### ii.      Claim 2

209.     Whether the '406 Publication anticipates claim 2 of the '289 Patent.

25

210.    Whether the '406 Publication discloses an inhaler having a medicament canister, moveable relative to the dose counter.

### iii.    Claim 3

211.    Whether the '406 Publication anticipates claim 3 of the '289 Patent.

212.    Whether the '406 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

213.    Whether the '406 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

### 2.    Anticipation by the '514 Publication

### i.    Claim 1

214.    Whether the '514 Publication anticipates claim 1 of the '289 Patent.

215.    Whether the '514 Publication discloses an inhaler for metered dose inhalation.

216.    Whether the '514 Publication discloses an inhaler having a main body with a canister housing.

217.    Whether the '514 Publication discloses an inhaler having a medicament canister, moveable relative to the canister housing.

218.    Whether the '514 Publication discloses an inhaler having a medicament canister retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

219.    Whether the '514 Publication discloses an inhaler having a dose counter.

220.    Whether the '514 Publication discloses a dose counter with an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

221.    Whether the '514 Publication discloses an inhaler with a canister housing having an inner wall.

222.    Whether the '514 Publication discloses an inhaler with a first inner wall canister support formation extending inwardly from a main surface of an inner wall.

223.    Whether the '514 Publication discloses an inhaler where the canister housing has a longitudinal axis X passing through the center of the central outlet port.

224.    Whether the '514 Publication discloses an inner wall support formation, the actuation member, and the central outlet port lying in a common plain coincident with longitudinal axis X.

225.    Whether the '514 Publication discloses the inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

### ii.    Claim 4

226.    Whether the '514 Publication anticipates claim 4 of the '289 Patent.

227.    Whether the '514 Publication discloses a first inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

### iii.    Claim 5

228.    Whether the '514 Publication anticipates claim 5 of the '289 Patent.

229.    Whether the '514 Publication discloses  a support rail with a step formed thereon.

### iv.    Claim 6

230.    Whether the '514 Publication anticipates claim 6 of the '289 Patent.

231.    Whether the '514 Publication discloses a plurality of support rails extending longitudinally along an inside surface of the canister housing.

### v.    Claim 7

232.    Whether the '514 Publication anticipates claim 7 of the '289 Patent.

233.    Whether the '514 Publication discloses at least two support rails positioned at opposite ends of the inside surface of the main body of the inhaler to face each other.

### vi.    Claim 8

234.    Whether the '514 Publication anticipates claim 8 of the '289 Patent.

235.    Whether the '514 Publication discloses support rails with two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### 3.    Obviousness Over the '406 Publication in View of the Knowledge of the POSA and/or the '514 Publication

### i.    Claim 1

Introductory Statement:  For efficiency, Defendants do not repeat contested facts already set forth in the anticipation sections relating to the '406 Publication and the '514 Publication, but incorporate by reference Paragraphs 249-260 and 266-277 above as contested facts with respect to claim 1 of the '289 Patent.

236.    Whether claim 1 of the '289 Patent is obvious over the '406 Publication and the knowledge of the person of ordinary skill in the art.

237.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

238.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

239.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

240.    Whether claim 1 of the '289 Patent is obvious over the combination of the '406 Publication and the '514 Publication

241.    Whether, in view of the '514 Publication, a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

242.    Whether, in view of the '514 Publication, a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

243.    Whether, in view of the '514 Publication, a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

244.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

245.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

246.    Whether a person of skill in the art, in view of the '514 Publication, would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

247.    Whether a person of skill in the art, in view of the '514 Publication, would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

### ii.    Claim 2

248.    Whether claim 2 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

249.    Whether the '406 Publication discloses an inhaler having a medicament canister, moveable relative to the dose counter.

### iii.    Claim 3

250.    Whether claim 3 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

251.    Whether the '406 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

252.    Whether the '406 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

253.    Whether it would have been obvious to a POSA modify the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

254.    Whether a POSA would have expected success in modifying the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

### iv.    Claim 4

255.    Whether claim 4 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

31

256.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

257.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

258.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

259.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

260.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

261.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

v.        Claim 5

262.    Whether claim 5 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

263.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

264.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

265.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

266.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

267.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

268.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

### vi.    Claim 6

269.    Whether claim 6 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

270.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

271.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

272.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

273.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication in view of the '514 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

274.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

275.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

### vii.    Claim 7

276.    Whether claim 7 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

277.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

278.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

279.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister

35

support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

280.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication in view of the '514 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

281.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

282.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '406 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### viii.    Claim 8

283.    Whether claim 8 of the '289 Patent is obvious over the '406 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

284.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation

comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

285.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

286.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

287.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

288.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

37

289.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### 4.    Obviousness Over the '021 Publication in View of the Knowledge of the POSA and/or the '514 Publication

#### i.    Claim 1

290.    Whether claim 1 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

291.    Whether the '021 Publication discloses an inhaler for metered dose inhalation.

292.    Whether the '021 Publication discloses an inhaler having a main body with a canister housing.

293.    Whether the '021 Publication discloses an inhaler having a medicament canister, moveable relative to the canister housing.

294.    Whether the '021 Publication discloses an inhaler having a medicament canister, moveable relative to the dose counter.

295.    Whether the '021 Publication discloses an inhaler having a medicament canister retained in a central outlet port of the canister housing arranged to mate with a canister fire stem of the medicament canister.

296.    Whether the '021 Publication discloses an inhaler having a dose counter.

297.    Whether the '021 Publication discloses a dose counter with an actuation member having at least a portion thereof located in the canister housing for operation by movement of the medicament canister.

298.    Whether the '021 Publication discloses an inhaler with a canister housing having an inner wall.

299.    Whether the '021 Publication discloses an inhaler where the canister housing has a longitudinal axis X passing through the center of the central outlet port.

300.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

301.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

302.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

303.    Whether, in view of the '514 Publication, a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

304.    Whether, in view of the '021 Publication, a person of skill in the art would have been motivated to modify the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

305.    Whether, in view of the '021 Publication, a person of skill in the art would have expected success in modifying the canister housing disclosed in the '406 Publication to include an inner wall canister support formation extending inwardly from the inner wall of the canister housing.

306.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

307.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

308.    Whether a person of skill in the art, in view of the '514 Publication, would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation positioned such that the inner wall canister support formation, actuation member, and the central outlet port lie in a common plain coincident with longitudinal axis X.

309.    Whether a person of skill in the art, in view of the '514 Publication, would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation, the actuation member, and the central outlet port in an arrangement such that a straight line can be drawn through the inner wall canister support formation, the actuation member, and the center of the central outlet port.

ii.    Claim 2

310.    Whether claim 2 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

311.    Whether the '021 Publication discloses an inhaler having a medicament canister, moveable relative to the dose counter.

### iii.    Claim 3

312.    Whether claim 3 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

313.    Whether the '021 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

314.    Whether the '021 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

315.    Whether it would have been obvious to a POSA modify the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

316.    Whether a POSA would have expected success in modifying the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

41

iv.    **Claim 4**

317.    Whether claim 4 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

318.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

319.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

320.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

321.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

322.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

323.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body.

### v.    Claim 5

324.    Whether claim 5 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

325.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

326.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

327.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

328.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

329.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

330.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has a step formed thereon.

### vi.    Claim 6

331.    Whether claim 6 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

332.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

333.    Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

334.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body.

vii.     Claim 7

335.     Whether claim 7 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

336.     Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

337.     Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

338.     Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

339.     Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication in view of the '514 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

340.     Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

341.     Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '021 Publication to include a plurality of inner wall canister support formations comprising support rails which extend longitudinally along an inside surface of the main body, wherein two of the plurality of support rails are positioned at opposite ends of the inside surface of the main body to face each other.

### viii.     Claim 8

342.     Whether claim 8 of the '289 Patent is obvious over the '021 Publication in combination with the knowledge of the POSA and/or the '514 Publication.

343.     Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

344.     Whether a person of skill in the art would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

46

345.    Whether a person of skill in the art would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

346.    Whether a person of skill in the art would find it obvious to modify the canister housing disclosed in the '021 Publication in view of the '514 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

347.    Whether a person of skill in the art, in view of the '514 Publication, would have been motivated to modify the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

348.    Whether a person of skill in the art, in view of the '514 Publication, would have expected success in modifying the canister housing disclosed in the '021 Publication to include an inner wall canister support formation comprising a support rail which extends longitudinally along an inside surface of the main body, and has two steps formed thereon, the steps being spaced apart longitudinally along an inside surface of the main body.

### D.    '587 Patent

#### 1.    Anticipation by the '406 Publication

##### i.    Claim 1

47

Introductory Statement:  Claim 1 of the '587 Patent is identical to Claim 1 of the '289

Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 1 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289,

but incorporate by reference Paragraphs 249-260 above as contested facts with respect to claim 1

of the '587 Patent.

349.    Whether the '406 Publication anticipates claim 1 of the '587 Patent.

350.    Whether the '406 Publication discloses a first inner wall canister support formation,

that protects against unwanted actuation of the dose counter by reducing rocking of the

medicament canister relative to the main body of the inhaler.

### ii.    Claim 2

351.    Whether the '406 Publication anticipates claim 2 of the '587 Patent.

352.    Whether the '406 Publication discloses an inhaler having a medicament canister,

moveable relative to the dose counter.

### iii.    Claim 3

353.    Whether the '406 Publication anticipates claim 3 of the '587 Patent.

354.    Whether the '406 Publication discloses an aperture formed in the inner wall through which the portion of the actuation member extends.

355.    Whether the '406 Publication discloses an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

### iv.    Claim 12

Introductory Statement:  Claim 12 of the '587 Patent is identical to Claim 1 of the '289 Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 12 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289, but incorporate by reference Paragraphs 249-260 above as contested facts with respect to claim 12 of the '587 Patent.

356.    Whether the '406 Publication anticipates claim 12 of the '587 Patent.

357.    Whether the '406 Publication discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

### 2.    Anticipation by the '514 Publication

i.      Claim 1

Introductory Statement:  Claim 1 of the '587 Patent is identical to Claim 1 of the '289

Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 1 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289,

but incorporate by reference Paragraphs 266-277 above as contested facts with respect to claim 1

of the '587 Patent.

358.    Whether the '514 Publication anticipates claim 1 of the '587 Patent.

359.    Whether the '514 Publication discloses a first inner wall canister support formation,

that protects against unwanted actuation of the dose counter by reducing rocking of the

medicament canister relative to the main body of the inhaler.

ii.      Claim 4

360.    Whether the '514 Publication anticipates claim 4 of the '587 Patent.

361.    Whether the '514 Publication discloses a first inner wall canister support formation

comprising a support rail which extends longitudinally along an inside surface of the main body.

iii.      Claim 5

362.    Whether the '514 Publication anticipates claim 5 of the '587 Patent.

363.    Whether the '514 Publication discloses  a support rail with a step formed thereon.

### iv.    Claim 6

364.    Whether the '514 Publication anticipates claim 6 of the '587 Patent.

365.    Whether the '514 Publication discloses a plurality of support rails extending longitudinally along an inside surface of the canister housing.

### v.    Claim 7

366.    Whether the '514 Publication anticipates claim 7 of the '587 Patent.

367.    Whether the '514 Publication discloses at least two support rails positioned at opposite ends of the inside surface of the main body of the inhaler to face each other.

### vi.    Claim 8

368.    Whether the '514 Publication anticipates claim 7 of the '587 Patent.

369.    Whether the '514 Publication discloses at least two support rails positioned at opposite ends of the inside surface of the main body of the inhaler to face each other.

### vii.    Claim 12

Introductory Statement:  Claim 1 of the '587 Patent is identical to Claim 1 of the '289 Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 1 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by** |

| | |
|---|---|
| | **reducing rocking of the medicament canister relative to the main body of the inhaler.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289, but incorporate by reference Paragraphs 249-260 and 266-277 above as contested facts with respect to claim 1 of the '587 Patent.

370.    Whether the '514 Publication anticipates claim 12 of the '587 Patent.

371.    Whether the '514 Publication discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

### 3.    Obviousness Over the '406 Publication in View of the Knowledge of the POSA and/or the '514 Publication

### i.    Claim 1

Introductory Statement:  Claim 1 of the '587 Patent is identical to Claim 1 of the '289 Patent, except for the final limitations, which read:

| **'289 Patent Claim 1** | **'587 Patent Claim 1** |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289, but incorporate by reference Paragraphs 249-260, 266-277, and 288-299 above as contested facts with respect to claim 1 of the '587 Patent.

372.    Whether claim 1 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

373.    Whether the '406 Publication in combination with the knowledge of the person of skill in the art discloses a first inner wall canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

374.    Whether the '406 Publication in combination with '514 Publication discloses a first inner wall canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.

375.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have been motivated to add a first inner wall canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler to the canister housing of the '406 Publication.

376.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have expected success in adding a first inner wall canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler to the canister housing of the '406 Publication.

ii.    **Claim 2**

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference

Paragraphs 261-262 and 300-301 above as contested facts with respect to claim 2 of the '587 Patent.

377.    Whether claim 2 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### iii.    Claim 3

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 263-265 and 302-306 above as contested facts with respect to claim 3 of the '587 Patent.

378.    Whether claim 3 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

379.    Whether it would have been obvious to a POSA modify the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

380.    Whether a POSA would have expected success in modifying the internal walls of the inhaler body of the '406 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

### iv.    Claim 4

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 278-279 and 307-313 above as contested facts with respect to claim 4 of the '587 Patent.

381.    Whether claim 4 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### v.    Claim 5

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 280-281 and 314-320 above as contested facts with respect to claim 5 of the '587 Patent.

382.    Whether claim 5 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### vi.    Claim 6

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 282-283 and 321-327 above as contested facts with respect to claim 6 of the '587 Patent.

383.    Whether claim 6 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### vii.    Claim 7

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 284-285 and 328-334 above as contested facts with respect to claim 7 of the '587 Patent.

384.    Whether claim 7 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### viii.    Claim 8

Introductory Statement: For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 286-287 and 335-341 above as contested facts with respect to claim 8 of the '587 Patent.

385.    Whether claim 8 of the '587 Patent is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### ix.    Claim 12

Introductory Statement: Claim 12 of the '587 Patent is identical to Claim 1 of the '289 Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 12 |
| --- | --- |
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289, but incorporate by reference Paragraphs 249-260, 266-277, and 288-299 above as contested facts with respect to claim 12 of the '587 Patent.

386.    Whether claim 12 of the '587 is obvious over the '406 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

387.    Whether the '406 Publication in combination with the knowledge of the person of skill in the art discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

388.    Whether the '406 Publication in combination with '514 Publication discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

389.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have been motivated to add a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member to the canister housing of the '406 Publication.

390.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have expected success in adding a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member to the canister housing of the '406 Publication.

**4.    Obviousness Over the '021 Publication in View of the Knowledge of the POSA and/or the '514 Publication**

i.    **Claim 1**

Introductory Statement:  Claim 1 of the '587 Patent is identical to Claim 1 of the '289

Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 1 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289,

but incorporate by reference Paragraphs 266-277 and 342-361 above as contested facts with

respect to claim 1 of the '587 Patent.

391.    Whether claim 1 of the '587 is obvious over the '021 Publication in combination

with the knowledge of the person of skill in the art and/or the '514 Publication.

392.    Whether the '021 Publication in combination with the knowledge of the person of

skill in the art discloses a first inner wall canister support formation that protects against unwanted

actuation of the dose counter by reducing rocking of the medicament canister relative to the main

body of the inhaler.

393.    Whether the '021 Publication in combination with '514 Publication discloses a first

inner wall canister support formation that protects against unwanted actuation of the dose counter

by reducing rocking of the medicament canister relative to the main body of the inhaler.

394.    Whether in view of the knowledge of the person of skill in the art and/or in view of

the '514 Publication, a person of skill in the art would have been motivated to add a first inner wall

canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler to the canister housing of the '021 Publication.

395.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have expected success in adding a first inner wall canister support formation that protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler to the canister housing of the '021 Publication.

### ii.    Claim 2

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 362-363 above as contested facts with respect to claim 2 of the '587 Patent.

396.    Whether claim 2 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### iii.    Claim 3

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 364-368 above as contested facts with respect to claim 3 of the '587 Patent.

397.    Whether claim 3 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

398.    Whether it would have been obvious to a POSA modify the internal walls of the inhaler body of the '021 Publication to include an internal wall of the inhaler body that is

horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

399.    Whether a POSA would have expected success in modifying the internal walls of the inhaler body of the '021 Publication to include an internal wall of the inhaler body that is horizontal, through which a portion of the actuation member extends, where horizontal means substantially perpendicular to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medication.

### iv.    Claim 4

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 278-279 and 369-375 above as contested facts with respect to claim 4 of the '587 Patent.

400.    Whether claim 4 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### v.    Claim 5

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 280-281 and 376-382 above as contested facts with respect to claim 5 of the '587 Patent.

401.    Whether claim 5 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### vi.    Claim 6

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 282-283 and 383-386 above as contested facts with respect to claim 6 of the '587 Patent.

402.    Whether claim 6 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### vii.    Claim 7

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 284-285 and 387-393 above as contested facts with respect to claim 7 of the '587 Patent.

403.    Whether claim 7 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

### viii.    Claim 8

Introductory Statement:  For the sake of efficiency Defendants do not repeat contested facts previously set forth in connection with the '289 Patent, but instead incorporate by reference Paragraphs 286-287 and 394-400 above as contested facts with respect to claim 8 of the '587 Patent.

404.    Whether claim 8 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

ix.    **Claim 12**

Introductory Statement:  Claim 12 of the '587 Patent is identical to Claim 1 of the '289 Patent, except for the final limitations, which read:

| '289 Patent Claim 1 | '587 Patent Claim 12 |
|---|---|
| the inner wall canister support formation, the actuation member, and the central outlet port lying in a common plane coincident with the longitudinal axis X. | wherein the first inner wall canister support formation, the actuation member, and the central outlet port lie in a common plane coincident with the longitudinal axis X **such that the first inner wall canister support formation protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.** |

For the sake of efficiency, Defendants do not repeat the contested facts from claim 1 of the '289, but incorporate by reference Paragraphs 266-277 and 342-361 above as contested facts with respect to claim 12 of the '587 Patent.

405.    Whether claim 12 of the '587 is obvious over the '021 Publication in combination with the knowledge of the person of skill in the art and/or the '514 Publication.

406.    Whether the '021 Publication in combination with the knowledge of the person of skill in the art discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

407.    Whether the '021 Publication in combination with '514 Publication discloses a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member.

408.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have been motivated to add a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the

medicament canister towards or away from the actuation member to the canister housing of the '021 Publication.

409.    Whether in view of the knowledge of the person of skill in the art and/or in view of the '514 Publication, a person of skill in the art would have expected success in adding a first inner wall canister support formation that protects against dose counter errors by reducing rocking of the medicament canister towards or away from the actuation member to the canister housing of the '021 Publication.

### E.    '156 Patent

#### 1.    Anticipation by the '552 Publication

##### i.    Claim 1

410.    Whether the '552 Publication anticipates claim 1 of the '156 Patent.

411.    Whether the '552 Publication discloses a metered dose inhaler having a body arranged to retain a medicament canister of pre-determined configuration for movement of the medicament canister relative thereto.

412.    Whether the '552 Publication discloses a ratchet wheel having a plurality of circumferentially spaced teeth.

413.    Whether the '552 Publication discloses an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel.

414.    Whether the '552 Publication discloses that the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate.

415.    Whether the '552 Publication discloses a count pawl  arranged to engage with a second tooth of the ratchet wheel.

63

416.    Whether the '552 Publication discloses that when the ratchet wheel is driven by the actuator to rotate, the count pawl ride along a forward surface of the second tooth and resiliently jump over the second tooth.

417.    Whether the '552 Publication discloses a dosage indicator associated with the count pawl.

418.    Whether the '552 Publication discloses a configuration in which the actuator pawl are brought into engagement with the first tooth.

419.    Whether the '552 Publication discloses canister fire configuration, where the medicament canister fires medicament, and the dose counter has not yet reached a count configuration.

420.    Whether the '552 Publication discloses a count configuration in which the count pawl has resiliently jumped over the second tooth, and the dosage indicator has indicated a count.

421.    If Plaintiffs' identification of the datum plane is adopted, whether the '552 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

## ii.    Claim 9

422.    Whether the '552 Publication anticipates claim 9 of the '156 Patent.

423.    Whether the '552 Publication discloses that the count pawl and the ratchet wheel are arranged to permit one way incremental relative motion.

## iii.    Claim 11

424.    Whether the '552 Publication anticipates claim 11 of the '156 Patent.

425.    Whether the '552 Publication discloses an inhaler comprising the body arranged to retain the medicament canister of pre-determined configuration and the dose counter as claimed in claim 1.

### iv.    Claim 12

426.    Whether the '552 Publication anticipates claim 12 of the '156 Patent.

427.    Whether the '552 Publication discloses an inhaler body with a canister receiving portion.

428.    Whether the '552 Publication discloses an inhaler body with a separate counter chamber.

429.    Whether the '552 Publication discloses that the separate counter chamber contains a dose counter body, ratchet wheel, and actuator.

430.    Whether the '552 Publication discloses an inhaler body having wall surfaces separating the canister-receiving portion and the counter chamber, the wall surfaces being provided with a communication aperture.

431.    Whether the '552 Publication discloses communication apertures through which an actuation member extends.

432.    Whether the '552 Publication discloses that the actuation members transmit canister motion to the actuator.

### v.    Claim 13

433.    Whether the '552 Publication anticipates claim 13 of the '156 Patent.

434.    Whether the '552 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block

configured to receive the medicament canister; wherein the shoulder is a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

### 2.    Anticipation by the '021 Publication

#### i.    Claim 1

435.    Whether the '021 Publication anticipates claim 1 of the '156 Patent.

436.    Whether the '021 Publication discloses a metered dose inhaler having a body arranged to retain a medicament canister of pre-determined configuration for movement of the medicament canister relative thereto.

437.    Whether the '021 Publication discloses a ratchet wheel having a plurality of circumferentially spaced teeth.

438.    Whether the '021 Publication discloses an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel.

439.    Whether the '021 Publication discloses that the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate.

440.    Whether the '021 Publication discloses a count pawl arranged to engage with a second tooth of the ratchet wheel.

441.    Whether the '021 Publication discloses that when the ratchet wheel is driven by the actuator to rotate, the count pawl ride along a forward surface of the second tooth and resiliently jump over the second tooth.

442.    Whether the '021 Publication discloses a dosage indicator associated with the count pawl.

443.     Whether the '021 Publication discloses a configuration in which the actuator pawl are brought into engagement with the first tooth.

444.     Whether the '021 Publication discloses canister fire configuration, where the medicament canister fires medicament, and the dose counter has not yet reached a count configuration.

445.     Whether the '021 Publication discloses a count configuration in which the count pawl has resiliently jumped over the second tooth, and the dosage indicator has indicated a count.

446.     Whether the '021 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

### ii.     Claim 9

447.     Whether the '021 Publication anticipates claim 9 of the '156 Patent.

448.     Whether the '021 Publication discloses that the count pawl and the ratchet wheel are arranged to permit one way incremental relative motion.

### iii.     Claim 11

449.     Whether the '021 Publication anticipates claim 11 of the '156 Patent.

450.     Whether the '021 Publication discloses an inhaler comprising the body arranged to retain the medicament canister of pre-determined configuration and the dose counter as claimed in claim 1.

### iv.     Claim 12

451.     Whether the '021 Publication anticipates claim 12 of the '156 Patent.

452.    Whether the '021 Publication discloses an inhaler body with a canister receiving portion.

453.    Whether the '021 Publication discloses an inhaler body with a separate counter chamber.

454.    Whether the '021 Publication discloses that the separate counter chamber contains a dose counter body, ratchet wheel, and actuator.

455.    Whether the '021 Publication discloses an inhaler body having wall surfaces separating the canister-receiving portion and the counter chamber, the wall surfaces being provided with a communication aperture.

456.    Whether the '021 Publication discloses communication apertures through which an actuation member extends.

457.    Whether the '021 Publication discloses that the actuation members transmit canister motion to the actuator.

### v.    Claim 13

458.    Whether the '021 Publication anticipates claim 13 of the '156 Patent.

459.    Whether the '021 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister; wherein the shoulder is a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

### 3.    Obviousness Over the '552 Publication in View of the Knowledge of the POSA

### i.    Claim 1

460.    Whether claim 1 of the '156 Patent is obvious over the '552 Publication.

461.    Whether the '552 Publication anticipates claim 1 of the '156 Patent.

462.    Whether the '552 Publication discloses a metered dose inhaler having a body arranged to retain a medicament canister of pre-determined configuration for movement of the medicament canister relative thereto.

463.    Whether the '552 Publication discloses a ratchet wheel having a plurality of circumferentially spaced teeth.

464.    Whether the '552 Publication discloses an actuator comprising an actuator pawl arranged to engage with a first tooth of the ratchet wheel.

465.    Whether the '552 Publication discloses that the actuator can be driven in response to canister motion to drive the ratchet wheel to rotate.

466.    Whether the '552 Publication discloses a count pawl  arranged to engage with a second tooth of the ratchet wheel.

467.    Whether the '552 Publication discloses that when the ratchet wheel is driven by the actuator to rotate, the count pawl ride along a forward surface of the second tooth and resiliently jump over the second tooth.

468.    Whether the '552 Publication discloses a dosage indicator associated with the count pawl.

469.    Whether the '552 Publication discloses a configuration in which the actuator pawl are brought into engagement with the first tooth.

470.    Whether the '552 Publication discloses canister fire configuration, where the medicament canister fires medicament, and the dose counter has not yet reached a count configuration.

471.    Whether the '552 Publication discloses a count configuration in which the count pawl  has resiliently jumped over the second tooth, and the dosage indicator has indicated a count.

472.    If Cipla's identification of the datum plane is adopted, whether it would have been obvious to a person of skill in the art to modify the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

473.    If Cipla's identification of the datum plane is adopted, whether a person of skill in the art would have been motived to modify the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

474.    If Cipla's identification of the datum plane is adopted, whether a person of skill in the art would have expected success in modifying the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

### ii.    Claim 9

475.    Whether claim 9 of the '156 Patent is obvious over the '552 Publication.

476.    Whether the '552 Publication discloses that the count pawl and the ratchet wheel are arranged to permit one way incremental relative motion.

### iii.    Claim 11

477.    Whether claim 11 of the '156 Patent is obvious over the '552 Publication.

478.    Whether the '552 Publication discloses an inhaler comprising the body arranged to retain the medicament canister of pre-determined configuration and the dose counter as claimed in claim 1.

### iv.    Claim 12

479.    Whether claim 12 of the '156 Patent is obvious over the '552 Publication.

480.    Whether the '552 Publication discloses an inhaler body with a canister receiving portion.

481.    Whether the '552 Publication discloses an inhaler body with a separate counter chamber.

482.    Whether the '552 Publication discloses that the separate counter chamber contains a dose counter body, ratchet wheel, and actuator.

483.    Whether the '552 Publication discloses an inhaler body having wall surfaces separating the canister-receiving portion and the counter chamber, the wall surfaces being provided with a communication aperture.

484.    Whether the '552 Publication discloses communication apertures through which an actuation member extends.

485.    Whether the '552 Publication discloses that the actuation members transmit canister motion to the actuator.

### v.    Claim 13

486.    Whether claim 13 of the '156 Patent is obvious over the '552 Publication.

487.    Whether it would have been obvious to a person of skill in the art to modify the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane

71

which passes through a shoulder of a valve stem block configured to receive the medicament canister, wherein the shoulder is at a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

488.    Whether a person of skill in the art would have been motived to modify the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister, wherein the shoulder is at a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

489.    Whether a person of skill in the art would have expected success in modifying the '552 Publication such that in a canister fire configuration the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister, wherein the shoulder is at a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

### 4.    Obviousness Over the '406 Publication in View of the Knowledge of the POSA

#### i.    Claim 1

490.    Whether claim 1 of the '156 Patent is obvious over the '406 Publication.

491.    Whether the '406 Publication discloses a metered dose inhaler having a body arranged to retain a medicament canister of pre-determined configuration for movement of the medicament canister relative thereto.

492.    Whether the '406 Publication discloses a medicament canister containing an active drug.

493.    Whether the '406 Publication discloses a dose counter for use in metered dose inhalers.

494.    Whether the '406 Publication discloses a ratchet wheel (units teeth ring) having a plurality of circumferentially spaced teeth.

495.    Whether the '406 Publication discloses an actuator (indexer) comprising an actuator pawl (protrusions on bottom of indexer) arranged to engage with a first tooth of the ratchet wheel (units teeth ring).

496.    Whether the '406 Publication discloses that the actuator (indexer) can be driven in response to canister motion to drive the ratchet wheel (units teeth ring) to rotate.

497.    Whether the '406 Publication discloses a count pawl (protrusions on the bottom of the indexer) arranged to engage with a second tooth of the ratchet wheel (units teeth ring).

498.    Whether the '406 Publication discloses that when the ratchet wheel (units teeth ring) is driven by the actuator (indexer) to rotate, the count pawl (protrusions on the bottom of the indexer) ride along a forward surface of the second tooth and resiliently jump over the second tooth.

499.    Whether the '406 Publication discloses a dosage indicator associated with the count pawl (protrusions on the bottom of the indexer).

500.    Whether the '406 Publication discloses a configuration in which the actuator pawl (protrusions on the bottom of the indexer) are brought into engagement with the first tooth.

501.    Whether the '406 Publication discloses canister fire configuration, where the medicament canister fires medicament, and the dose counter has not yet reached a count configuration.

502.    Whether the '406 Publication discloses a count configuration in which the count pawl (protrusions on the bottom of the indexer) has resiliently jumped over the second tooth, and the dosage indicator has indicated a count.

503.    Whether the '406 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister.

### ii.    Claim 9

504.    Whether claim 9 of the '156 Patent is obvious over the '406 Publication.

505.    Whether the '406 Publication discloses that the count pawl (protrusions on the bottom of the indexer) and the ratchet wheel (units teeth ring) are arranged to permit one way incremental relative motion.

### iii.    Claim 11

506.    Whether claim 11 of the '156 Patent is obvious over the '406 Publication.

507.    Whether the '406 Publication discloses an inhaler comprising the body arranged to retain the medicament canister of pre-determined configuration and the dose counter as claimed in claim 1.

### iv.    Claim 12

508.    Whether claim 12 of the '156 Patent is obvious over the '406 Publication.

509.    Whether the '406 Publication discloses an inhaler body with a canister receiving portion.

510.    Whether the '406 Publication discloses an inhaler body with a separate counter chamber (housing).

511.    Whether the '406 Publication discloses that the separate counter chamber (housing) contains a dose counter body, ratchet wheel (units teeth ring), and actuator (indexer).

512.    Whether the '406 Publication discloses an inhaler body having wall surfaces separating the canister-receiving portion and the counter chamber, the wall surfaces being provided with a communication aperture.

513.    Whether the '406 Publication discloses communication apertures through which an actuation member (castellation) extends.

514.    Whether the '406 Publication discloses that the actuation members (castellations) transmit canister motion to the actuator (indexer).

### v.    Claim 13

515.    Whether claim 13 of the '156 Patent is obvious over the '406 Publication.

516.    Whether the '406 Publication discloses a canister fire configuration wherein the actuator pawl is below a datum plane which passes through a shoulder of a valve stem block configured to receive the medicament canister; wherein the shoulder is a bottom surface within the valve stem block and the datum plane is perpendicular to a direction of the movement of the medicament canister.

### 5.    Indefiniteness of Claim 12

517.    Whether claim 12 of the '156 Patent is indefinite.

518.    Whether the term "the body" in claim 12 of the '156 Patent is indefinite.

### F.    '808 Patent

### 1.    Anticipation by the '552 Publication

### i.    Claim 1

519.    Whether the '552 Publication anticipates claim 1 of the '808 Patent.

520.    Whether the '552 Publication discloses a dose counter for use in inhalers.

521.    Whether the '552 Publication discloses a dose counter arranged to display dosage information.

522.    Whether the '552 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

523.    Whether the '552 Publication discloses a regulator arranged to act upon the counter display at the first station.

524.    Whether the '552 Publication discloses a regulator that regulates motion of the counter display at the first station to incremental movements.

### 2.    Anticipation by the '950 Publication

### i.    Claim 1

525.    Whether the '950 Publication anticipates claim 1 of the '808 Patent.

526.    Whether the '950 Publication discloses a dose counter for use in inhalers.

527.    Whether the '950 Publication discloses a dose counter arranged to display dosage information.

528.    Whether the '950 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

529.    Whether the '950 Publication discloses a regulator arranged to act upon the counter display at the first station.

530.    Whether the '950 Publication discloses a regulator that regulates motion of the counter display at the first station to incremental movements.

### 3.    Obviousness Over the '552 Publication in View of the Knowledge of the POSA

#### i.    Claim 1

531.    Whether claim 1 of the '808 Patent is obvious over the '552 Publication.

532.    Whether the '552 Publication discloses a dose counter for use in inhalers.

533.    Whether the '552 Publication discloses a dose counter arranged to display dosage information.

534.    Whether the '552 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

535.    Whether it would have been obvious to a person of skill in the art to modify the '552 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

536.    Whether a person of skill in the art would have been motivated to modify the '552 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

537.    Whether a person of skill in the art would have expected success in modifying the '552 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

### ii.    Claim 27

538.    Whether claim 27 of the '808 Patent is obvious over the '552 Publication.

539.    Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.1N regulated movement of the counter display to incremental movements.

### iii.    Claim 28

540.    Whether claim 28 of the '808 Patent is obvious over the '552 Publication.

541.    Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.3N regulated movement of the counter display to incremental movements.

## 4.    Obviousness Over the '950 Publication in View of the Knowledge of the POSA

### i.    Claim 1

542.    Whether claim 1 of the '808 Patent is obvious over the '950 Publication.

543.    Whether the '950 Publication discloses a dose counter for use in inhalers.

544.    Whether the '950 Publication discloses a dose counter arranged to display dosage information.

545.    Whether the '950 Publication discloses a dose counter with a drive system arranged to move a counter display incrementally in a first direction from a first station to a second station in response to actuation input.

546.     Whether it would have been obvious to a person of skill in the art to modify the '950 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

547.     Whether a person of skill in the art would have been motivated to modify the '950 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

548.     Whether a person of skill in the art would have expected success in modifying the '950 Publication to include a regulator arranged to act upon the counter display at the first station to regulate motion of the counter display at the first station to incremental movements.

### ii.     Claim 27

549.     Whether claim 27 of the '808 Patent is obvious over the '950 Publication.

550.     Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.1N regulated movement of the counter display to incremental movements.

### iii.     Claim 28

551.     Whether claim 28 of the '808 Patent is obvious over the '950 Publication.

552.     Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.3N regulated movement of the counter display to incremental movements.

## 5.     Obviousness Over the '406 Publication in View of the Knowledge of the POSA

### i.     Claim 1

553.    Whether claim 1 of the '808 Patent is obvious over the '406 Publication.

554.    Whether the '406 Publication discloses a dose counter for use in inhalers.

555.    Whether the '406 Publication discloses a dose counter arranged to display dosage information.

556.    Whether the '406 Publication discloses a dose counter with a drive system arranged to move a counter display (units display ring and/or tens cone) incrementally in a first direction from a first station to a second station in response to actuation input.

557.    Whether the '406 Publication discloses a regulator (leaf spring) arranged  to act upon the counter display (units display ring and/or tens cone) at the first station.

558.    Whether the '406 Publication discloses a regulator (leaf spring) that regulates motion of the counter display (units display ring and/or tens cone) at the first station to incremental movements.

### ii.    Claim 27

559.    Whether claim 27 of the '808 Patent is obvious over the '406 Publication.

560.    Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.1N regulated movement of the counter display to incremental movements.

### iii.    Claim 28

561.    Whether claim 28 of the '808 Patent is obvious over the '406 Publication.

562.    Whether it would have been a matter of routine optimization for a person of skill in the art to determine that a force of great than 0.3N regulated movement of the counter display to incremental movements.

### 6.     Inadequate Written Description Support

563.    If Plaintiffs' construction of "counter display arranged to indicate dosage information" is adopted, whether claim 1 lacks written description support.

564.    If Plaintiffs' construction of "counter display arranged to indicate dosage information" is adopted, whether a POSA would understand that the inventors had possession of the full scope of the inventions, including a counter display moving in two different directions simultaneously without undue experimentation in view of the specification of the '808 Patent.

### 7.     Inadequate Enablement Support

565.    If Plaintiffs' construction of "counter display arranged to indicate dosage information" is adopted, whether claim 1 lacks enablement.

566.    If Plaintiffs' construction of "counter display arranged to indicate dosage information" is adopted, whether a POSA could practice the full scope of the inventions, including a counter display moving in two different directions simultaneously without undue experimentation in view of the  disclosure of the '808 Patent and/or the POSA's knowledge.

## III.    Alleged Objective Indicia of Non-Obviousness

567.    Whether long-felt, unmet needs support the non-obviousness of the Asserted Claims.

568.    Whether any long-felt unmet need was resolved by the Asserted Claims.

569.    Whether there is a nexus between any long-felt unmet need allegedly resolved by the Asserted Claims and the Asserted Claims.

570.    Whether any alleged long-felt unmet need allegedly resolved by the Asserted Claims supports a finding of non-obviousness over the asserted obviousness combinations.

571.    Whether there was any long-felt unmet need for inhalers with dose counters with the functionality, accuracy, and reliability of the inhalers with dose counter in the Asserted Claims.

572.    Whether there was any long-felt unmet need for inhalers with dose counters that can be cleaned.

573.    Whether the ability to be cleaned has any nexus to the Asserted Claims.

574.    Whether there was any long-felt unmet need for inhalers with dose counters with the manufacturability of the inhalers with dose counters in the Asserted Claims.

575.    Whether manufacturability has any nexus to the Asserted Claims.

576.    Whether there is a nexus between any alleged industry acceptance as the Asserted Claims.

577.    Whether there was a long-felt unmet need for inhalers with dose counters with the particular "human factors (including aesthetics, ergonomics and other human factors)" of the inhalers with dose counter in the Asserted Claims.

578.    Whether the alleged "human factors (including aesthetics, ergonomics and other human factors)" have any nexus to the Asserted Claims.

579.    Whether industry acceptance supports the non-obviousness of the Asserted Claims.

580.    Whether the inventions claimed by the Asserted Claims have received industry recognition.

581.    Whether industry acceptance is established by FDA approval.

582.    Whether any alleged industry acceptance supports a finding of non-obviousness over the asserted obviousness combinations.

583.    Whether industry praise supports the non-obviousness of the Asserted Claims.

584.    Whether the inventions claimed by the Asserted Claims have received praise.

585.    Whether there is any alleged nexus between any alleged praise and the Asserted Patents.

586.    Whether the alleged praise is praise.

587.    Whether any alleged praise supports a finding of non-obviousness over the asserted obviousness combinations.

588.    Whether copying supports the non-obviousness of the Asserted Claims.

589.    Whether Defendants copied the inhaler and dose counter claimed by the Asserted Claims.

590.    Whether any alleged copying is copying.

591.    Whether copying in the ANDA context is evidence of non-obviousness.

592.    Whether any alleged copying of the Asserted Claims supports a finding of non-obviousness over the asserted obviousness combinations.

593.    Whether failure of others supports the non-obviousness of the Asserted Claims.

594.    Whether any others tried and failed in developing inhalers and/or dose counters satisfying the limitations of the Asserted Claims.

595.    Whether any others tried and failed to solve problems allegedly addressed by the limitations of the Asserted Claims.

## IV.    Remedies

596.    Whether Cipla is entitled to a declaration and judgment that Cipla does not infringe the Asserted Claims.

597.    Whether Aurobindo is entitled to a declaration and judgment that Aurobindo does not infringe the Asserted Claims.

598.    Whether Defendants are entitled to a declaration and judgment that the Asserted Claims are invalid.

599.    Whether Cipla is entitled to a declaration and judgment that Cipla has the lawful right to manufacture, import, use, sell, and/or offer to sell Cipla's ANDA Product in the United States following approval from the FDA.

600.    Whether Aurobindo is entitled to a declaration and judgment that Cipla has the lawful right to manufacture, import, use, sell, and/or offer to sell Cipla's ANDA Product in the United States following approval from the FDA.

601.    Whether Cipla is entitled to an injunction prohibiting Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, '156, and '808 Patents against Cipla or any of its customers, dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587, '156, and '808 Patents.

602.    Whether Aurobindo is entitled to an injunction prohibiting Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them be preliminarily and permanently enjoined from threatening or initiating litigation alleging infringement of the '289, '587, and '808 Patents against Cipla or any of its customers, dealers, or supplies, or any prospective or present sellers, dealers, distributors, or customers, or charging them, orally or in writing, with infringement of the '289, '587, and '808 Patents.

603.    Whether Cipla is entitled to an award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

604.    Whether Cipla is entitled to an award of costs under Federal Rule of Civil Procedure 54(d)(1).

605.    Whether Aurobindo is entitled to an award of attorney's fees under 35 U.S.C. § 285 because this is an exceptional case.

606.    Whether Aurobindo is entitled to an award of costs under Federal Rule of Civil Procedure 54(d)(1).

56570199

# Exhibit C

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Bajpayee, Priyanka | 5 | 23 | 6 | 3 | | | | |
| Bajpayee, Priyanka | 6 | 5 | 6 | 12 | | | | |
| Bajpayee, Priyanka | 7 | 18 | 7 | 22 | | | | |
| Bajpayee, Priyanka | 8 | 6 | 8 | 9 | | | | |
| Bajpayee, Priyanka | 10 | 9 | 10 | 19 | | | | |
| Bajpayee, Priyanka | 11 | 13 | 11 | 18 | | | | |
| Bajpayee, Priyanka | 16 | 18 | 17 | 3 | | | | |
| Bajpayee, Priyanka | 17 | 6 | 17 | 18 | | | | |
| Bajpayee, Priyanka | 17 | 21 | 17 | 23 | | | | |
| Bajpayee, Priyanka | 17 | 25 | 18 | 7 | S, V | | | |
| Bajpayee, Priyanka | 18 | 11 | 18 | 23 | S, V | | | |
| Bajpayee, Priyanka | 23 | 2 | 23 | 3 | | | | |
| Bajpayee, Priyanka | 23 | 9 | 23 | 16 | | | | |
| Bajpayee, Priyanka | 24 | 5 | 24 | 19 | | | | |
| Bajpayee, Priyanka | 24 | 21 | 24 | 23 | | | | |
| Bajpayee, Priyanka | 24 | 24 | 25 | 6 | | 25:7-14 | U, O | |
| Bajpayee, Priyanka | 25 | 15 | 26 | 25 | NT (27:11-13) | | | |
| Bajpayee, Priyanka | 27 | 11 | 27 | 25 | V | | | |
| Bajpayee, Priyanka | 28 | 3 | 28 | 7 | V | | | |
| Bajpayee, Priyanka | 28 | 11 | 28 | 22 | | | | |
| Bajpayee, Priyanka | 29 | 10 | 29 | 16 | | | | |
| Bajpayee, Priyanka | 29 | 23 | 29 | 25 | | 30:1-16 | U, O | |
| Bajpayee, Priyanka | 31 | 11 | 31 | 15 | C, P, R | | | |
| Bajpayee, Priyanka | 31 | 24 | 32 | 21 | C, P, R | | | |
| Bajpayee, Priyanka | 33 | 10 | 33 | 13 | | | | |
| Bajpayee, Priyanka | 33 | 17 | 33 | 19 | | | | |
| Bajpayee, Priyanka | 33 | 22 | 34 | 3 | | | | |
| Bajpayee, Priyanka | 34 | 7 | 34 | 19 | | 34:20-35-10 | U, O, appears to contain a typographical error | |
| Bajpayee, Priyanka | 35 | 11 | 36 | 24 | C, P, R | | | |
| Bajpayee, Priyanka | 37 | 14 | 37 | 14 | | | | |
| Bajpayee, Priyanka | 38 | 1 | 38 | 2 | | | | |
| Bajpayee, Priyanka | 38 | 5 | 38 | 12 | | | | |
| Bajpayee, Priyanka | 38 | 17 | 38 | 21 | | | | |
| Bajpayee, Priyanka | 38 | 25 | 39 | 4 | C, P, R | | | |
| Bajpayee, Priyanka | 39 | 17 | 40 | 6 | C, P, R | | | |
| Bajpayee, Priyanka | 40 | 10 | 40 | 13 | C, P, R | | | |
| Bajpayee, Priyanka | 41 | 1 | 41 | 3 | | | | |
| Bajpayee, Priyanka | 41 | 5 | 41 | 7 | | | | |
| Bajpayee, Priyanka | 44 | 6 | 44 | 8 | | | | |
| Bajpayee, Priyanka | 44 | 16 | 45 | 11 | C, P, R | | | |
| Bajpayee, Priyanka | 45 | 18 | 45 | 19 | C, P, R, LF | 45:11-17 | U, O | |
| Bajpayee, Priyanka | 45 | 22 | 46 | 4 | C, P, R, LF | | | |
| Bajpayee, Priyanka | 46 | 5 | 46 | 13 | C, P, R | 46:17-21, 47:2-6 | U, O | |
| Bajpayee, Priyanka | 48 | 19 | 48 | 22 | | 48:23-49:5 | U, O | |
| Bajpayee, Priyanka | 50 | 3 | 50 | 6 | | | | |
| Bajpayee, Priyanka | 54 | 11 | 54 | 13 | | | | |
| Bajpayee, Priyanka | 54 | 19 | 55 | 21 | | | | |
| Bajpayee, Priyanka | 56 | 7 | 56 | 10 | | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Bajpayee, Priyanka | 56 | 15 | 57 | 9 | | | | |
| Bajpayee, Priyanka | 57 | 17 | 57 | 22 | LF, O | | | |
| Bajpayee, Priyanka | 57 | 25 | 58 | 10 | LF, O | | | |
| Bajpayee, Priyanka | 58 | 13 | 58 | 17 | O | | | |
| Bajpayee, Priyanka | 58 | 20 | 59 | 2 | O | | | |
| Bajpayee, Priyanka | 59 | 3 | 58 | 3 | | | | |
| Bajpayee, Priyanka | 59 | 8 | 59 | 10 | | 59:11-19 | U, O | |
| Bajpayee, Priyanka | 61 | 23 | 62 | 7 | | | | |
| Bajpayee, Priyanka | 62 | 8 | 63 | 2 | | 63:3-5, 63:8-13 | U, O | |
| Bajpayee, Priyanka | 65 | 13 | 66 | 14 | | | | |
| Bajpayee, Priyanka | 66 | 16 | 71 | 9 | | 71:10, 71:12-22, 71:25-72:7 | U, O | |
| Bajpayee, Priyanka | 72 | 8 | 72 | 20 | | | | |
| Bajpayee, Priyanka | 72 | 22 | 72 | 25 | | | | |
| Bajpayee, Priyanka | 73 | 2 | 73 | 20 | | | | |
| Bajpayee, Priyanka | 73 | 24 | 76 | 12 | | | | |
| Bajpayee, Priyanka | 76 | 14 | 78 | 3 | | 78:6-7, 78:10-22 | U, O | |
| Bajpayee, Priyanka | 86 | 6 | 86 | 24 | C, P, R | | | |
| Bajpayee, Priyanka | 87 | 2 | 90 | 3 | C, P, R | | | |
| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
| Carr, Deborah | 7 | 6 | 7 | 19 | | | | |
| Carr, Deborah | 13 | 5 | 13 | 20 | R, LF | | | |
| Carr, Deborah | 14 | 12 | 17 | 20 | R, F, O, S, 30(b)(6) | | | |
| Carr, Deborah | 18 | 12 | 19 | 4 | | | | |
| Carr, Deborah | 19 | 19 | 20 | 3 | | | | |
| Carr, Deborah | 20 | 15 | 21 | 1 | R | | | |
| Carr, Deborah | 22 | 9 | 22 | 11 | R | | | |
| Carr, Deborah | 22 | 20 | 23 | 3 | R | 24:4-26:2 | U, O | 25:21-26:2 |
| Carr, Deborah | 27 | 19 | 28 | 3 | R, F, O, LF | | | |
| Carr, Deborah | 28 | 21 | 29 | 13 | R, F, O, LF | 28:18-20 | U, O | |
| Carr, Deborah | 30 | 4 | 30 | 8 | | | | |
| Carr, Deborah | 30 | 17 | 30 | 22 | | | | |
| Carr, Deborah | 31 | 9 | 31 | 12 | | | | |
| Carr, Deborah | 31 | 19 | 31 | 22 | | 32:16-20 | U, O | |
| Carr, Deborah | 32 | 21 | 33 | 6 | | 33:7-10, 18-22, 36:23-37:13, 43:19-44:4, | U, O | |
| Carr, Deborah | 34 | 7 | 34 | 10 | | | | |
| Carr, Deborah | 34 | 12 | 35 | 17 | R | | | |
| Carr, Deborah | 40 | 3 | 40 | 22 | NT | | | |
| Carr, Deborah | 41 | 5 | 41 | 11 | R,F, O, LF | 40:24-41:4, 42:12-43:4 | U, O | |
| Carr, Deborah | 41 | 18 | 41 | 21 | R, F, O, LF | 40:24-41:4, 42:12-43:4 | U, O | |
| Carr, Deborah | 48 | 17 | 48 | 19 | NT | | | |
| Carr, Deborah | 48 | 21 | 48 | 24 | | | | |
| Carr, Deborah | 49 | 5 | 49 | 18 | | | | |
| Carr, Deborah | 49 | 25 | 53 | 18 | R, O, LF | 54:22-56:8 | U, O, X | |
| Carr, Deborah | 56 | 14 | 56 | 15 | R | | | |
| Carr, Deborah | 57 | 8 | 57 | 21 | R | | | |
| Carr, Deborah | 58 | 1 | 58 | 10 | | | | |
| Carr, Deborah | 58 | 21 | 58 | 25 | | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Carr, Deborah | 59 | 5 | 59 | 25 | | | | |
| Carr, Deborah | 60 | 2 | 60 | 5 | NT | | | |
| Carr, Deborah | 60 | 7 | 61 | 11 | | | | |
| Carr, Deborah | 61 | 22 | 62 | 15 | R | | | |
| Carr, Deborah | 63 | 2 | 64 | 8 | LF, O, F | 64:9-22 | U, O | |
| Carr, Deborah | 68 | 15 | 68 | 24 | R | | | |
| Carr, Deborah | 70 | 1 | 70 | 19 | R, LF, F | 71:4-23 | U, O, X | |
| Carr, Deborah | 71 | 24 | 72 | 15 | | 73:9-20 | U, O | |
| Carr, Deborah | 73 | 21 | 73 | 24 | NT | | | |
| Carr, Deborah | 74 | 9 | 74 | 11 | O, LF | 74:2-8, 17-23 | U, O | |
| Carr, Deborah | 75 | 12 | 76 | 25 | O, LF | 74:2-8, 17-23 | U, O | |
| Carr, Deborah | 77 | 2 | 77 | 14 | O, LF | 74:2-8, 17-23 | U, O | |
| Carr, Deborah | 77 | 16 | 78 | 19 | NT | | | |
| Carr, Deborah | 78 | 21 | 79 | 21 | O, LF | | | |
| Carr, Deborah | 82 | 5 | 82 | 14 | | 74:2-8, 17-23 | U, O | |
| Carr, Deborah | 92 | 2 | 92 | 17 | F, O | | | |
| Carr, Deborah | 96 | 2 | 96 | 18 | F, O | | | |
| Carr, Deborah | 97 | 16 | 97 | 19 | NT | | | |
| Carr, Deborah | 97 | 25 | 98 | 5 | | | | |
| Carr, Deborah | 98 | 15 | 99 | 17 | R | | | |
| Carr, Deborah | 100 | 4 | 101 | 16 | R | | | |
| Carr, Deborah | 101 | 18 | 101 | 22 | R | | | |
| Carr, Deborah | 102 | 2 | 102 | 5 | NT | | | |
| Carr, Deborah | 102 | 14 | 103 | 11 | F, O | | | |
| Carr, Deborah | 103 | 13 | 105 | 15 | NT | | | |
| Carr, Deborah | 109 | 21 | 110 | 21 | R | | | |
| Carr, Deborah | 111 | 1 | 111 | 9 | R | | | |
| Carr, Deborah | 115 | 18 | 116 | 4 | | | | |
| Carr, Deborah | 117 | 19 | 119 | 20 | R | | | |
| Carr, Deborah | 120 | 7 | 121 | 3 | | | | |
| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
| Holt, Jay | 8 | 10 | 8 | 12 | | | | |
| Holt, Jay | 8 | 15 | 8 | 23 | | | | |
| Holt, Jay | 10 | 17 | 10 | 22 | | | | |
| Holt, Jay | 11 | 6 | 11 | 9 | NT | | | |
| Holt, Jay | 11 | 18 | 11 | 20 | | | | |
| Holt, Jay | 12 | 5 | 12 | 12 | | | | |
| Holt, Jay | 12 | 15 | 12 | 16 | | | | |
| Holt, Jay | 14 | 9 | 15 | 16 | | | | |
| Holt, Jay | 16 | 8 | 17 | 6 | | | | |
| Holt, Jay | 17 | 23 | 18 | 2 | R, O, LF, S | | | |
| Holt, Jay | 18 | 8 | 19 | 18 | R, O, LF, S | | | |
| Holt, Jay | 19 | 23 | 20 | 4 | | | | |
| Holt, Jay | 21 | 5 | 22 | 4 | R, 30(b(6), O | | | |
| Holt, Jay | 22 | 10 | 22 | 15 | R | | | |
| Holt, Jay | 22 | 21 | 23 | 3 | | | | |
| Holt, Jay | 23 | 11 | 24 | 21 | | | | |
| Holt, Jay | 26 | 17 | 28 | 7 | | 28:9-29:12 | U, O | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Holt, Jay | 29 | 13 | 30 | 23 | | | | |
| Holt, Jay | 31 | 8 | 31 | 18 | | | | |
| Holt, Jay | 33 | 16 | 33 | 19 | | | | |
| Holt, Jay | 34 | 13 | 34 | 19 | | | | |
| Holt, Jay | 35 | 10 | 35 | 18 | | | | |
| Holt, Jay | 35 | 25 | 36 | 6 | | | | |
| Holt, Jay | 36 | 25 | 40 | 3 | | | | |
| Holt, Jay | 40 | 14 | 40 | 25 | | | | |
| Holt, Jay | 41 | 7 | 41 | 9 | | | | |
| Holt, Jay | 41 | 15 | 41 | 21 | | | | |
| Holt, Jay | 42 | 1 | 42 | 3 | | | | |
| Holt, Jay | 43 | 3 | 43 | 7 | | | | |
| Holt, Jay | 43 | 13 | 43 | 21 | R, S | | | |
| Holt, Jay | 44 | 2 | 44 | 19 | | | | |
| Holt, Jay | 44 | 25 | 45 | 7 | | | | |
| Holt, Jay | 45 | 11 | 45 | 18 | | | | |
| Holt, Jay | 45 | 24 | 50 | 11 | F, O | | | |
| Holt, Jay | 50 | 23 | 52 | 8 | F, O | 50:12-16 | U, O | |
| Holt, Jay | 53 | 10 | 53 | 22 | | | | |
| Holt, Jay | 55 | 18 | 61 | 3 | F, O | 61:4-11 | U, O | |
| Holt, Jay | 61 | 12 | 61 | 15 | F | | | |
| Holt, Jay | 61 | 19 | 62 | 8 | | 61:16-18, 62:19-21 | U, O | |
| Holt, Jay | 62 | 14 | 63 | 18 | F, O, S, LF | 61:16-18 | U, O | |
| Holt, Jay | 64 | 5 | 65 | 20 | F, O, LF, S | 61:16-18 | U, O | |
| Holt, Jay | 65 | 24 | 66 | 21 | F | | | |
| Holt, Jay | 67 | 21 | 67 | 7 | F, In | | | |
| Holt, Jay | 67 | 19 | 68 | 21 | F, S | | | |
| Holt, Jay | 69 | 12 | 69 | 24 | S | 69:8-11, 69:25-70:3, 70:12-71:2 | U, O | |
| Holt, Jay | 70 | 4 | 70 | 11 | R | 69:8-11, 69:25-70:3, 70:12-71:2 | U, O | |
| Holt, Jay | 70 | 17 | 70 | 23 | LF | 69:8-11, 69:25-70:3, 70:12-71:2 | U, O | |
| Holt, Jay | 71 | 3 | 71 | 17 | R | 71:18-20 | U, O | |
| Holt, Jay | 71 | 21 | 72 | 20 | S, LF | 71:18-20 | U, O | |
| Holt, Jay | 73 | 6 | 75 | 8 | F, S, LF, LC, O | 71:18-20 | U, O | |
| Holt, Jay | 75 | 16 | 76 | 19 | F, O, LC | | | |
| Holt, Jay | 76 | 21 | 77 | 19 | F, O, LC | | | |
| Holt, Jay | 77 | 23 | 82 | 6 | S, LF, f | 77:20-22 | U, O | |
| Holt, Jay | 82 | 18 | 83 | 10 | M, S | 77:20-22 | U, O | |
| Holt, Jay | 83 | 25 | 84 | 8 | | | | |
| Holt, Jay | 84 | 22 | 86 | 15 | O, LF | | | |
| Holt, Jay | 87 | 1 | 87 | 8 | S, O, LF | 87:9-18 | U, O | |
| Holt, Jay | 87 | 19 | 88 | 13 | S, O, LF | 87:9-18 | U, O | |
| Holt, Jay | 88 | 24 | 89 | 20 | R, S, LF | | | |
| Holt, Jay | 90 | 1 | 90 | 3 | R, S | 90:4-7 | U, O | |
| Holt, Jay | 90 | 8 | 90 | 23 | R, S | 90:4-7 | U, O | |
| Holt, Jay | 92 | 11 | 92 | 18 | | | | |
| Holt, Jay | 92 | 23 | 93 | 1 | | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Holt, Jay | 93 | 12 | 94 | 1 | R | | | |
| Holt, Jay | 94 | 12 | 95 | 21 | R | | | |
| Holt, Jay | 96 | 5 | 98 | 16 | R | | | |
| Holt, Jay | 99 | 14 | 102 | 10 | | 103:4-104:2 | U, O | |
| Holt, Jay | 102 | 17 | 102 | 19 | | 103:4-104:2 | U, O | |
| Holt, Jay | 104 | 3 | 106 | 10 | R | 107:4-13 | U, O | |
| Holt, Jay | 108 | 5 | 110 | 22 | R, F | | | |
| Holt, Jay | 110 | 25 | 111 | 23 | F, LF, R | | | |
| Holt, Jay | 112 | 6 | 112 | 25 | F, R | 113:1-13 | U, O | |
| Holt, Jay | 113 | 14 | 114 | 1 | R | | | |
| Holt, Jay | 114 | 15 | 114 | 18 | NT | | | |
| Holt, Jay | 114 | 20 | 115 | 4 | R | 115:5-8 | U, O | |
| Holt, Jay | 115 | 9 | 115 | 24 | | | | |
| Holt, Jay | 116 | 6 | 116 | 21 | R | 115:5-8 | U, O | |
| Holt, Jay | 117 | 1 | 117 | 22 | | | | |
| Holt, Jay | 118 | 1 | 118 | 13 | | | | |
| Holt, Jay | 118 | 19 | 119 | 2 | | 119:3-8 | U, O | |
| Holt, Jay | 119 | 9 | 120 | 16 | MD, F | 119:3-8 | U, O | |
| Holt, Jay | 120 | 24 | 121 | 5 | R | | | |
| Holt, Jay | 121 | 7 | 121 | 9 | NT | | | |
| Holt, Jay | 122 | 7 | 123 | 24 | | 123:25-124:2 | U, O | |
| Holt, Jay | 124 | 2 | 125 | 5 | NT | | | |
| Holt, Jay | 125 | 7 | 126 | 20 | R, F MD | | | |
| Holt, Jay | 126 | 25 | 127 | 8 | R, F, MD | 127:9-22 | U, O, X | |
| Holt, Jay | 127 | 24 | 128 | 10 | R, F, MD | 127:9-22 | U, O, X | |
| Holt, Jay | 128 | 12 | 129 | 9 | | 129:10-15 | U, O | |
| Holt, Jay | 130 | 12 | 130 | 16 | NT | | | |
| Holt, Jay | 130 | 20 | 132 | 1 | R | | | |
| Holt, Jay | 132 | 21 | 132 | 22 | MD, R | | | |
| Holt, Jay | 132 | 24 | 133 | 6 | R | | | |
| Holt, Jay | 133 | 21 | 134 | 17 | R, S | | | |
| Holt, Jay | 134 | 22 | 136 | 2 | R | | | |
| Holt, Jay | 136 | 4 | 137 | 13 | R | 137:14-20 | U, O | |
| Holt, Jay | 139 | 1 | 140 | 19 | R | | | |
| Holt, Jay | 140 | 21 | 140 | 24 | | | | |
| Holt, Jay | 141 | 4 | 141 | 14 | R | 141:15-18 | U, O | |
| Holt, Jay | 141 | 22 | 141 | 24 | NT, R, F | | | |
| Holt, Jay | 143 | 1 | 143 | 2 | In | | | |
| Holt, Jay | 143 | 4 | 143 | 7 | F, MD, R | | | |
| Holt, Jay | 143 | 10 | 143 | 23 | F, MD, R | | | |
| Holt, Jay | 144 | 2 | 145 | 17 | R, MD | | | |
| Holt, Jay | 146 | 2 | 146 | 6 | R | 146:7-15 | U, O | |
| Holt, Jay | 146 | 16 | 147 | 13 | R, HS, S | 146:14-19 | U, O | |
| Holt, Jay | 148 | 14 | 148 | 17 | | | | |
| Holt, Jay | 148 | 19 | 149 | 16 | NT | | | |
| Holt, Jay | 150 | 2 | 151 | 4 | | | | |
| Holt, Jay | 151 | 9 | 154 | 13 | R, MD | | | |
| Holt, Jay | 154 | 17 | 155 | 14 | R | 155:15-21 | U, O | |
| Holt, Jay | 155 | 22 | 156 | 3 | R | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Holt, Jay | 156 | 5 | 156 | 10 | R | | | |
| Holt, Jay | 156 | 14 | 157 | 18 | R | | | |
| Holt, Jay | 157 | 20 | 158 | 15 | R, S | | | |
| Holt, Jay | 158 | 20 | 159 | 17 | R | | | |
| Holt, Jay | 159 | 19 | 159 | 22 | NT | | | |
| Holt, Jay | 159 | 24 | 160 | 17 | R, S | | | |
| Holt, Jay | 160 | 23 | 161 | 15 | R, S | 161:16-162:18 | U, O | |
| Holt, Jay | 162 | 19 | 163 | 4 | R | 162:9-18 | U, O | |
| Holt, Jay | 163 | 9 | 163 | 15 | | | | |
| Holt, Jay | 163 | 25 | 164 | 14 | R, S | | | |
| Holt, Jay | 164 | 19 | 166 | 7 | LF, O, F | 166:21-167:3 | U, O | |
| Holt, Jay | 167 | 11 | 167 | 21 | LF, O, F, S | 166:21-167:3 | U, O | |
| Holt, Jay | 171 | 12 | 173 | 7 | R | | | |
| Holt, Jay | 173 | 9 | 174 | 10 | MD, R | 174:11-21; 175:2-12 | U, O | |
| Holt, Jay | 175 | 24 | 176 | 1 | NT | | | |
| Holt, Jay | 176 | 2 | 178 | 6 | MD | | | |
| Holt, Jay | 178 | 8 | 180 | 16 | R, MD, F | | | |
| Holt, Jay | 180 | 18 | 181 | 16 | F, MD, R | 191:11-192:5 | U, O | |
| Holt, Jay | 182 | 13 | 183 | 25 | F, MD, R | 191:11-192:5 | U, O | |
| Holt, Jay | 184 | 18 | 184 | 23 | NT | | | |
| Holt, Jay | 185 | 2 | 186 | 23 | R | | | |
| Holt, Jay | 187 | 4 | 190 | 7 | M, R | 191:11-192:5 | U, O | |
| Holt, Jay | 190 | 11 | 190 | 18 | R | 191:11-192:5 | U, O | |
| Holt, Jay | 191 | 8 | 191 | 14 | NT | | | |
| Holt, Jay | 191 | 16 | 192 | 1 | | 192:2-5 | U, O | |
| Holt, Jay | 192 | 6 | 192 | 8 | | 192:2-5 | U, O | |
| Holt, Jay | 192 | 10 | 194 | 25 | R, S, F | | | |
| Holt, Jay | 195 | 17 | 199 | 11 | | | | |
| Holt, Jay | 199 | 13 | 200 | 19 | R, S | | | |
| Holt, Jay | 201 | 4 | 201 | 9 | R, S | 201:10-13 | U, O | |
| Holt, Jay | 201 | 14 | 201 | 17 | R, S | | | |
| Holt, Jay | 201 | 21 | 202 | 12 | R, S | | | |
| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |

6

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| ███ | █ | █ | █ | █ | | | | |
| ███ | █ | █ | █ | | | | | |
| ███ | █ | █ | █ | █ | | | | |
| ███ | █ | █ | █ | | | | | |
| ███ | █ | █ | █ | █ | | | | |
| ███ | █ | █ | █ | | | | | |
| ███ | █ | █ | █ | █ | █ | | | |
| ███ | █ | █ | █ | █ | | | | |
| ███ | █ | █ | █ | | █ | | | |
| ███ | █ | █ | █ | █ | | | | |
| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
| Rote, Kiran | 6 | 22 | 7 | 1 | | | | |
| Rote, Kiran | 7 | 6 | 7 | 16 | | | | |
| Rote, Kiran | 9 | 6 | 9 | 23 | | | | |
| Rote, Kiran | 10 | 3 | 10 | 6 | | | | |
| Rote, Kiran | 11 | 3 | 11 | 5 | | | | |
| Rote, Kiran | 11 | 7 | 12 | 8 | | | | |
| Rote, Kiran | 12 | 12 | 13 | 2 | | | | |
| Rote, Kiran | 13 | 17 | 13 | 22 | | | | |
| Rote, Kiran | 14 | 1 | 14 | 15 | | | | |
| Rote, Kiran | 14 | 23 | 14 | 25 | In | 15 line 1 | U, O | |
| Rote, Kiran | 15 | 5 | 15 | 18 | | | | |
| Rote, Kiran | 15 | 21 | 16 | 3 | | | | |
| Rote, Kiran | 16 | 6 | 17 | 4 | R, NT (16:6-8) | | | |
| Rote, Kiran | 17 | 12 | 17 | 14 | R | | | |
| Rote, Kiran | 19 | 17 | 19 | 19 | | 19:2-16 | U, O | |
| Rote, Kiran | 19 | 24 | 20 | 8 | | | | |
| Rote, Kiran | 21 | 2 | 21 | 6 | | 20:9-11, 20:15-23 | U, O | |
| Rote, Kiran | 22 | 10 | 22 | 18 | | | | |
| Rote, Kiran | 22 | 23 | 24 | 7 | | | | |
| Rote, Kiran | 24 | 8 | 24 | 10 | | | | |
| Rote, Kiran | 25 | 3 | 25 | 6 | | | | |
| Rote, Kiran | 25 | 13 | 27 | 5 | | | | |
| Rote, Kiran | 27 | 8 | 28 | 3 | | | | |
| Rote, Kiran | 28 | 6 | 28 | 10 | | | | |
| Rote, Kiran | 28 | 15 | 29 | 19 | | | | |
| Rote, Kiran | 29 | 25 | 30 | 1 | | | | |
| Rote, Kiran | 30 | 3 | 30 | 10 | | | | |
| Rote, Kiran | 30 | 13 | 30 | 15 | | | | |
| Rote, Kiran | 30 | 19 | 31 | 2 | | | | |
| Rote, Kiran | 31 | 4 | 31 | 7 | | | | |
| Rote, Kiran | 31 | 11 | 31 | 18 | | | | |
| Rote, Kiran | 31 | 22 | 32 | 1 | | | | |
| Rote, Kiran | 32 | 4 | 33 | 14 | F | 32 line 3 | U, O | |
| Rote, Kiran | 33 | 18 | 34 | 4 | F | | | |
| Rote, Kiran | 34 | 7 | 34 | 15 | | | | |
| Rote, Kiran | 34 | 20 | 35 | 20 | Arg, C, F, P | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Rote, Kiran | 35 | 24 | 37 | 9 | | | | |
| Rote, Kiran | 37 | 11 | 39 | 7 | AT (seems like typo, end should be 38:7) | | | |
| Rote, Kiran | 38 | 18 | 38 | 25 | | | | |
| Rote, Kiran | 39 | 3 | 39 | 12 | F | | | |
| Rote, Kiran | 39 | 19 | 40 | 10 | | | | |
| Rote, Kiran | 40 | 13 | 41 | 14 | | | | |
| Rote, Kiran | 40 | 17 | 40 | 17 | | | | |
| Rote, Kiran | 42 | 1 | 42 | 19 | | | | |
| Rote, Kiran | 42 | 21 | 43 | 12 | MD | | | |
| Rote, Kiran | 43 | 16 | 43 | 24 | MD | | | |
| Rote, Kiran | 44 | 2 | 44 | 17 | MD | | | |
| Rote, Kiran | 45 | 4 | 45 | 12 | AT, MD | | | |
| Rote, Kiran | 45 | 17 | 45 | 21 | | | | |
| Rote, Kiran | 45 | 24 | 46 | 9 | | | | |
| Rote, Kiran | 46 | 24 | 45 | 25 | IC | | | |
| Rote, Kiran | 47 | 1 | 47 | 1 | | | | |
| Rote, Kiran | 47 | 5 | 47 | 12 | | | | |
| Rote, Kiran | 47 | 21 | 48 | 12 | | | | |
| Rote, Kiran | 48 | 15 | 48 | 18 | | | | |
| Rote, Kiran | 49 | 2 | 49 | 3 | | | | |
| Rote, Kiran | 49 | 6 | 49 | 10 | | | | |
| Rote, Kiran | 49 | 12 | 49 | 12 | | | | |
| Rote, Kiran | 49 | 17 | 49 | 20 | IC, NE, NT | | | |
| Rote, Kiran | 52 | 5 | 52 | 25 | NE | | | |
| Rote, Kiran | 53 | 3 | 53 | 11 | | | | |
| Rote, Kiran | 53 | 19 | 54 | 22 | S | | | |
| Rote, Kiran | 54 | 35 | 55 | 1 | S, IC (should be 54:25) | | | |
| Rote, Kiran | 55 | 4 | 55 | 6 | S | | | |
| Rote, Kiran | 55 | 9 | 55 | 13 | | | | |
| Rote, Kiran | 55 | 17 | 55 | 17 | | 55:18-21 | U, O | |
| Rote, Kiran | 56 | 7 | 57 | 22 | | | | |
| Rote, Kiran | 58 | 1 | 59 | 12 | S, O, 30(b)(6) | | | |
| Rote, Kiran | 59 | 17 | 60 | 5 | S, O, 30(b)(6) | | | |
| Rote, Kiran | 60 | 11 | 60 | 11 | S, O, 30(b)(6) | | | |
| Rote, Kiran | 60 | 14 | 60 | 16 | | | | |
| Rote, Kiran | 60 | 18 | 63 | 17 | | | | |
| Rote, Kiran | 63 | 21 | 63 | 23 | | | | |
| Rote, Kiran | 64 | 2 | 65 | 11 | | | | |
| Rote, Kiran | 65 | 24 | 67 | 5 | | | | |
| Rote, Kiran | 67 | 12 | 67 | 22 | | | | |
| Rote, Kiran | 68 | 20 | 70 | 13 | | | | |
| Rote, Kiran | 71 | 5 | 72 | 11 | | | | |
| Rote, Kiran | 73 | 1 | 73 | 3 | | | | |
| Rote, Kiran | 73 | 6 | 73 | 10 | | | | |
| Rote, Kiran | 74 | 3 | 74 | 19 | IC, In | | | |
| Rote, Kiran | 74 | 22 | 75 | 6 | IC, In | | | |
| Rote, Kiran | 75 | 9 | 75 | 11 | | | | |
| Rote, Kiran | 76 | 9 | 76 | 13 | | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Rote, Kiran | 76 | 16 | 77 | 10 | | | | |
| Rote, Kiran | 80 | 17 | 80 | 25 | | | | |
| Rote, Kiran | 82 | 15 | 82 | 20 | 30(b)(6) | | | |
| Rote, Kiran | 82 | 25 | 83 | 5 | 30(b)(6) | | | |
| Rote, Kiran | 83 | 9 | 83 | 20 | 30(b)(6) | | | |
| Rote, Kiran | 84 | 1 | 84 | 6 | IC, 30(b)(6) | | | |
| Rote, Kiran | 84 | 10 | 84 | 17 | 30(b)(6) | | | |
| Rote, Kiran | 84 | 21 | 84 | 25 | 30(b)(6) | | | |
| Rote, Kiran | 85 | 4 | 85 | 4 | 30(b)(6) | | | |
| Rote, Kiran | 86 | 22 | 86 | 25 | | | | |
| Rote, Kiran | 87 | 4 | 87 | 15 | | | | |
| Rote, Kiran | 89 | 7 | 89 | 16 | | | | |
| Rote, Kiran | 89 | 17 | 89 | 20 | | | | |
| Rote, Kiran | 89 | 23 | 90 | 3 | | | | |
| Rote, Kiran | 90 | 10 | 90 | 15 | | | | |
| Rote, Kiran | 91 | 10 | 92 | 5 | | | | |
| | 92 | 24 | 92 | 25 | | | | |
| Rote, Kiran | 93 | 1 | 93 | 1 | | | | |
| Rote, Kiran | 93 | 3 | 94 | 9 | | | | |
| Rote, Kiran | 95 | 10 | 95 | 12 | | | | |
| Rote, Kiran | 95 | 14 | 96 | 2 | | | | |
| Rote, Kiran | 96 | 16 | 97 | 2 | 30(b)(6) | | | |
| Rote, Kiran | 97 | 7 | 97 | 11 | 30(b)(6) | | | |
| Rote, Kiran | 100 | 11 | 100 | 13 | | | | |
| Rote, Kiran | 100 | 17 | 101 | 12 | | | | |
| Rote, Kiran | 101 | 25 | 102 | 2 | | | | |
| Rote, Kiran | 102 | 7 | 102 | 11 | | | | |
| Rote, Kiran | 103 | 1 | 103 | 24 | | | | |
| Rote, Kiran | 104 | 7 | 104 | 12 | | | | |
| Rote, Kiran | 105 | 6 | 106 | 17 | | | | |
| Rote, Kiran | 106 | 22 | 107 | 2 | | | | |
| Rote, Kiran | 107 | 24 | 108 | 1 | | | | |
| Rote, Kiran | 108 | 17 | 109 | 7 | 30(b)(6) | | | |
| Rote, Kiran | 109 | 11 | 109 | 13 | 30(b)(6) | | | |
| Rote, Kiran | 109 | 17 | 109 | 18 | 30(b)(6) | | | |
| Rote, Kiran | 110 | 18 | 110 | 20 | | | | |
| Rote, Kiran | 110 | 23 | 111 | 1 | | | | |
| Rote, Kiran | 116 | 4 | 116 | 12 | | | | |
| Rote, Kiran | 117 | 16 | 117 | 18 | | | | |
| Rote, Kiran | 117 | 21 | 118 | 12 | | | | |
| Rote, Kiran | 119 | 8 | 119 | 10 | | | | |
| Rote, Kiran | 119 | 19 | 120 | 5 | | | | |
| Rote, Kiran | 120 | 6 | 120 | 8 | | | | |
| Rote, Kiran | 120 | 21 | 120 | 24 | 30(b)(6) | | | |
| Rote, Kiran | 121 | 3 | 121 | 18 | 30(b)(6) | | | |
| Rote, Kiran | 121 | 21 | 121 | 24 | | | | |
| Rote, Kiran | 122 | 3 | 122 | 21 | | | | |
| Rote, Kiran | 123 | 3 | 123 | 15 | H | | | |
| Rote, Kiran | 124 | 10 | 125 | 11 | | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Rote, Kiran | 126 | 3 | 126 | 10 | | | | |
| Rote, Kiran | 126 | 13 | 127 | 24 | | | | |
| Rote, Kiran | 128 | 8 | 128 | 10 | | | | |
| Rote, Kiran | 128 | 12 | 128 | 20 | | | | |
| Rote, Kiran | 129 | 3 | 129 | 8 | | | | |
| Rote, Kiran | 131 | 8 | 131 | 15 | IC | | | |
| Rote, Kiran | 131 | 17 | 132 | 12 | | | | |
| Rote, Kiran | 133 | 3 | 133 | 6 | 30(b)(6) | | | |
| Rote, Kiran | 133 | 10 | 133 | 23 | 30(b)(6) | | | |
| Rote, Kiran | 134 | 1 | 134 | 1 | NT, AT | | | |
| Rote, Kiran | 134 | 3 | 134 | 8 | 30(b)(6) | | | |
| Rote, Kiran | 134 | 13 | 134 | 18 | 30(b)(6) | | | |
| Rote, Kiran | 134 | 21 | 134 | 23 | | | | |
| Rote, Kiran | 135 | 5 | 135 | 12 | | | | |
| Rote, Kiran | 135 | 21 | 136 | 13 | | | | |
| Rote, Kiran | 137 | 1 | 137 | 24 | | | | |
| Rote, Kiran | 138 | 6 | 138 | 10 | | | | |
| Rote, Kiran | 138 | 19 | 139 | 5 | M | | | |
| Rote, Kiran | 139 | 8 | 139 | 9 | M | | | |
| Rote, Kiran | 139 | 10 | 139 | 12 | | | | |
| Rote, Kiran | 139 | 16 | 139 | 22 | | | | |
| Rote, Kiran | 140 | 6 | 142 | 11 | H | | | |
| Rote, Kiran | 142 | 18 | 143 | 1 | | 143:2-7 | U, O | |
| Rote, Kiran | 145 | 7 | 145 | 11 | | | | |
| Rote, Kiran | 145 | 15 | 145 | 17 | | 145:12-14 | U, O | |
| Rote, Kiran | 145 | 20 | 145 | 22 | | | | |
| Rote, Kiran | 145 | 24 | 148 | 20 | H | | | |
| Rote, Kiran | 149 | 3 | 149 | 8 | H | | | |
| Rote, Kiran | 149 | 16 | 149 | 23 | | | | |
| Rote, Kiran | 150 | 7 | 151 | 6 | | | | |
| Rote, Kiran | 151 | 20 | 151 | 25 | | | | |
| Rote, Kiran | 153 | 7 | 153 | 9 | | | | |
| Rote, Kiran | 153 | 12 | 152 | 14 | 30(b)(6) | | | |
| Rote, Kiran | 153 | 18 | 153 | 20 | 30(b)(6) | | | |
| Rote, Kiran | 153 | 24 | 154 | 3 | 30(b)(6) | | | |
| Rote, Kiran | 154 | 11 | 154 | 14 | 30(b)(6), IC | | | |
| Rote, Kiran | 154 | 19 | 154 | 20 | 30(b)(6) | | | |
| Rote, Kiran | 154 | 24 | 154 | 25 | 30(b)(6) | | | |
| Rote, Kiran | 156 | 3 | 156 | 5 | 30(b)(6) | | | |
| Rote, Kiran | 156 | 9 | 156 | 10 | 30(b)(6) | | | |
| Rote, Kiran | 156 | 24 | 157 | 5 | | | | |
| Rote, Kiran | 159 | 8 | 159 | 13 | 30(b)(6) | | | |
| Rote, Kiran | 159 | 17 | 159 | 17 | 30(b)(6) | | | |
| Rote, Kiran | 160 | 19 | 160 | 20 | 30(b)(6) | | | |
| Rote, Kiran | 160 | 24 | 161 | 3 | 30(b)(6) | | | |
| Rote, Kiran | 161 | 19 | 161 | 21 | | | | |
| Rote, Kiran | 161 | 23 | 162 | 14 | 30(b)(6) | | | |
| Rote, Kiran | 162 | 18 | 162 | 24 | 30(b)(6) | | | |
| Rote, Kiran | 163 | 3 | 163 | 15 | 30(b)(6) | | | |

# TEVA'S DEPOSITION DESIGNATIONS

| Deponent | Start Page | Start Line | End Page | End Line | Objection(s) | Counter-Designation(s) | Counter-Designation Objection(s) | Counter-Counter Designation(s) |
|---|---|---|---|---|---|---|---|---|
| Rote, Kiran | 165 | 18 | 165 | 20 | | | | |
| Rote, Kiran | 166 | 13 | 166 | 22 | 30(b)(6) | | | |
| Rote, Kiran | 167 | 1 | 167 | 15 | 30(b)(6) | | | |
| Rote, Kiran | 167 | 19 | 168 | 1 | 30(b)(6) | | | |
| Rote, Kiran | 168 | 5 | 168 | 14 | 30(b)(6) | | | |
| Rote, Kiran | 169 | 1 | 169 | 3 | | | | |
| Rote, Kiran | 169 | 5 | 169 | 9 | R, 30(b)(6) | | | |
| Rote, Kiran | 169 | 13 | 169 | 17 | R, 30(b)(6) | | | |
| Rote, Kiran | 172 | 21 | 173 | 5 | | | | |
| Rote, Kiran | 173 | 6 | 173 | 8 | | | | |
| Rote, Kiran | 174 | 1 | 174 | 14 | | | | |
| Rote, Kiran | 177 | 18 | 178 | 5 | | | | |
| Rote, Kiran | 178 | 8 | 178 | 8 | | | | |

# Exhibit D

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| ███████ | | | | | |
| ██ | ███ | ██████ | ██████ | | |
| ███ | ███ | ██████ | ██████ | | |

---

[1] Teva's objections refer to the following grounds: **E:** Improper Expert Testimony (Fed. R. Evid. 104, 702, 703); **F:** Lack of Foundation or Personal Knowledge (Fed. R. Evid. 602); **H:** Hearsay (Fed. R. Evid. 801, 802, 805); **I:** Incomplete Document or Testimony (Fed. R. Evid. 106, 403); **O:** Predicate Fact Required for Admissibility (Fed. R. Evid. 104); **R:** Lack of Relevance (Fed. R. Evid. 402); **U:** Unduly Prejudicial, Confusing, Wasteful, Cumulative (Including for Form of Questions, Asked and Answered, Vague and Ambiguous, Calls for a Legal Conclusion) (Fed. R. Evid. 403); **X:** Designation of Attorney Colloquy (Fed. R. Evid. 402, 403); **Y:** Beyond the Scope of a Witness's Testimony Under Fed. R. Civ. 30(b)(6) (Fed. R. Civ. P. 30(b)(6), Fed. R. Evid. 403).

Teva reserves the right to amend and/or supplement its objections and counter-designations to these designations including to add objections and/or counter-designations after the deadline to exchange has passed. Teva reserves the right to amend and/or supplement its objections and counter-designations on any basis that depends upon how testimony is introduced, for what purpose testimony is introduced, and what portion of testimony is introduced. Teva reserves the right to amend and/or supplement is objections and counter-designations based on the testimony that Defendants play at trial. Teva reserves the right to object to the use of any testimony not adequately identified in Defendants' disclosures or for a purpose not adequately identified in those disclosures. Teva reserves the right to introduce any testimony designated by Defendants.

[2] Defendants object to Plaintiffs' reservation of rights in footnote 1 and object to any attempt by Plaintiffs to amend these designations, counter-designations, or objections at trial. Defendants further object to Plaintiffs reservation to introduce "any testimony designated by Defendants." The parties agreed to a procedure for designating deposition testimony, and to the extent Plaintiffs did not designate testimony as part of that process, Plaintiffs should not be able to introduce it at trial. Further, Plaintiffs have indiscriminately objected to nearly all of Defendants' deposition designations on relevance grounds. Defendants disagree with these indiscriminate objections, but to the extent any of Plaintiffs' relevance objections are sustained, Plaintiffs' counter-designations also lack relevance and should not be included in the deposition testimony submitted to the Court.

**Defendants' Deposition Designations**

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| ███ | ███ | ███████ | ███████ | | |
| ██ | ██ | ███████ | ███████ | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | ███ | ███ | | |
| █ | █ | ███ | ███ | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**Defendants' Deposition Designations**

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | ▮ | ▮ | | |
| ▮ | ▮ | ▮ | ▮ | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| ███ | ███ | ███ | ███ | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | █ | █ | | |
| █ | █ | █ | █ | | |

**Defendants' Deposition Designations**

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**Defendants' Deposition Designations**

| Defendants' Deposition Designations | Plaintiffs'[1,2] Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| Declan Walsh (03/11/2022) | | | | | |
| 12:21-13:2 | I, R, U | | | | |
| 13:6-19 | I, R, U | | | | |
| 14:20-15:1 | I, R, U | | | | |
| 15:6-16 | I, R, U | | | | |
| 15:21-16:2 | I, R, U | | | | |
| 16:10-20 | I, R, U | 16:3-5 | | | |
| 17:2-22 | I, R, U | | | | |
| 18:4-16 | I, R, U | | | | |
| 18:19-20:2 | I, R, U | | | | |
| 20:5-21:3 | I, R, U | | | | |
| 21:8-20 | I, R, U | | | | |
| 24:7-9 | R, U, Y | 24:4-6 | | | |
| 26:7-10 | I, R, U, Y | 26:11-27:13 | IC | | |
| 27:19-28:18 | I, R, U, Y | 29:7-30:19 | IC | | |
| 29:3-6 | I, R, U, Y | 29:7-30:19 | IC | | |
| 31:1-9 | E, F, I, R, U, Y | 29:7-30:19<br>31:10-13 | 29:7-30:19 – IC<br>31:10-13 - IC | | |
| 31:14-19 | E, F, I, R, U, Y | 29:7-30:19<br>31:10-13 | 29:7-30:19 – IC<br>31:10-13 - IC | | |
| 32:5-19 | E, F, I, R, U, Y | 29:7-30:19<br>32:20-34:11<br>34:19-21<br>35:1-17 | 29:7-30:19 – IC<br>32:20-34:11 – IC<br>34:19-21 – IC<br>35:1-17 - IC | | |
| 36:2-22 | I, R, U | 37:1-2 | | 36:21-22 | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 38:14-17 | 38:14-17 – IC | | |
| | | 38:21-39:12 | 38:21-39:12 – IC | | |
| | | 39:21-40:9 | 39:21-40:9 – IC | | |
| | | 40:12-42:18 | 40:12-42:18 – IC | | |
| | | 42:20-43:1 | 42:20-43:1 – IC | | |
| | | 43:22-44:2 | 43:22-44:2 – IC | | |
| | | 44:4-12 | 44:4-12 - IC | | |
| | | 37:1-2 | 37:1-2 – IC | | |
| | | 38:14-17 | 38:14-17 – IC | | |
| | | 38:21-39:12 | 38:21-39:12 – IC | | |
| | | 39:21-40:9 | 39:21-40:9 – IC | | |
| | | 40:12-42:18 | 40:12-42:18 – IC | | |
| | | 42:20-43:1 | 42:20-43:1 – IC | | |
| | | 43:22-44:2 | 43:22-44:2 – IC | | |
| 43:6-21 | E, F, I, R, U | 44:4-12 | 44:4-12 - IC | | |
| | | 37:1-2 | 37:1-2 - IC | | |
| | | 38:14-17 | 38:14-17 – IC | | |
| | | 38:21-39:12 | 38:21-39:12 – IC | | |
| | | 39:21-40:9 | 39:21-40:9 – IC | | |
| | | 40:12-42:18 | 40:12-42:18 – IC | | |
| | | 42:20-43:1 | 42:20-43:1 – IC | | |
| | | 43:22-44:2 | 43:22-44:2 – IC | | |
| 45:1-13 | E, F, I, R, U | 44:4-12 | 44:4-12 - IC | | |
| 51:9-17 | F, I, R, U | 51:18-21 | 51:18-21 – IC, R | | |
| 52:1-14 | F, I, R, U | | | | |
| 52:18-21 | F, I, R, U | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| 53:20-54:7 | F, I, R, U | | | | |
| 54:16-18 | F, H, I, R, U | | | | |
| 54:20-55:22 | F, H, I, R, U | | | | |
| 56:4-8 | F, H, I, R, U, X | | | | |
| 56:13-57:3 | F, H, I, R, U, X | | | | |
| 57:12-13 | F, H, I, R, U | | | | |
| 58:9-59:14 | E, F, H, I, R, U | | | | |
| 61:8-63:15 | F, I, R, U | | | | |
| 63:19-64:14 | F, I, R, U | | | | |
| 65:15-18 | F, I, R, U | | | | |
| 65:21-66:2 | F, I, R, U | | | | |
| 67:22-68:9 | F, I, R, U | 66:3-67:3 | | | |
| 69:1-11 | F, I, R, U | | | | |
| 69:17-19 | F, I, R, U | | | | |
| 70:2-71:16 | F, I, R, U | | | | |
| 71:19-72:9 | F, I, R, U | | | | |
| 72:11-14 | F, I, R, U | 72:15-21 | | | |
| 72:22-73:2 | F, I, R, U | | | | |
| 73:5-74:11 | F, I, R, U | | | | |
| 74:16-76:1 | F, I, R, U | | | | |
| 80:14-16 | F, I, R, U | | | | |
| 80:19-81:9 | F, I, R, U, Y | | | | |
| 81:13-18 | F, I, R, U, Y | | | | |
| 83:9-10 | F, I, R, U, Y | | | | |
| 83:12-13 | F, I, R, U, Y | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| 84:5-8 | F, H, I, R, U, Y | | | | |
| 83:19-86:9 | F, H, I, R, U, Y | | | | |
| 86:15-22 | F, H, I, R, U, Y | | | | |
| 87:6-21 | E, F, H, I, R, U, Y | | | | |
| 88:4-20 | E, F, H, I, R, U, Y | | | | |
| 89:4-8 | E, F, H, I, R, U, Y | | | | |
| 89:11-14 | E, F, H, I, R, U, Y | | | | |
| 93:5-7 | E, F, H, I, R, U, Y | | | | |
| 93:14-19 | E, F, H, I, R, U, Y | | | | |
| 94:7-95:10 | E, F, H, I, R, U, Y | | | | |
| 105:10-15 | E, F, H, I, R, U | 96:1-10<br>96:12-18<br>96:21-97:5<br>97:8-100:14<br>100:17-101:5<br>103:6-11<br>103:14-104:2<br>104:5-105:5<br>109:10-13<br>109:15-18 | 96:1-10 – IC<br>96:12-18 – IC<br>96:21-97:5 – IC<br>97:8-100:14 – IC<br>100:17-101:5 – IC<br>103:6-11 – IC<br>103:14-104:2 – IC<br>104:5-105:5 – IC<br>109:10-13 – IC<br>109:15-18 - IC | | |
| 105:19-106:9 | E, F, H, I, R, U | 96:1-10<br>96:12-18<br>96:21-97:5<br>97:8-100:14<br>100:17-101:5<br>103:6-11 | 96:1-10 – IC<br>96:12-18 – IC<br>96:21-97:5 – IC<br>97:8-100:14 – IC<br>100:17-101:5 – IC<br>103:6-11 – IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 103:14-104:2 | 103:14-104:2 – IC | | |
| | | 104:5-105:5 | 104:5-105:5 – IC | | |
| | | 109:10-13 | 109:10-13 – IC | | |
| | | 109:15-18 | 109:15-18 - IC | | |
| | | 96:1-10 | 96:1-10 – IC | | |
| | | 96:12-18 | 96:12-18 – IC | | |
| | | 96:21-97:5 | 96:21-97:5 – IC | | |
| | | 97:8-100:14 | 97:8-100:14 – IC | | |
| | | 100:17-101:5 | 100:17-101:5 – IC | | |
| | | 103:6-11 | 103:6-11 – IC | | |
| | | 103:14-104:2 | 103:14-104:2 – IC | | |
| | | 104:5-105:5 | 104:5-105:5 – IC | | |
| | | 109:10-13 | 109:10-13 – IC | | |
| 106:11-17 | E, F, H, I, R, U | 109:15-18 | 109:15-18 - IC | | |
| | | 96:1-10 | 96:1-10 – IC | | |
| | | 96:12-18 | 96:12-18 – IC | | |
| | | 96:21-97:5 | 96:21-97:5 – IC | | |
| | | 97:8-100:14 | 97:8-100:14 – IC | | |
| | | 100:17-101:5 | 100:17-101:5 – IC | | |
| | | 103:6-11 | 103:6-11 – IC | | |
| | | 103:14-104:2 | 103:14-104:2 – IC | | |
| | | 104:5-105:5 | 104:5-105:5 – IC | | |
| | | 109:10-13 | 109:10-13 – IC | | |
| 106:20-107:1 | E, F, H, I, R, U | 109:15-18 | 109:15-18 - IC | | |
| | | 96:1-10 | 96:1-10 – IC | | |
| 107:4-5 | E, F, H, I, R, U | 96:12-18 | 96:12-18 – IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 96:21-97:5<br>97:8-100:14<br>100:17-101:5<br>103:6-11<br>103:14-104:2<br>104:5-105:5<br>109:10-13<br>109:15-18 | 96:21-97:5 – IC<br>97:8-100:14 – IC<br>100:17-101:5 – IC<br>103:6-11 – IC<br>103:14-104:2 – IC<br>104:5-105:5 – IC<br>109:10-13 – IC<br>109:15-18 - IC | | |
| 116:8-19 | F, I, R, U | 117:1-3<br>117:6-22 | | | |
| 118:1-4 | F, I, R, U | 117:1-3<br>117:6-22 | 117:1-3 - IC<br>117:6-22 – IC | | |
| 118:7-20 | F, I, R, U | 117:1-3<br>117:6-22 | 117:1-3 - IC<br>117:6-22 - IC | | |
| 119:2-5 | I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 119:14-18 | F, H, I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 120:6-9 | F, H, I, R, U | 121:9-122:4<br>123:17-18 | 121:9-122:4 - IC<br>123:17-18 - IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 123:20-124:6<br>124:8-22<br>125:3-5 | 123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 120:11-22 | F, H, I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 122:5-6<br>122:9-21 | F, I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 123:1-7 | F, I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 123:10-16 | F, I, R, U | 121:9-122:4<br>123:17-18<br>123:20-124:6<br>124:8-22<br>125:3-5 | 121:9-122:4 - IC<br>123:17-18 - IC<br>123:20-124:6 - IC<br>124:8-22 - IC<br>125:3-5 - IC | | |
| 126:15-17 | F, H, I, R, U | 128:3-4<br>128:6-7<br>129:15-22 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 132:12-133:5 | 132:12-133:5 – IC | | |
| 126:20-127:7 | F, H, I, R, U | 128:3-4<br>128:6-7<br>129:15-22<br>132:12-133:5 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC<br>132:12-133:5 – IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |
| 127:9-11 | F,  I, R, U | 128:3-4<br>128:6-7<br>129:15-22<br>132:12-133:5 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC<br>132:12-133:5 – IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |
| 127:19-128:2 | F, I, R, U | 128:3-4<br>128:6-7<br>129:15-22<br>132:12-133:5 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC<br>132:12-133:5 – IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |
| 132:2-5 | F, I, R, U | 128:3-4<br>128:6-7<br>129:15-22<br>132:12-133:5 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC<br>132:12-133:5 – IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |
| 132:8-10 | F, I, R, U | 128:3-4<br>128:6-7<br>129:15-22<br>132:12-133:5 | 128:3-4 - IC<br>128:6-7 - IC<br>129:15-22 - IC<br>132:12-133:5 – IC | 128:8-9<br>128:11-129:4<br>129:7-14 | |
| 133:6-10 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 145:14-15 | 145:14-15 – IC, In | | |
| 133:14-16 | I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 133:18-134:6 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 134:18-21 | I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 135:1-5 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 135:15-20 | F, H, I, R, U | 132:12-133:5 | 132:12-133:5 – IC, R, P | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 136:1-15 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 137:13-139:6 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 139:9-140:17 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 141:8-142:5 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 143:1-5<br>143:10-144:10<br>145:14-15 | 143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 142:12-14 | E, F, H, I, R, U, Y | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 144:16-145:3 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 145:12-16 | F, H, I, R, U | 132:12-133:5<br>134:7-8<br>134:13-14<br>143:1-5<br>143:10-144:10<br>145:14-15 | 132:12-133:5 – IC, R, P<br>134:7-8 – IC<br>134:13-14 – IC<br>143:1-5 – IC<br>143:10-144:10 – IC<br>145:14-15 – IC, In | | |
| 163:1-6 | I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 - IC<br>173:8-20 - IC<br>174:1-175:20 - IC<br>176:7-11 - IC<br>176:14-177:1 - IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| 165:4-10 | F, H, I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 – IC, R<br>173:8-20 – IC, R<br>174:1-175:20 – IC, R<br>176:7-11 – IC, R<br>176:14-177:1 – IC, R | | |
| 165:13-21 | F, H, I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 – IC, R<br>173:8-20 – IC, R<br>174:1-175:20 – IC, R<br>176:7-11 – IC, R<br>176:14-177:1 – IC, R | | |
| 166:10-13 | F, H, I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 – IC, R<br>173:8-20 – IC, R<br>174:1-175:20 – IC, R<br>176:7-11 – IC, R<br>176:14-177:1 – IC, R | | |
| 166:20-21 | F, I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 – IC, R<br>173:8-20 – IC, R<br>174:1-175:20 – IC, R<br>176:7-11 – IC, R<br>176:14-177:1 – IC, R | | |
| 167:1-6 | F, I, R, U | 167:7-22<br>173:8-20<br>174:1-175:20<br>176:7-11<br>176:14-177:1 | 167:7-22 – IC, R<br>173:8-20 – IC, R<br>174:1-175:20 – IC, R<br>176:7-11 – IC, R<br>176:14-177:1 – IC, R | | |
| 180:4-10 | I, R, U | 185:17-22 | 185:17-22 – IC, R | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| | | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 181:3-7 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 181:16-19 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 181:21-182:17 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| 182:21-183:6 | F, I, R, U | 186:18-187:18 | 186:18-187:18 – IC, R | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| | | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 183:14-20 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 184:3-4 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| | | 189:9-16 | 189:9-16 – IC, R | | |
| 184:7-185:3 | F, H, I, R, U | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| | | 185:17-22 | 185:17-22 – IC, R | | |
| | | 186:3-14 | 186:3-14 – IC, R | | |
| | | 186:18-187:18 | 186:18-187:18 – IC, R | | |
| | | 189:2-7 | 189:2-7 – IC, R | | |
| 187:19-188:5 | F, I, R, U | 189:9-16 | 189:9-16 – IC, R | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 189:19-191:3 | 189:19-191:3 – IC, R | | |
| 188:8-12 | F, I, R, U | 185:17-22<br>186:3-14<br>186:18-187:18<br>189:2-7<br>189:9-16<br>189:19-191:3 | 185:17-22 – IC, R<br>186:3-14 – IC, R<br>186:18-187:18 – IC, R<br>189:2-7 – IC, R<br>189:9-16 – IC, R<br>189:19-191:3 – IC, R | | |
| 191:4-17 | E, F, I, R, U | 185:17-22<br>186:3-14<br>186:18-187:18<br>189:2-7<br>189:9-16<br>189:19-191:3 | 185:17-22 – IC, R<br>186:3-14 – IC, R<br>186:18-187:18 – IC, R<br>189:2-7 – IC, R<br>189:9-16 – IC, R<br>189:19-191:3 – IC, R | | |
| 191:19-192:6 | E, F, I, R, U | 185:17-22<br>186:3-14<br>186:18-187:18<br>189:2-7<br>189:9-16<br>189:19-191:3 | 185:17-22 – IC, R<br>186:3-14 – IC, R<br>186:18-187:18 – IC, R<br>189:2-7 – IC, R<br>189:9-16 – IC, R<br>189:19-191:3 – IC, R | | |
| 193:5-13 | E, F, I, R, U, Y | | | | |
| 194:1-16 | E, F, I, R, U, Y | | | | |
| 194:21-22 | E, F, I, R, U, Y | | | | |
| 195:2-9 | E, F, I, R, U, Y | | | | |
| 195:13-196:6 | E, F, I, R, U, Y | | | | |
| 196:9-11 | E, F, I, R, U, Y | | | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| Jeffrey Karg (02/23/2022) | | | | | |
| 7:5-8 | I, R, U | | | | |
| 44:11-46:12 | F, H, I, R, U | 42:20-43:4<br>44:5-10<br>51:10-52:8<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 51:10-52:8 | F, I, R, U | 52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 65:1-11 | E, F, H, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC | | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 68:9-18 | F, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 69:20-70:2 | F, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC | 90:8-91:11 | |

Defendants' Deposition Designations

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
| | | 98:6-21<br>99:20-100:22 | 98:6-21 – IC<br>99:20-100:22 - IC | | |
| 93:7-94:11 | E, F, H, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 94:14-95:1 | E, F, H, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 | |
| 95:4-95:21 | E, F, H, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC | | |

**Defendants' Deposition Designations**

| Defendants' Deposition Designations | Plaintiffs' Objections | Plaintiffs' Counter Deposition Designations | Defendants' Objections to Plaintiffs' Counter Deposition Designations | Defendants' Counter-Counter Deposition Designations | Plaintiffs' Objections to Defendants' Counter-Counters |
|---|---|---|---|---|---|
|  |  | 66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 |  |
| 96:2-96:11 | E, F, H, I, R, U | 51:10-52:8<br>52:12-20<br>53:19-54:1<br>54:3-9<br>66:7-12<br>70:3-7<br>91:12-93:6<br>97:7-21<br>98:6-21<br>99:20-100:22 | 51:10-52:8 – IC<br>52:12-20 – IC, R, P<br>53:19-54:1 – IC<br>54:3-9 – IC<br>66:7-12 – IC, R, P<br>70:3-7 – IC<br>91:12-93:6 – IC, In<br>97:7-21 – IC<br>98:6-21 – IC<br>99:20-100:22 - IC | 90:8-91:11 |  |

# Exhibit E

**TEVA'S EXHIBIT LIST**                                                    ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| JTX-001 | PTX-001 | DTX-145 | TEVAQVAR-00031122 | TEVAQVAR-00031154 | 2018.10.02 | | | |
| JTX-002 | PTX-002 | DTX-146 | TEVAQVAR-00031155 | TEVAQVAR-00031186 | 2020.02.18 | | | |
| JTX-003 | PTX-003 | DTX-143 | TEVAQVAR-00031219 | TEVAQVAR-00031249 | 2016.10.11 | | | |
| JTX-004 | PTX-004 | DTX-142 | TEVAQVAR-00031250 | TEVAQVAR-00031282 | 2017.11.07 | | | |
| JTX-005 | PTX-005 | DTX-112 | TEVAQVAR-00022932 | TEVAQVAR-00024953 | 2015.04.29 | | | |
| JTX-006 | PTX-006 | DTX-113 | TEVAQVAR-00024954 | TEVAQVAR-00027244 | 2016.09.12 | | | |
| JTX-007 | PTX-007 | DTX-108 | TEVAQVAR-00027435 | TEVAQVAR-00028752 | 2013.12.11 | | | |
| JTX-008 | PTX-008 | DTX-109 | TEVAQVAR-00028753 | TEVAQVAR-00030980 | 2016.09.19 | | | |
| JTX-009 | PTX-009 | | TEVAQVAR-00030981 | TEVAQVAR-00030985 | 2015.07.08 | | | |
| JTX-010 | PTX-010 | | TEVAQVAR-00030986 | TEVAQVAR-00030992 | 2015.07.08 | | | |
| JTX-011 | PTX-011 | | TEVAQVAR-00030993 | TEVAQVAR-00030997 | 2015.07.08 | | | |
| JTX-012 | PTX-012 | | TEVAQVAR-00030998 | TEVAQVAR-00031002 | 2015.07.08 | | | |
| JTX-013 | PTX-013 | | TEVAQVAR-00031003 | TEVAQVAR-00031008 | 2016.03.31 | | | |
| JTX-014 | PTX-014 | | TEVAQVAR-00031009 | TEVAQVAR-00031022 | 2016.05.05 | | | |
| JTX-015 | PTX-015 | | TEVAQVAR-00031023 | TEVAQVAR-00031028 | 2016.05.05 | | | |
| JTX-016 | PTX-016 | | TEVAQVAR-00031029 | TEVAQVAR-00031035 | 2016.10.21 | | | |
| JTX-017 | PTX-017 | | TEVAQVAR-00031036 | TEVAQVAR-00031050 | 2016.10.21 | | | |
| JTX-018 | PTX-018 | | TEVAQVAR-00031051 | TEVAQVAR-00031056 | 2016.10.21 | | | |
| | PTX-019 | | TEVAQVAR-00031341 | TEVAQVAR-00031342 | 2008.08.13 | | | |
| | PTX-020 | | TEVAQVAR-00031347 | TEVAQVAR-00031348 | 2008.08.13 | | | |
| | PTX-021 | | TEVAQVAR-00031343 | TEVAQVAR-00031346 | 2008.07.04 | | | |
| | PTX-022 | | TEVAQVAR-00031349 | TEVAQVAR-00031352 | 2008.07.04 | | | |
| | PTX-023 | | N/A | N/A | 2021.04.09 | | | |
| | PTX-024 | | N/A | N/A | 2021.04.07 | | | |
| | PTX-025 | | N/A | N/A | 2022.04.29 | | | |
| | PTX-026 | | N/A | N/A | 2022.04.29 | | | H |
| | PTX-027 | | N/A | N/A | 2022.04.29 | | | H |
| | PTX-028 | | N/A | N/A | 2022.04.29 | | | |
| | PTX-029 | | N/A | N/A | 2022.04.29 | | | |
| | PTX-030 | | N/A | N/A | 2022.04.29 | | | H |
| | PTX-031 | | N/A | N/A | 2022.04.29 | | | H |
| | PTX-032 | | N/A | N/A | 2022.04.29 | | | |
| | PTX-033 | | N/A | N/A | 2022.04.29 | | | |

<u>TEVA'S EXHIBIT LIST</u>                                    ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---------|---------|---------|-----------|-----------|------|-------------|------------------------|------------------------|
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | ▬ | | ▬ | ▬ | | ▬ | | |
| | | | | | | ▬ | | |
| | ▬ | | ▬ | ▬ | ▬ | ▬ | | |

**TEVA'S EXHIBIT LIST**                                    ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | ▮ | | ▮ | ▮ | ▮ | ▮ | | |
| | PTX-080 | | CIPLA-BDI_0000004 | CIPLA-BDI_0000009 | 2020.04.15 | ▮ | | |
| | PTX-081 | | CIPLA-BDI_0000635 | CIPLA-BDI_0000646 | 2020.04.15 | ▮ | | |
| | PTX-082 | | CIPLA-BDI_0001287 | CIPLA-BDI_0001289 | 2020.04.09 | ▮ | | |
| | PTX-083 | | CIPLA-BDI_0001300 | CIPLA-BDI_0001301 | 2019.07.30 | ▮ | | |
| | PTX-084 | | CIPLA-BDI_0001302 | CIPLA-BDI_0001303 | 2019.07.30 | ▮ | | |
| | PTX-085 | | CIPLA-BDI_0001304 | CIPLA-BDI_0001305 | 2019.07.30 | ▮ | | |
| | PTX-086 | | CIPLA-BDI_0001308 | CIPLA-BDI_0001309 | 2018.05.16 | ▮ | | |
| | PTX-087 | | CIPLA-BDI_0001310 | CIPLA-BDI_0001311 | 2018.05.16 | ▮ | | |
| | PTX-088 | | CIPLA-BDI_0001312 | CIPLA-BDI_0001313 | 2018.05.16 | ▮ | | |
| | PTX-089 | | CIPLA-BDI_0001675 | CIPLA-BDI_0002034 | | ▮ | | |
| | PTX-090 | | CIPLA-BDI_0002829 | CIPLA-BDI_0002842 | | ▮ | | |
| | PTX-091 | | CIPLA-BDI_0003995 | CIPLA-BDI_0004029 | 2019.04.20 | ▮ | | |
| | PTX-092 | | CIPLA-BDI_0155685 | CIPLA-BDI_0155697 | | ▮ | | |
| | PTX-093 | | CIPLA-BDI_0155972 | CIPLA-BDI_0155999 | 2020.07.00 | ▮ | | |
| | PTX-094 | | CIPLA-BDI_0156595 | CIPLA-BDI_0156598 | N/A | ▮ | | |
| | PTX-095 | | CIPLA-BDI_0183908 | CIPLA-BDI_0184002 | | ▮ | | |
| | PTX-096 | | CIPLA-BDI_0184100 | CIPLA-BDI_0184129 | 2008.06.00 | ▮ | | |

**TEVA'S EXHIBIT LIST**                                    **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | PTX-097 | | CIPLA-BDI_0184184 | CIPLA-BDI_0184199 | 2005.09.00 | | | |
| | PTX-098 | | CIPLA-BDI_0184396 | CIPLA-BDI_0184420 | 2008.03.00 | | | |
| | PTX-099 | | CIPLA-BDI_0184747 | CIPLA-BDI_0184758 | 2007.06.00 | | | |
| | PTX-100 | | CIPLA-BDI_0184944 | CIPLA-BDI_0184973 | 2002.04.25 | | | |
| | PTX-101 | | CIPLA-BDI_0996244 | CIPLA-BDI_0996244 | 2021.06.14 | | | |
| | PTX-102 | | CIPLA-BDI_0996245 | CIPLA-BDI_0996245 | 2017.10.01 | | | |
| | PTX-103 | | N/A | N/A | 2021.07.06 | | | R |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | PTX-119 | | TEVADOC-00000001 | TEVADOC-00000007 | 2009.05.19 | | | |
| | PTX-120 | | TEVADOC-00000008 | TEVADOC-00000009 | 2017.00.00 | | | |
| | PTX-121 | | TEVADOC-00000010 | TEVADOC-00000010 | 2012.00.00 | | | |

**TEVA'S EXHIBIT LIST**                     **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---------|---------|---------|-----------|-----------|------|-------------|------------------------|------------------------|
| | PTX-122 | | TEVADOC-00000011 | TEVADOC-00000015 | 1995.00.00 | | | |
| | PTX-123 | | TEVADOC-00000016 | TEVADOC-00000041 | 2012.03.00 | | | |
| | PTX-124 | | TEVADOC-00000042 | TEVADOC-00000045 | 2014.05.22 | | | |
| | PTX-125 | | TEVADOC-00000046 | TEVADOC-00000050 | 2006.07.00 | | | |
| | PTX-126 | | TEVADOC-00000051 | TEVADOC-00000085 | 2021.02.25 | | | R, P, I (no translation provided) |
| | PTX-127 | | TEVADOC-00000086 | TEVADOC-00000098 | N/A | | | R, H |
| | PTX-128 | | TEVADOC-00000099 | TEVADOC-00000164 | 2009.01.00 | | | |
| | PTX-129 | | TEVADOC-00000165 | TEVADOC-00000230 | 2007.10.23 | | | |
| | PTX-130 | | TEVADOC-00000231 | TEVADOC-00000237 | 2008.08.05 | | | |
| | PTX-131 | | TEVADOC-00000238 | TEVADOC-00000288 | 2009.10.13 | | | |
| | PTX-132 | | TEVADOC-00000289 | TEVADOC-00000311 | 2018.07.10 | | | |
| | PTX-133 | | TEVADOC-00000312 | TEVADOC-00000317 | 2013.00.00 | | | |
| | PTX-134 | | TEVADOC-00000318 | TEVADOC-00000319 | 2014.06.02 | | | |
| | PTX-135 | | TEVADOC-00000320 | TEVADOC-00000321 | 2014.02.00 | | | H |
| | PTX-136 | | TEVADOC-00000322 | TEVADOC-00000378 | 2009.04.00 | | | |
| | PTX-137 | | TEVADOC-00000379 | TEVADOC-00000405 | 2008.06.00 | | | |
| | PTX-138 | | TEVADOC-00000406 | TEVADOC-00000407 | 2005.00.00 | | | |
| | PTX-139 | | TEVADOC-00000408 | TEVADOC-00000411 | 2015.00.00 | | | |
| | PTX-140 | | TEVADOC-00000412 | TEVADOC-00000420 | 2017.05.17 | | | |
| | PTX-141 | | TEVADOC-00000421 | TEVADOC-00000423 | | | | |
| | PTX-142 | | TEVADOC-00000424 | TEVADOC-00000439 | 2020.09.08 | | | |
| | PTX-143 | | TEVADOC-00000440 | TEVADOC-00000444 | 2014.04.25 | | | |
| | PTX-144 | | TEVADOC-00000445 | TEVADOC-00000449 | 2009.10.09 | | | |
| | PTX-145 | | TEVADOC-00000450 | TEVADOC-00000459 | 2008.09.25 | | | |
| | PTX-146 | | TEVADOC-00000460 | TEVADOC-00000502 | 2003.09.09 | | | |
| | PTX-147 | | TEVADOC-00000503 | TEVADOC-00000530 | 1998.02.17 | | | |
| | PTX-148 | | TEVADOC-00000531 | TEVADOC-00000534 | 2013.00.00 | | | |
| | PTX-149 | | TEVADOC-00000535 | TEVADOC-00000540 | | | | H |
| | PTX-150 | | TEVADOC-00000541 | TEVADOC-00000564 | 2008.00.00 | | | |
| | PTX-151 | | TEVADOC-00000565 | TEVADOC-00000585 | 2014.10.28 | | | |
| | PTX-152 | | TEVADOC-00000586 | TEVADOC-00000614 | 2012.04.17 | | | |
| | PTX-153 | | TEVADOC-00000615 | TEVADOC-00000689 | 2013.11.12 | | | |
| | PTX-154 | | TEVADOC-00000690 | TEVADOC-00000691 | 2008.02.21 | | | R, C, P |
| | PTX-155 | | TEVADOC-00000692 | TEVADOC-00000700 | 2014.02.27 | | | R, C, P |
| | PTX-156 | | TEVADOC-00000701 | TEVADOC-00000713 | 2017.09.28 | | | R, C, P |
| | PTX-157 | | TEVADOC-00000714 | TEVADOC-00000726 | 1999.11.23 | | | |
| | PTX-158 | | TEVADOC-00000727 | TEVADOC-00000736 | 2009.12.29 | | | |
| | PTX-159 | | TEVADOC-00000737 | TEVADOC-00000743 | 2012.09.18 | | | |

**TEVA'S EXHIBIT LIST**                                                          **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | | Plaintiffs' Objections | Defendants' Objections |
|---------|---------|---------|-----------|-----------|------|---|------------------------|------------------------|
| | PTX-160 | | TEVADOC-00000744 | TEVADOC-00000744 | 1999.11.00 | | | H |
| | PTX-161 | | TEVADOC-00000745 | TEVADOC-00000748 | | | | H |
| | PTX-162 | | TEVADOC-00000749 | TEVADOC-00000761 | 2014.04.00 | | | |
| | PTX-163 | | TEVADOC-00000762 | TEVADOC-00000773 | 2019 | r | | |
| | PTX-164 | | TEVADOC-00000774 | TEVADOC-00000790 | 2004 | A | | |
| | PTX-165 | | TEVADOC-00000791 | TEVADOC-00000805 | 2006.01.23 | | | |
| | PTX-166 | | TEVADOC-00000806 | TEVADOC-00000806 | | | | H, A |
| | PTX-167 | | TEVADOC-00000807 | TEVADOC-00000816 | 2004.11 | | | |
| | PTX-168 | | TEVADOC-00000817 | TEVADOC-00000821 | 1999 | | | |
| | PTX-169 | | TEVADOC-00000822 | TEVADOC-00000827 | 2000 | | | |
| | PTX-170 | | TEVADOC-00000828 | TEVADOC-00000830 | 2013.00.00 | | | C, R, P |
| | PTX-171 | | TEVADOC-00000831 | TEVADOC-00000833 | 2004.00.00 | th | | C, R, P |
| | PTX-172 | | TEVADOC-00000834 | TEVADOC-00000836 | 1995.00.00 | y - | | C, R, P |
| | PTX-173 | | TEVADOC-00000837 | TEVADOC-00000838 | 2002.00.00 | | | C, R, P |
| | PTX-174 | | TEVADOC-00000839 | TEVADOC-00000839 | | | | |
| | PTX-175 | | TEVADOC-00000840 | TEVADOC-00000840 | | | | |
| | PTX-176 | | TEVADOC-00000841 | TEVADOC-00000841 | | | | |
| | PTX-177 | | TEVADOC-00000842 | TEVADOC-00000842 | | | | |
| | PTX-178 | | TEVADOC-00000843 | TEVADOC-00000843 | | | | |
| | PTX-179 | | TEVADOC-00000844 | TEVADOC-00000844 | | | | |
| | PTX-180 | | TEVADOC-00000845 | TEVADOC-00000845 | | | | |
| | PTX-181 | | TEVADOC-00000846 | TEVADOC-00000846 | | | | |
| | PTX-182 | | TEVAQVAR-00006885 | TEVAQVAR-00006887 | 2014.01.21 | | | |
| | PTX-183 | | TEVAQVAR-00007008 | TEVAQVAR-00007012 | 2014.01.17 | e | | |
| | PTX-184 | | TEVAQVAR-00007013 | TEVAQVAR-00007013 | 2014.01.08 | | | |
| | PTX-185 | | TEVAQVAR-00007034 | TEVAQVAR-00007048 | 2014.01.20 | e | | |
| | PTX-186 | | TEVAQVAR-00007129 | TEVAQVAR-00007140 | 2014.01.21 | | | |
| | PTX-187 | | TEVAQVAR-00007168 | TEVAQVAR-00007439 | 2014.01.21 | | | |
| | PTX-189 | | TEVAQVAR-00007440 | TEVAQVAR-00007512 | 2014.01.14 | | | |
| | PTX-190 | | TEVAQVAR-00007930 | TEVAQVAR-00007936 | 2014.01.09 | | | |
| | PTX-191 | | TEVAQVAR-00007937 | TEVAQVAR-00007963 | 2014.01.17 | | | |
| | PTX-192 | | TEVAQVAR-00008010 | TEVAQVAR-00008011 | 2014.01.14 | | | |
| | PTX-193 | | TEVAQVAR-00008012 | TEVAQVAR-00008015 | 2014.01.15 | | | |
| | PTX-194 | | TEVAQVAR-00008077 | TEVAQVAR-00008080 | 2014.01.15 | | | |
| | PTX-195 | | TEVAQVAR-00008081 | TEVAQVAR-00008090 | 2014.01.15 | | | |
| | PTX-196 | | TEVAQVAR-00008091 | TEVAQVAR-00008099 | 2014.01.15 | d | | |

6

**TEVA'S EXHIBIT LIST**                                           ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | PTX-197 | | TEVAQVAR-00008110 | TEVAQVAR-00008112 | 2014.01.15 | | | |
| | PTX-198 | | TEVAQVAR-00008418 | TEVAQVAR-00008482 | 2014.01.21 | | | |
| | PTX-199 | | TEVAQVAR-00008623 | TEVAQVAR-00008642 | 2014.01.16 | | | |
| | PTX-200 | | TEVAQVAR-00008648 | TEVAQVAR-00008705 | 2014.01.17 | | | |
| | PTX-201 | | TEVAQVAR-00008706 | TEVAQVAR-00008721 | 2014.01.14 | | | |
| | PTX-202 | | TEVAQVAR-00010071 | TEVAQVAR-00010096 | 2014.05.13 | | | |
| | PTX-203 | | TEVAQVAR-00010727 | TEVAQVAR-00010751 | 2014.05.22 | | | |
| | PTX-204 | | TEVAQVAR-00011181 | TEVAQVAR-00011208 | 2014.11.12 | | | |
| | PTX-205 | | TEVAQVAR-00015375 | TEVAQVAR-00015375 | 2017.08.07 | | | |
| | PTX-206 | | TEVAQVAR-00016907 | TEVAQVAR-00016908 | 2017.11.13 | | | |
| | PTX-207 | | TEVAQVAR-00017514 | TEVAQVAR-00017515 | 2018.01.30 | | | |
| | PTX-208 | | TEVAQVAR-00031848 | TEVAQVAR-00031860 | 2009.12.04 | | | |
| | PTX-209 | | TEVAQVAR-00032306 | TEVAQVAR-00032309 | 2010.03.12 | | | |
| | PTX-210 | | TEVAQVAR-00032308 | TEVAQVAR-00032308 | | | | |
| | PTX-211 | | TEVAQVAR-00032309 | TEVAQVAR-00032309 | | | | |
| | PTX-212 | | TEVAQVAR-00052614 | TEVAQVAR-00052623 | 2011.12.06 | | | |
| | PTX-213 | | TEVAQVAR-00052952 | TEVAQVAR-00052972 | 2011.10.14 | | | |
| | PTX-214 | | TEVAQVAR-00066638 | TEVAQVAR-00066673 | 2012.03.07 | | | |
| | PTX-215 | | TEVAQVAR-00122131 | TEVAQVAR-00122142 | 2009.11.30 | | | |
| | PTX-216 | | TEVAQVAR-00458910 | TEVAQVAR-00458921 | 2009.02.26 | | | |
| | PTX-217 | | TEVAQVAR-00459254 | TEVAQVAR-00459270 | 2009.05.29 | | | |
| | PTX-218 | | TEVAQVAR-00459271 | TEVAQVAR-00459278 | 2009.11.02 | | | |
| | PTX-219 | | TEVAQVAR-00459279 | TEVAQVAR-00459282 | 2009.03.18 | | | |
| | PTX-220 | | TEVAQVAR-00459317 | TEVAQVAR-00459334 | 2009.03.18 | | | |
| | PTX-221 | | TEVAQVAR-00459448 | TEVAQVAR-00459456 | 2009.06.22 | | | |
| | PTX-222 | | TEVAQVAR-00460425 | TEVAQVAR-00460475 | 2009.11.29 | | | |
| | PTX-223 | | TEVAQVAR-00460476 | TEVAQVAR-00460509 | 2009.11.23 | | | |
| | PTX-224 | | TEVAQVAR-00460593 | TEVAQVAR-00460605 | 2010.06.01 | | | |
| | PTX-225 | | TEVAQVAR-00461166 | TEVAQVAR-00461168 | 2010.02.22 | | | |
| | PTX-226 | | TEVAQVAR-00461169 | TEVAQVAR-00461171 | 2010.02.22 | | | |
| | PTX-227 | | TEVAQVAR-00461310 | TEVAQVAR-00461363 | 2009.09.11 | | | |
| | PTX-228 | | TEVAQVAR-00461453 | TEVAQVAR-00461461 | 2010.02.25 | | | |
| | PTX-229 | | TEVAQVAR-00461522 | TEVAQVAR-00461533 | 2009.11.29 | | | |
| | PTX-230 | | TEVAQVAR-00461534 | TEVAQVAR-00461608 | 2009.11.29 | | | |
| | PTX-231 | | TEVAQVAR-00462022 | TEVAQVAR-00462028 | 2009.12.02 | | | |
| | PTX-232 | | TEVAQVAR-00465753 | TEVAQVAR-00465754 | 2010.04.27 | | | Y (end bates wrong, not a design drawing) |
| | PTX-233 | | TEVAQVAR-00465767 | | | | | |
| | PTX-234 | | TEVAQVAR-00465899 | TEVAQVAR-00465958 | 2010.01.21 | | | Y (end bates wrong) |
| | PTX-235 | | TEVAQVAR-00539307 | TEVAQVAR-00539307 | 2009.12.16 | | | |
| | PTX-236 | | TEVAQVAR-00539308 | TEVAQVAR-00539308 | 2011.07.14 | | | |
| | PTX-237 | | TEVAQVAR-00539310 | TEVAQVAR-00539311 | 2009.11.23 | | | |
| | PTX-238 | | TEVAQVAR-00539312 | TEVAQVAR-00539313 | 2009.12.15 | | | |
| | PTX-239 | | TEVAQVAR-00539313 | TEVAQVAR-00539314 | 2010.01.29 | | | |
| | PTX-240 | | TEVAQVAR-00539315 | TEVAQVAR-00539315 | 2009.11.05 | | | |
| | PTX-241 | | TEVAQVAR-00539316 | TEVAQVAR-00539316 | 2009.12.16 | | | |
| | PTX-242 | | TEVAQVAR-00539317 | TEVAQVAR-00539317 | 2011.11.05 | | | |
| | PTX-243 | | TEVAQVAR-00539318 | TEVAQVAR-00539318 | 2011.07.15 | | | |
| | PTX-244 | | TEVAQVAR-00539319 | TEVAQVAR-00539319 | 2011.07.15 | | | |
| | PTX-245 | | TEVAQVAR-00539320 | TEVAQVAR-00539321 | 2009.10.30 | | | |
| | PTX-246 | | TEVAQVAR-00699825 | TEVAQVAR-00699830 | 2009.10.27 | | | |
| | PTX-247 | | TEVAQVAR-00734380 | TEVAQVAR-00734382 | 2010.03.16 | | | Y (date wrong) |
| | PTX-248 | | TEVAQVAR-00734383 | TEVAQVAR-00734387 | | | | |
| | PTX-249 | | TEVAQVAR-00737016 | TEVAQVAR-00737022 | | | | |
| | PTX-250 | | TEVAQVAR-00745295 | TEVAQVAR-00745296 | 2010.04.19 | | | |

# TEVA'S EXHIBIT LIST

**ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | PTX-251 | | TEVAQVAR-00745297 | TEVAQVAR-00745297 | 2010.04.21 | | | |
| | PTX-252 | | TEVAQVAR-00760544 | TEVAQVAR-00760557 | 2009.08.10 | | | |
| | PTX-253 | | TEVAQVAR-00760568 | TEVAQVAR-00760578 | 2008.08.06 | | | |
| | PTX-254 | | TEVAQVAR-00760590 | TEVAQVAR-00760603 | 2009.12.18 | | | |
| | PTX-255 | | TEVAQVAR-00760606 | TEVAQVAR-00760674 | 2009.07.20 | | | |
| | PTX-256 | | TEVAQVAR-00760793 | TEVAQVAR-00760808 | 2012.08.05 | | | |
| | PTX-257 | | TEVAQVAR-00761426 | TEVAQVAR-00761528 | 2010.06.23 | | | |
| | PTX-259 | | TEVAQVAR-00761993 | TEVAQVAR-00762006 | 2010.06.01 | | | |
| | PTX-260 | | TEVAQVAR-00763343 | TEVAQVAR-00763397 | 2009.09.09 | | | |
| | PTX-261 | | TEVAQVAR-00763398 | TEVAQVAR-00763429 | 2009.09.09 | | | |
| | PTX-262 | | TEVAQVAR-00763430 | TEVAQVAR-007634351 | 2009.09.09 | | | |
| | PTX-263 | | TEVAQVAR-00763452 | TEVAQVAR-00763502 | 2009.11.13 | | | |
| | PTX-264 | | TEVAQVAR-00763503 | TEVAQVAR-00763519 | 2009.09.09 | | | |
| | PTX-265 | | TEVAQVAR-00763520 | TEVAQVAR-00763539 | 2009.10.05 | | | |
| | PTX-266 | | TEVAQVAR-00763540 | TEVAQVAR-00763551 | 2009.11.02 | | | |
| | PTX-267 | | TEVAQVAR-00763552 | TEVAQVAR-00763626 | 2009.10.20 | | | |
| | PTX-268 | | TEVAQVAR-00763677 | TEVAQVAR-00763704 | 2009.11.23 | | | |
| | PTX-269 | | TEVAQVAR-00764074 | TEVAQVAR-00764075 | 2006.02.03 | | | |
| | PTX-270 | | TEVAQVAR-00764076 | TEVAQVAR-00764078 | 2009.11.23 | | | |
| | PTX-271 | | TEVAQVAR-00764079 | TEVAQVAR-00764080 | 2011.11.05 | | | |
| | PTX-272 | | TEVAQVAR-00764081 | TEVAQVAR-00764082 | 2011.07.15 | | | |
| | PTX-273 | | TEVAQVAR-00764083 | TEVAQVAR-00764084 | 2011.07.15 | | | |
| | PTX-274 | | TEVAQVAR-00764085 | TEVAQVAR-00764087 | 2011.09.05 | | | |
| | PTX-275 | | TEVAQVAR-00764088 | TEVAQVAR-00764089 | 2009.12.16 | | | |
| | PTX-276 | | TEVAQVAR-00764090 | TEVAQVAR-00764091 | 2011.08.17 | | | |
| | PTX-277 | | TEVAQVAR-00764092 | TEVAQVAR-00764093 | 2006.01.20 | | | |
| | PTX-278 | | TEVAQVAR-00764096 | TEVAQVAR-00764098 | 2012.01.10 | | | |
| | PTX-279 | | TEVAQVAR-00764099 | TEVAQVAR-00764101 | 2009.11.23 | | | |
| | PTX-280 | | TEVAQVAR-00764323 | TEVAQVAR-00764353 | 2015.06.30 | | | |
| | PTX-282 | | TEVAQVAR-00764907 | TEVAQVAR-00764946 | | | | |
| | PTX-283 | | TEVAQVAR-00765203 | TEVAQVAR-00765213 | 2012.02.29 | | | |
| | PTX-284 | | TEVAQVAR-00765227 | TEVAQVAR-00765235 | 2012.08.05 | | | |
| | PTX-285 | | TEVAQVAR-00765354 | TEVAQVAR-00765367 | 2014.07.09 | | | |
| | PTX-286 | | TEVAQVAR-00765368 | TEVAQVAR-00765382 | 2012.05.04 | | | |
| | PTX-287 | | TEVAQVAR-00765383 | TEVAQVAR-00765383 | 2017.04.25 | | | Y (QVAR HFA MDI with an integrated Dose Counter Design History File Index) |
| | PTX-288 | | TEVAQVAR-00765404 | TEVAQVAR-00765417 | 2012.01.13 | | | |
| | PTX-289 | | TEVAQVAR-00765418 | TEVAQVAR-00765810 | 2012.09.19 | | | |
| | PTX-290 | | TEVAQVAR-00766582 | TEVAQVAR-00766585 | 2002.00.00 | | | R, U, Y (begin bates is wrong) |
| | PTX-291 | | TEVAQVAR-00771686 | TEVAQVAR-00771699 | 2009.12.15 | | | |
| | PTX-292 | | TEVAQVAR-00771688 | TEVAQVAR-00771689 | 2009.11.05 | | | |
| | PTX-293 | | TEVAQVAR-00771690 | TEVAQVAR-00771691 | | | | |
| | PTX-294 | | TEVAQVAR-00771691 | TEVAQVAR-00771691 | 2009.11.05 | | | |
| | PTX-295 | | TEVAQVAR-00771692 | TEVAQVAR-00771694 | | | | |
| | PTX-296 | | TEVAQVAR-00771693 | TEVAQVAR-00771694 | 2009.11.23 | | | |
| | PTX-297 | | TEVAQVAR-00771695 | TEVAQVAR-00771696 | | | | |
| | PTX-298 | | TEVAQVAR-00771696 | TEVAQVAR-00771696 | 2009.11.05 | | | |
| | PTX-299 | | TEVAQVAR-00771697 | | | | | |
| | PTX-300 | | TEVAQVAR-00771698 | TEVAQVAR-00771699 | 2009.12.00 | | | |

**TEVA'S EXHIBIT LIST**                                    **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | PTX-301 | | CIPLA-BDI_0622671 | CIPLA-BDI_0622720 | 2014.01.21 | ███ | | |
| | PTX-302 | | CIPLA-BDI_0792046 | CIPLA-BDI_0792116 | 2014.02.19 | ███ | | |
| | PTX-303 | | CIPLA-BDI_0648180 | CIPLA-BDI_0648190 | 2015.04.15 | ███ | | H |
| | PTX-304 | | CIPLA-BDI_0639823 | CIPLA-BDI_0640158 | | ███ | | |
| | PTX-305 | | CIPLA-BDI_0864878 | CIPLA-BDI_0864879_00027 | 2018.04.02 | ███ | | H |
| | PTX-306 | | CIPLA-BDI_0156579 | CIPLA-BDI_0156579 | 2017.10.01 | ███ | | |
| | PTX-307 | | CIPLA-BDI_0012025 | CIPLA-BDI_0012037 | | ███ | | Y (design file history summary) |
| | PTX-308 | | CIPLA-BDI_0004411 | CIPLA-BDI_0004705 | 2020.04.9/10 | ███ | | |
| | PTX-309 | | N/A | N/A | | ███ | | |
| | ███ | | ███ | ███ | ███ | ███ | | ███ |
| | ███ | ███ | ███ | ███ | | ███ | | ███ |
| | ███ | ███ | ███ | ███ | | ███ | | ███ |
| | ███ | | ███ | ███ | | ███ | | |
| | ███ | | ███ | ███ | ███ | ███ | | |
| | ███ | | ███ | ███ | | ███ | | |
| | ███ | | ███ | ███ | | ███ | | |
| | ███ | | ███ | ███ | | ███ | | |
| | ███ | | ███ | ███ | | ███ | | ███ |
| | ███ | | ███ | ███ | | ███ | | ███ |
| | ███ | | ███ | ███ | | ███ | | |
| | ███ | | ███ | ███ | | ███ | | |

**TEVA'S EXHIBIT LIST**                                                    **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | ███ | | ███████ | ██████ | | ███████ | | |
| | | | | | | | | |
| | | | | | | ████████ | | |
| | PTX-328 | | N/A | N/A | | | | |
| | PTX-329 | | N/A | N/A | 2022.01.10 | | | |
| | ███ | | | ████████ | | | | |
| | | | | | | | | |
| | ███ | | ███████ | ███████ | | | | |
| | ███ | | ███████ | ███████ | | | | █ |
| | ███ | | ███████ | ██████ | | | | █ |
| | ███ | | ███████ | ██████ | | | | |
| | ███ | | ███████ | ██████ | | | | |
| | ███ | | ███████ | ██████ | | | | █ |
| | ███ | | ███████ | ██████ | | | | █ |
| | ███ | | ███████ | ██████ | | | | |
| | ███ | | ███████ | ██████ | | | | |
| | ███ | | ███████ | █████ | | | | |
| | ███ | | ███████ | █████ | | | | █ |
| | ███ | | ██████ | ████ | | | | |
| | ███ | | ███████ | █████ | | | | █ |
| | ███ | | ███████ | █████ | | | | |

**TEVA'S EXHIBIT LIST**                                        **ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---------|---------|---------|-----------|-----------|------|-------------|------------------------|------------------------|
| | | | | | | ▉▉▉▉ | | |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | ▉ |
| | ▉ | | ▉ | ▉▉▉ | | ▉▉ | | |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | ▉ |
| | ▉ | | ▉▉▉ | | | ▉▉▉ | | ▉ |
| | ▉ | | ▉ | | | ▉▉▉ | | |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉ | | ▉ |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉ | ▉▉▉ | | ▉▉▉ | | |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉▉ | | | ▉▉ | | ▉▉▉ |
| | ▉ | | ▉▉▉ | ▉▉▉ | | ▉ | | ▉▉▉ |
| | PTX-370 | | N/A | N/A | | ▉▉▉ | | |
| | PTX-371 | | CIPLA-BDI_0010839 | CIPLA-BDI_0010852 | | | | |
| | PTX-372 | | CIPLA-BDI_0156579 | CIPLA-BDI_0156579 | 2017.01.10 | | | |
| | PTX-373 | | CIPLA-BDI_0803837 | CIPLA-BDI_0803837 | 2019.05.20 | | | |
| | PTX-374 | | CIPLA-BDI_0803838 | CIPLA-BDI_0803838 | 2019.05.20 | | | |
| | PTX-375 | | CIPLA-BDI_0000805 | CIPLA-BDI_0001117 | | | | |
| | PTX-376 | | CIPLA-BDI_0063192 | CIPLA-BDI_0063248 | 2020.08.04 | | | |
| | PTX-377 | | CIPLA-BDI_0649202 | CIPLA-BDI_0649202 | 2013.02.28 | | | |

11

**TEVA'S EXHIBIT LIST**                    ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
|  | PTX-378 |  | CIPLA-BDI_0874639 | CIPLA-BDI_0874640 | 2011.01.03 |  |  |  |
|  | PTX-379 |  | CIPLA-BDI_0788345 | CIPLA-BDI_0788348 | 2014.05.28 |  |  |  |
|  | PTX-380 |  | CIPLA-BDI_0876040 | CIPLA-BDI_0876090 | 2014.05.29 |  |  |  |
|  | PTX-381 |  | CIPLA-BDI_0783819 | CIPLA-BDI_0783858 |  |  |  |  |
|  | PTX-382 |  | N/A | N/A | 2017.07.25 |  |  |  |
|  | PTX-383 |  | CIPLA-BDI_0788356 | CIPLA-BDI_0788356 | 2014.06.06 |  |  |  |
|  | PTX-384 |  | CIPLA-BDI_0788357 | CIPLA-BDI_0788376 | 2013.08.05 |  |  |  |
|  | PTX-385 |  | CIPLA-BDI_0793493 | CIPLA-BDI_0793506 | 2016.05.10 |  |  |  |
|  | PTX-386 |  | CIPLA-BDI_0878621 | CIPLA-BDI_0878625 | 2015.10.26 |  |  |  |
|  | PTX-387 |  | CIPLA-BDI_0798008 | CIPLA-BDI_0798008 | 2018.10.17 |  |  | LF, H |
|  | PTX-388 |  | CIPLA-BDI_0791425 | CIPLA-BDI_0791431 | 2015.03.05 |  |  | H |
|  | PTX-389 |  | CIPLA-BDI_0793930 | CIPLA-BDI_0793937 | 2016.08.01 |  |  | H |
|  | PTX-390 |  | CIPLA-BDI_0796691 | CIPLA-BDI_0796728 | 2017.11.02 |  |  | H |
|  | PTX-391 |  | CIPLA-BDI_0783800 | CIPLA-BDI_0783817 | 2012.04.16 |  |  |  |
|  | PTX-392 |  | CIPLA-BDI_0790405 | CIPLA-BDI_0790406 | 2018.05.09 |  |  |  |
|  | PTX-393 |  | N/A | N/A |  |  |  |  |
|  | PTX-394 |  | CIPLA-BDI_0996243 | CIPLA-BDI_0996243 | 2021.06.14 |  |  |  |
|  | PTX-395 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-396 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-397 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-398 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-399 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-400 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-401 |  | N/A | N/A | N/A |  |  |  |
|  | PTX-402 |  | TEVAQVAR-00032573 | TEVAQVAR-00032579 | 2003.03.00 |  |  |  |

## TEVA'S EXHIBIT LIST

**ATTORNEYS' EYES ONLY**

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---|---|---|---|---|---|---|---|---|
| | PTX-403 | | TEVAQVAR-00729706 | TEVAQVAR-00729713 | 2006.12.18 | | | |
| | PTX-404 | | TEVAQVAR-00729485 | TEVAQVAR-00729495 | | | | |
| | PTX-405 | | TEVAQVAR-00034974 | TEVAQVAR-00034975 | | | | |
| | PTX-406 | | TEVAQVAR-00475209 | TEVAQVAR-00475223 | 2009.10.21 | | | |
| | PTX-407 | | TEVAQVAR-00495552 | TEVAQVAR-00495580 | 2010.09.13 | | | |
| | PTX-408 | | TEVAQVAR-00458922 | TEVAQVAR-00458935 | | | | |
| | PTX-409 | | N/A | N/A | N/A | | | |
| | PTX-410 | | N/A | N/A | N/A | | | |
| | PTX-411 | | CIPLA_P_000045 | CIPLA_P_000045 | N/A | | | |
| | PTX-412 | | CIPLA_P_000046 | CIPLA_P_000046 | N/A | | | |
| | PTX-413 | | N/A | N/A | N/A | | | |
| | PTX-414 | | N/A | N/A | N/A | | | |
| | PTX-415 | | N/A | N/A | 2020.06.04 | | | |
| | PTX-416 | | N/A | N/A | 2002.00.00 | | | |
| | PTX-417 | | N/A | N/A | 2008.07.15 | | | |
| | PTX-418 | | N/A | N/A | N/A | | | |
| | PTX-419 | | N/A | N/A | N/A | | | |
| | PTX-420 | | N/A | N/A | N/A | | | |
| | PTX-421 | | N/A | N/A | N/A | | | |
| | PTX-422 | | N/A | N/A | N/A | | | |
| | PTX-423 | | N/A | N/A | N/A | | | |
| | PTX-424 | | N/A | N/A | N/A | | | |
| | PTX-425 | | N/A | N/A | N/A | | | |
| | PTX-426 | | N/A | N/A | N/A | | | |
| | PTX-427 | | N/A | N/A | N/A | | | |
| | PTX-428 | | N/A | N/A | N/A | | | |
| | PTX-429 | | N/A | N/A | N/A | | | |
| | PTX-430 | | N/A | N/A | N/A | | | |
| | PTX-431 | | N/A | N/A | 2012.01.31 | | | |
| | PTX-432 | | N/A | N/A | 2008.02.28 | | | |
| | PTX-433 | | N/A | N/A | 2022.06.14 | | | |

## TEVA'S EXHIBIT LIST                                    ATTORNEYS' EYES ONLY

| JTX No. | PTX No. | DTX No. | Beg Bates | End Bates | Date | Description | Plaintiffs' Objections | Defendants' Objections |
|---------|---------|---------|-----------|-----------|------|-------------|------------------------|------------------------|
| | PTX-434 | | N/A | N/A | 2007.11.01 | | | |
| | PTX-435 | | N/A | N/A | 2022.01.19 | | | |
| | PTX-436 | | N/A | N/A | 2022.01.28 | | | |
| | PTX-437 | | N/A | N/A | 2022.01.21 | | | |
| | PTX-438 | | N/A | N/A | 2022.01.26 | | | |
| | PTX-439 | | N/A | N/A | 2022.03.04 | | | |
| | PTX-440 | | N/A | N/A | 2022.03.07 | | | |
| | PTX-441 | | N/A | N/A | 2022.03.08 | | | |
| | PTX-442 | | N/A | N/A | 2022.03.08 | | | |
| | PTX-443 | | TEVAQVAR-00121994 | TEVAQVAR-00121997 | 2009.07.28 | | | LF, H, ND, R, C |
| | PTX-444 | | TEVAQVAR-00124433 | TEVAQVAR-00124434 | 2009.07.06 | | | LF, H, ND, R, C |
| | PTX-445 | | TEVAQVAR-00491233 | TEVAQVAR-00491233 | 2009.07.07 | | | LF, H, ND, R, C |
| | PTX-446 | | TEVAQVAR-00491277 | TEVAQVAR-00491277 | 2009.07.17 | | | LF, H, ND, R, C |
| | PTX-447 | | TEVAQVAR-00491278 | TEVAQVAR-00491280 | 2009.07.15 | | | LF, H, ND, R, C |

* Teva reserves the right to right to amend and/or supplement this exhibit list, including in response to Defendants' disclosures. Teva further reserves the right to rely on an exhibit listed on Defendants' proposed exhibit list.

Defendants utilize the following abbreviations for objections to Plaintiffs' trial exhibit list and deposition designations.

| Code | Objection |
| --- | --- |
| A | Authenticity (FRE 901) |
| Arg | Argumentative |
| AT | Attorney Objections Not Removed |
| B | Not Best Evidence Rule Prohibits Introduction (FRE 1002, 1003 and/or 1004) |
| BS | Beyond the Scope of Direct / Cross / Redirect Examination; answer beyond scope of question |
| 30(b)(6) | Beyond the Scope of the Rule 30(b)(6) Deposition Topic |
| C | Cumulative, Duplicative, Wasteful or Undue Delay (FRE 403) |
| Char | Improper Character Evidence (FRE 404) |
| Cmpd | Compound |
| D | Demonstrative/Should Not Be Admitted Into Evidence |
| Db | Subject to Daubert Motion |
| F | Form (including hypothetical, calling for opinion testimony, document speaks for itself, asked and answered, narrative, confusing, misleading, ambiguous, vague, unintelligible, argumentative, misstates evidence, cumulative, assumes facts not in evidence) |
| H | Hearsay/Improper Use of Deposition (FRE 802 and/or FRCP 32) |
| I | Reserved Because Exhibit Has Not Been Provided, the Copy Provided Is Illegible and/or the Entry Includes Multiple Documents |
| IC | Improper Designation / Counter Designation (FRE 106; FRCP 32(a)(6) |
| In | Incomplete Testimony (FRE 106; FRCP 32(a)(6)) |
| L | Lack of Personal Knowledge or Competency (FRE 602) |
| LA | Limited Admissibility (Admissible for Some Purposes but Not Others) (FRE 105) |
| LC | Legal Conclusion |
| LD | Leading (FRE 611) |
| LF | Lack of Foundation (FRE 103, 104 and/or 105) |
| M | Misleading/Mischaracterizes Prior Testimony (FRE 401-403, 611) |

| Code | Objection |
|------|-----------|
| MD | Mischaracterizes Underlying Document (FRE 401-403, 611) |
| ML | Subject to Motion In Limine |
| NE | Assumes Facts Not In Evidence |
| ND | Not disclosed or identified by Plaintiffs in response to one or more Defendants' discovery requests (including in response to interrogatories propounded under FRCP 33) or as required by FRCP 26; not disclosed or identified in Plaintiffs' contentions. |
| NR | Nonresponsive |
| NT | Not Testimony |
| O | Improper Lay or Expert Opinion (FRE 701-703) |
| OC | Offer to Compromise, Settlement (FRE 408) |
| P | Unfair, Prejudicial, Confusing, Misleading and/or waste of time (FRE 403) |
| R | Irrelevant and/or Immaterial (Relevance) (FRE 401/402) |
| S | Calls for Speculation (FRE 602) |
| U | Untimely/Never Produced (FRCP 26, 37) |
| V | Vague/Ambiguous/Overbroad (FRE 611) |
| W | Privileged/Work Product (FRE 501/502) |
| X | Incomplete Document (FRE 106) |
| Y | Wrong Document Identified or Incorrectly Described |

# Exhibit F

Teva Brands Pharmaceutical Products R&D, Inc, et al. v. Cipla, Ltd., et al
Consolidated C.A. No. 2:20-cv-10172 (JXL)(MAH
Defendants' Trial Exhibit List

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-001 | | | | 402, 403, 602, 802 |
| ███ | | ███ | ███ | ███ |
| ███ | | ███ | ███ | ███ |
| DTX-006 | | TEVAQVAR-00103948 | TEVAQVAR-001039961 | 402, 403, 602, 802 |
| DTX-007 | | TEVAQVAR-00105276 | TEVAQVAR-000105281 | 402, 403, 602, 802 |
| DTX-008 | | TEVAQVAR-00105305 | TEVAQVAR-00105306 | 402, 403, 602, 802 |
| DTX-009 | | | | 402, 403, 602, 802 |
| DTX-010 | | TEVAQVAR-00032573 | TEVAQVAR-00032579 | 402, 403, 602, 802 |
| DTX-011 | | TEVAQVAR-00121443 | TEVAQVAR-00121521 | 402, 403, 602, 802 |
| DTX-012 | | | | 402, 403, 602, 802 |
| DTX-013 | | TEVAQVAR-00729706 | TEVAQVAR-00729713 | 402, 403, 602, 802 |
| DTX-014 | | TEVAQVAR-00729485 | TEVAQVAR-00729495 | 402, 403, 602, 802 |
| DTX-015 | | TEVAQVAR-00034974 | TEVAQVAR-00034975 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-016 | | TEVAQVAR-00117253 | TEVAQVAR-00117271 | 402, 403, 602, 802 |
| DTX-017 | | TEVAQVAR-00085854 | TEVAQVAR-00085860 | 402, 403, 602, 802 |
| DTX-018 | | TEVAQVAR-00085570 | TEVAQVAR-00085570 | 402, 403, 602, 802 |
| DTX-019 | | TEVAQVAR-00085571 | TEVAQVAR-00085588 | 402, 403, 602, 802 |
| DTX-020 | | TEVAQVAR-00475209 | TEVAQVAR-00475223 | 402, 403, 602, 802 |
| DTX-021 | | TEVAQVAR-00031836 | TEVAQVAR-00031840 | 402, 403, 602, 802 |
| DTX-022 | | TEVAQVAR-00495552 | TEVAQVAR-00495580 | 402, 403, 602, 802 |
| DTX-023 | | TEVAQVAR-00458922 | TEVAQVAR-00458935 | 402, 403, 602, 802 |
| DTX-027 | | CIPLA-BDI_0639823 | CIPLA-BDI_0640158 | 402, 403, 602, 802 |
| DTX-031 | | CIPLA-BDI_0004411 | CIPLA-BDI_0004705 | 402, 403, 602, 802 |
| DTX-033 | | CIPLA-BDI_0010839 | CIPLA-BDI_0010852 | 106, 402, 403, 602, 802 |
| DTX-034 | | CIPLA-BDI_0156579 | CIPLA-BDI_0156579 | 402, 403, 602, 802 |
| DTX-035 | | CIPLA-BDI_0803837 | CIPLA-BDI_0803837 | 402, 403, 602, 802 |
| DTX-036 | | CIPLA-BDI_0803838 | CIPLA-BDI_0803838 | 402, 403, 602, 802 |
| DTX-037 | | CIPLA-BDI_0000805 | CIPLA-BDI_0001117 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-038 | | CIPLA-BDI_0063192 | CIPLA-BDI_0063248 | 402, 403, 602, 802 |
| DTX-053 | | CIPLA-BDI_0783800 | CIPLA-BDI_0783817 | 402, 403, 602, 802 |
| DTX-056 | | CIPLA-BDI_0996243 | CIPLA-BDI_0996243 | 402, 403, 602, 802 |
| DTX-057 | | CIPLA-BDI_0183908 | CIPLA-BDI_0184002 | 402, 403, 602, 802 |
| DTX-058 | | CIPLA-BDI_0184721 | CIPLA-BDI_0184741 | 402, 403, 602, 802 |
| DTX-059 | | CIPLA-BDI_0184396 | CIPLA-BDI_0184420 | 402, 403, 602, 802 |
| DTX-060 | | CIPLA-BDI_0000001 CIPLA-BDI_0185292 CIPLA-BDI_0577937 CIPLA-BDI_0577966 | CIPLA-BDI_0183893 CIPLA-BDI_0185691 CIPLA-BDI_0577965 CIPLA-BDI_0636718 | 106, 402, 403, 602, 802 |
| DTX-062 | | CIPLA-BDI_0000970 | CIPLA-BDI_0000971 | 402, 403, 602, 802 |
| DTX-063 | | CIPLA-BDI_0001387 | CIPLA-BDI_0001388 | 106, 402, 403, 602, 802 |
| DTX-064 | | CIPLA-BDI_0001747 | CIPLA-BDI_0001748 | 106, 402, 403, 602, 802 |
| DTX-065 | | CIPLA-BDI_0004591 | CIPLA-BDI_0004659 | 402, 403, 602, 802 |
| DTX-066 | | CIPLA-BDI_0011393 | CIPLA-BDI_0011419 | 402, 403, 602, 802 |
| DTX-067 | | CIPLA-BDI_0011547 | CIPLA-BDI_0011558 | 402, 403, 602, 802 |
| DTX-068 | | CIPLA-BDI_0185292 | CIPLA-BDI_0185305 | 402, 403, 602, 802 |
| DTX-069 | | CIPLA-BDI_0162106 | CIPLA-BDI_0162107 | 402, 403, 602, 802 |
| DTX-070 | | CIPLA_P_00001 | CIPLA_P_00005 | 402, 403, 602, 802 |
| DTX-071 | | CIPLA_P_00006 | CIPLA_P_00050 | 402, 403, 602, 802 |
| DTX-072 | | CIPLA-BDI_0156595 | CIPLA-BDI_0156598 | 106, 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-073 | ███ | | | 402, 403, 602, 802, Insufficient information |
| DTX-074 | ███ | | | 402, 403, 602, 802, Insufficient information |
| DTX-075 | ███ | | | 402, 403, 602, 802, Insufficient information |
| ███ | ███ | ███ | ███ | ███ |
| DTX-077 | | TEVADOC_00000011 | TEVADOC_00000015 | 402, 403, 602, 802 |
| DTX-078 | | CIPLA-BDI_0184184 | CIPLA-BDI_0184199 | 402, 403, 602, 802 |
| DTX-079 | | TEVADOC_00000001 | TEVADOC_00000007 | 402, 403, 602, 802 |
| DTX-080 | | TEVADOC_00000046 | TEVADOC_00000050 | 402, 403, 602, 802 |
| DTX-081 | | TEVADOC_00000008 | TEVADOC_00000009 | 402, 403, 602, 802 |
| DTX-082 | | TEVADOC_00000010 | TEVADOC_00000010 | 402, 403, 602, 802 |
| DTX-083 | ███n. | CIPLA-BDI_0184747 | CIPLA-BDI_0184758 | 402, 403, 602, 802 |

| EXHIBIT NO. | | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-084 | | CIPLA-BDI_0004047 | | 402, 403, 602, 802, Missing PRODEND |
| DTX-085 | | CIPLA-BDI-0003995 | CIPLA-BDI-0004029 | 402, 403, 602, 802 |
| DTX-086 | | CIPLA-BDI_0996391 | CIPLA-BDI_0996393 | 402, 403, 602, 802 |
| DTX-088 | | CIPLA-BDI_0996370 | CIPLA-BDI_0996390 | 402, 403, 602, 802 |
| DTX-089 | | CIPLA-BDI_0996246 | CIPLA-BDI_0996304 | 402, 403, 602, 802 |
| DTX-090 | | CIPLA-BDI_0996308 | CIPLA-BDI_0996329 | 402, 403, 602, 802 |
| DTX-091 | | CIPLA-BDI_0996305 | CIPLA-BDI_0996307 | 402, 403, 602, 802 |
| DTX-092 | | CIPLA-BDI_0996333 | CIPLA-BDI_0996389 | 402, 403, 602, 802 |
| DTX-093 | | CIPLA-BDI_0996330 | CIPLA-BDI_0996332 | 402, 403, 602, 802 |
| DTX-094 | | | | 402, 403, 602, 802, Insufficient information |
| DTX-095 | | | | 402, 403, 602, 802, Insufficient information |
| DTX-096 | | | | 402, 403, 602, 802, Insufficient information |
| DTX-098 | | CIPLA-BDI_1016635 | CIPLA-BDI_1016647 | 402, 403, 602, 802 |
| DTX-100 | | | | 402, 403 |
| DTX-100a | | | | 402, 403 |
| DTX-101 | | | | 402, 403 |
| DTX-102 | | | | 402, 403 |
| DTX-103 | | | | 402, 403, 602, 802 |
| DTX-104 | | | | 402, 403 |
| DTX-105 | | | | 402, 403 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-106 | | | | 402, 403 |
| DTX-107 | | | | 402, 403 |
| DTX-108 | | TEVAQVAR-00027435 | TEVAQVAR-00028752 | |
| DTX-109 | | TEVAQVAR-00028753 | TEVAQVAR-00030980 | |
| DTX-110 | | TEVAQVAR-00018429 | TEVAQVAR-00020702 | 402, 403, 602, 802 |
| DTX-111 | | TEVAQVAR-00020703 | TEVAQVAR-00022931 | 402, 403, 602, 802 |
| DTX-112 | | TEVAQVAR-00022932 | TEVAQVAR-00024953 | |
| DTX-113 | | TEVAQVAR-00024954 | TEVAQVAR-00027244 | |
| DTX-115 | | CIPLA-BDI_0156170 | CIPLA-BDI_0156218 | 106, 402, 403, 602, 802 |
| DTX-116 | | CIPLA-BDI_0156219 | CIPLA-BDI_0156247 | 106, 402, 403, 602, 802 |
| DTX-117 | | CIPLA-BDI_0156248 | CIPLA-BDI_0156364 | 106, 402, 403, 602, 802 |
| DTX-118 | | CIPLA-BDI_0156365 | CIPLA-BDI_0156481 | 106, 402, 403, 602, 802 |
| DTX-119 | | | | 106, 402, 403, 602, 802 |
| DTX-120 | | | | 106, 402, 403, 602, 802 |
| DTX-121 | | | | 106, 402, 403, 602, 802 |
| DTX-123 | | | | 106, 402, 403, 602, 802 |
| DTX-124 | | | | 106, 402, 403, 602, 802 |
| DTX-125 | | | | 106, 402, 403, 602, 802 |
| DTX-126 | | | | 106, 402, 403, 602, 802 |
| DTX-128 | | | | 106, 402, 403, 602, 802 |
| DTX-129 | | | | 106, 402, 403, 602, 802 |
| DTX-130 | | | | 106, 402, 403, 602, 802 |
| DTX-131 | | | | 106, 402, 403, 602, 802 |
| DTX-132 | | | | 106, 402, 403, 602, 802 |
| DTX-133 | | | | 106, 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-134 | | | | 106, 402, 403, 602, 802 |
| DTX-136 | | | | 106, 402, 403, 602, 802 |
| DTX-137 | | CIPLA-BDI_0184347 | CIPLA-BDI_0184356 | 402, 403, 602, 802 |
| DTX-138 | | CIPLA-BDI_0184372 | CIPLA-BDI_0184378 | 402, 403, 602, 802 |
| DTX-139 | | CIPLA-BDI_018379 | CIPLA-BDI_0183390 | 402, 403, 602, 802 |
| DTX-140 | | | | 402, 403, 602, 802, Insufficient information (No Bates No. or Exhibit No.) |
| DTX-141 | | | | 402, 403, 602, 802, Insufficient information (No Bates No. or Exhibit No.) |
| DTX-142 | | TEVAQVAR-00031250 | TEVAQVAR-00031282 | |
| DTX-143 | | TEVAQVAR-00031219 | TEVAQVAR-00031249 | |
| DTX-144 | | TEVAQVAR-00031089 | TEVAQVAR-00031121 | 402, 403, 602, 802 |
| DTX-145 | | TEVAQVAR-00031122 | TEVAQVAR-00031154 | |
| DTX-146 | | TEVAQVAR-00031155 | TEVAQVAR-00031186 | |
| DTX-147 | | TEVAQVAR-00031187 | TEVAQVAR-00031218 | 402, 403, 602, 802 |
| DTX-148 | | CIPLA-BDI_0156580 | CIPLA-BDI_0156594 | 402, 403, 602, 802 |
| DTX-149 | | TEVAQVAR-00031057 | TEVAQVAR-00031088 | 402, 403, 602, 802 |
| DTX-152 | | CIPLA-BDI_0184988 | CIPLA-BDI_0185008 | 402, 403, 602, 802 |
| DTX-153 | | CIPLA-BDI_0184315 | CIPLA-BDI_0184328 | 402, 403, 602, 802 |
| DTX-154 | | CIPLA-BDI_0184329 | CIPLA-BDI_0184337 | 402, 403, 602, 802 |
| DTX-155 | | CIPLA-BDI_0184944 | CIPLA-BDI_0184973 | 402, 403, 602, 802 |
| DTX-156 | | CIPLA-BDI_0184291 | CIPLA-BDI_0184314 | 402, 403, 602, 802 |
| DTX-157 | | CIPLA-BDI_0185009 | CIPLA-BDI_0185061 | 402, 403, 602, 802 |
| DTX-158 | | CIPLA-BDI_0185277 | CIPLA-BDI_0185291 | 402, 403, 602, 802 |
| DTX-159 | | CIPLA-BDI_0184200 | CIPLA-BDI_0185213 | 402, 403, 602, 802 |
| DTX-160 | | CIPLA-BDI_0185356 | CIPLA-BDI_0185415 | 402, 403, 602, 802 |
| DTX-161 | | CIPLA-BDI_0184003 | CIPLA-BDI_0184099 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-162 | | CIPLA-BDI_0184693 | CIPLA-BDI_0184720 | 402, 403, 602, 802 |
| DTX-163 | | CIPLA-BDI_0184214 | CIPLA-BDI_0184290 | 402, 403, 602, 802 |
| DTX-164 | | CIPLA-BDI_0184646 | CIPLA-BDI_0184692 | 402, 403, 602, 802 |
| DTX-165 | | CIPLA-BDI_0184421 | CIPLA-BDI_0184469 | 402, 403, 602, 802 |
| DTX-166 | | CIPLA-BDI_0184888 | CIPLA-BDI_0184912 | 402, 403, 602, 802 |
| DTX-167 | | CIPLA-BDI_0184913 | CIPLA-BDI_0184943 | 402, 403, 602, 802 |
| DTX-168 | | CIPLA-BDI_0184742 | CIPLA-BDI_0184746 | 402, 403, 602, 802 |
| DTX-169 | | CIPLA-BDI_0184759 | CIPLA-BDI_0184779 | 402, 403, 602, 802 |
| DTX-170 | | CIPLA-BDI_0184554 | CIPLA-BDI_0184593 | 402, 403, 602, 802 |
| DTX-171 | | CIPLA-BDI_0184507 | CIPLA-BDI_0184553 | 402, 403, 602, 802 |
| DTX-172 | | CIPLA-BDI_0184470 | CIPLA-BDI_0184506 | 402, 403, 602, 802 |
| DTX-174 | | CIPLA-BDI_0184391 | CIPLA-BDI_0184395 | 402, 403, 602, 802 |
| DTX-176 | | TEVAQVAR-00015375 | TEVAQVAR-00015376 | 402, 403, 602, 802 |
| DTX-177 | | TEVAQVAR-00016907 | TEVAQVAR-00016908 | 402, 403, 602, 802 |
| DTX-178 | | TEVAQVAR-00033107 | TEVAQVAR-00033108 | 402, 403, 602, 802 |
| DTX-179 | | TEVAQVAR-00033109 | TEVAQVAR-00033111 | 402, 403, 602, 802 |
| DTX-180 | | TEVAQVAR-00033129 | TEVAQVAR-00033132 | 402, 403, 602, 802 |
| DTX-181 | | TEVAQVAR-00105083 | TEVAQVAR-00105095 | 402, 403, 602, 802 |
| DTX-182 | | TEVAQVAR-00109726 | TEVAQVAR-00109746 | 402, 403, 602, 802 |
| DTX-183 | | TEVAQVAR-00041789 | TEVAQVAR-0041803 | 402, 403, 602, 802 |
| DTX-184 | | TEVAQVAR-00044983 | TEVAQVAR-00045013 | 402, 403, 602, 802 |
| DTX-185 | | TEVAQVAR-00075195 | TEVAQVAR-00075196 | 402, 403, 602, 802 |
| DTX-186 | | TEVAQVAR-00075197 | TEVAQVAR-00075206 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-187 | | EVAQVAR-00075207 | TEVAQVAR-00075212 | 402, 403, 602, 802 |
| DTX-189 | | EVAQVAR-00075241 | TEVAQVAR-00075241 | 402, 403, 602, 802 |
| DTX-190 | | EVAQVAR-00085600 | TEVAQVAR-00085600 | 402, 403, 602, 802 |
| DTX-191 | | EVAQVAR-00085601 | TEVAQVAR-00085615 | 402, 403, 602, 802 |
| DTX-192 | | EVAQVAR-00085667 | TEVAQVAR-00085668 | 402, 403, 602, 802 |
| DTX-193 | | EVAQVAR-00085669 | TEVAQVAR-00085683 | 402, 403, 602, 802 |
| DTX-194 | | EVAQVAR00102783 | TEVAQVAR00102783 | 402, 403, 602, 802 |
| DTX-195 | | EVAQVAR-00102800 | TEVAQVAR-00102803 | 402, 403, 602, 802 |
| DTX-196 | | EVAQVAR-00135055 | TEVAQVAR-00135056 | 402, 403, 602, 802 |
| DTX-197 | | EVAQVAR-00459271 | TEVAQVAR-00459278 | 402, 403, 602, 802 |
| DTX-198 | | EVAQVAR-00459457 | TEVAQVAR-00459457 | 402, 403, 602, 802 |
| DTX-199 | | EVAQVAR-00474510 | EVAQVAR-00474521 | 402, 403, 602, 802 |
| DTX-200 | | EVAQVAR-00534994 | TEVAQVAR-00535068 | 402, 403, 602, 802 |
| DTX-201 | | EVAQVAR-00669163 | TEVAQVAR-00669163 | 402, 403, 602, 802 |
| DTX-202 | | EVAQVAR-00734294 | TEVAQVAR-00734306 | 402, 403, 602, 802 |
| DTX-203 | | EVAQVAR-00734307 | TEVAQVAR-00734319 | 402, 403, 602, 802 |
| DTX-204 | | EVAQVAR-00760544 | TEVAQVAR-00760557 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-205 | | TEVAQVAR-00760568 | TEVAQVAR-00760578 | 402, 403, 602, 802 |
| DTX-207 | | | | 402, 403, 602, 802, Insufficient information (No Bates No. or Exhibit No.) |
| DTX-208 | | TEVAQVAR-00035704 | TEVAQVAR-00035704 | 402, 403, 602, 802 |
| DTX-209 | | TEVAQVAR-00131458 | TEVAQVAR-00131478 | 402, 403, 602, 802 |
| DTX-210 | | TEVAQVAR-00728398 | TEVAQVAR-00728431 | 402, 403, 602, 802 |
| DTX-212 | | TEVAQVAR-00007141 | TEVAQVAR-00007158 | 402, 403, 602, 802 |
| DTX-213 | | TEVAQVAR-00153655 | TEVAQVAR-00153655 | 402, 403, 602, 802 |
| DTX-214 | | TEVAQVAR-00491431 | TEVAQVAR-00491431 | 402, 403, 602, 802 |
| DTX-215 | | TEVAQVAR-00544412 | TEVAQVAR-00544413 | 402, 403, 602, 802 |
| DTX-216 | | TEVAQVAR-00116802 | TEVAQVAR-00116804 | 402, 403, 602, 802 |
| DTX-218 | | | | 402, 403, 602, 802, Insufficient information |
| DTX-219 | | TEVADOC-00000843 | TEVADOC-00000843 | 402, 403, 602, 802 |
| DTX-220 | | TEVADOC-00000844 | TEVADOC-00000844 | 402, 403, 602, 802 |
| DTX-221 | | TEVADOC-00000845 | TEVADOC-00000845 | 402, 403, 602, 802 |
| DTX-222 | | TEVADOC-00000846 | TEVADOC-00000846 | 402, 403, 602, 802 |
| DTX-223 | | | | 402, 403, 602, 802, Insufficient information (No Bates No. or Exhibit No.) |
| DTX-224 | | | | 402, 403, 602, 802, Insufficient information (No Bates No. or Exhibit No.) |
| DTX-239 | | TEVAQVAR-00756418 | TEVAQVAR-00765810 | 402, 403, 602, 802 |
| DTX-240 | | TEVAQVAR-00764085 | TEVAQVAR-00764087 | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-241 | | TEVAQVAR-539307 | TEVAQVAR-539307 | 402, 403, 602, 802 |
| DTX-249 | | CIPLA-BDI_1016606 | CIPLA-BDI_1016607 | 402, 403, 602, 802 |
| DTX-250 | | CIPLA-BDI_1016608 | CIPLA-BDI_1016634 | 402, 403, 602, 802 |
| | | | | |
| DTX-252 | | | | 402, 403, 602, 802 |
| DTX-253 | | | | 402, 403, 602, 802 |
| DTX-254 | | | | 402, 403, 602, 802 |
| DTX-255 | | | | 402, 403, 602, 802 |
| DTX-256 | | | | 402, 403, 602, 802 |
| DTX-257 | | | | 402, 403, 602, 802 |
| DTX-258 | | | | 402, 403, 602, 802 |
| DTX-259 | | | | |
| DTX-260 | | TEVADOC-000000843 | TEVADOC-000000843 | 402, 403, 602, 802 |
| DTX-261 | | TEVADOC-000000845 | TEVADOC-000000845 | 402, 403, 602, 802 |
| DTX-262 | | TEVADOC-000000846 | TEVADOC-000000846 | 402, 403, 602, 802 |
| DTX-263 | | | | 402, 403, 602, 802 |
| DTX-264 | | | | 402, 403, 602, 802 |
| DTX-265 | | TEVADOC-000000844 | TEVADOC-000000844 | 402, 403, 602, 802 |
| DTX-266 | | | | 402, 403, 602, 802 |
| DTX-267 | | | | 402, 403, 602, 802 |
| DTX-268 | | | | |
| DTX-269 | | | | 402, 403, 602, 802 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-270 | | TEVADOC-00000379 | TEVADOC-00000405 | 402, 403, 602, 802 |
| DTX-271 | | TEVADOC-00000008 | TEVADOC-00000009 | 402, 403, 602, 802 |
| DTX-272 | | TEVADOC-00000010 | TEVADOC-00000010 | 402, 403, 602, 802 |
| DTX-273 | | | | 106, 402, 403, 602, 802, Improper exhibit |
| DTX-274 | | | | Likely Duplicate |
| DTX-275 | | | | Likely Duplicate |
| DTX-276 | | | | Likely Duplicate |
| DTX-277 | | | | Likely Duplicate |
| DTX-278 | | TEVADOC-00000744 | TEVADOC-00000744 | 402, 403, 602, 802 |
| DTX-279 | | TEVADOC-00000379 | TEVADOC-00000405 | Duplicate, 402, 403, 602, 802 |
| DTX-280 | | TEVADOC-00000406 | TEVADOC-00000407 | 402, 403, 602, 802 |
| DTX-281 | | TEVADOC-00000312 | TEVADOC-00000317 | 402, 403, 602, 802 |
| DTX-282 | | | | 106, 402, 403, 602, 802, Insufficient information/lack of specificity |
| DTX-283 | | | | 106, 402, 403, 602, 802, Insufficient information/lack of specificity |

| EXHIBIT NO. | DESCRIPTION | | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|---|
| DTX-284 | | | | | 106, 402, 403, 602, 802, Insufficient information/lack of specificity |
| DTX-285 | | | | | 106, 402, 403, 602, 802, Insufficient information/lack of specificity |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| DTX-296 | | | Carr Ex. 9 | | 402, 403, 602, 802 |
| DTX-297 | | | AURO_BECL00509574 | AURO_BECL00509654 | 402, 403, 602, 802 |
| | | | | | |
| DTX-300 | | | TEVADOC-00000379 | TEVADOC-00000405 | Duplicate, 402, 403, 602, 802 |
| DTX-301 | | | TEVADOC-00000008 | TEVADOC-00000009 | Duplicate, 402, 403, 602, 802 |
| DTX-302 | | | TEVADOC-00000010 | TEVADOC-00000010 | Duplicate, 402, 403, 602, 802 |
| DTX-303 | | | CIPLA-BDI_0184824 | CIPLA-BDI_0184837 | 402, 403, 602, 802 |
| DTX-304 | | | ries | | 402, 403 |
| DTX-305 | | | | | 402, 403 |

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|
| DTX-306 | | | | 402, 403, 602, 802 |
| DTX-307 | | | | 402, 403, 602, 802 |
| DTX-308 | | | | 402, 403, 602, 802 |
| DTX-309 | | | | 402, 403, 602, 802 |
| DTX-310 | | | | 402, 403, 602, 802 |
| DTX-311 | | | | 402, 403, 602, 802 |
| DTX-312 | | | | 402, 403, 602, 802 |
| DTX-313 | | | | 402, 403, 602, 802 |
| DTX-314 | | | | 402, 403, 602, 802 |
| DTX-315 | | | | 402, 403, 602, 802 |
| DTX-316 | | | | 402, 403, 602, 802 |
| DTX-317 | | | | 402, 403, 602, 802 |
| DTX-318 | | | | 402, 403, 602, 802 |
| DTX-319 | | CIPLA-BDI_0004647 | CIPLA-BDI_0004653 | 106, 402, 403, 602, 802 |
| DTX-320 | | CIPLA-BDI_0004638 | CIPLA-BDI_0004645 | 106, 402, 403, 602, 802 |
| DTX-321 | | | | |

*Defendants' reserves the right to supplement this exhibit list including to add documents produced by Plaintiffs after the deadline to exchange has passed.  Defendants' reserves the right to use any exhibit disclosed on Plaintiffs' proposed trial exhibit list and to revise this proposed exhibit list should Plaintiffs revise their own list.

** Teva's numbered objections refer to the corresponding Federal Rules of Evidence.  Teva reserves the right to amend and/or supplement its objections to this exhibit list including to add objections after the deadline to exchange has passed.  By setting forth these objections, Teva does not concede that the descriptions of the documents on Defendants' list are necessarily accurate.  Teva reserves the right to object further to documents on or added to this list on any basis that depends upon how a document is introduced, for what purpose a document is introduced, and what portion of a document is introduced.  Teva reserves the right to object to the use of any exhibit not adequately identified in Defendants' disclosures or for a purpose not adequately identified in those disclosures.  Teva reserves the right to introduce any exhibit listed by Defendants.

| EXHIBIT NO. | DESCRIPTION | PRODBEG | PRODEND | Plaintiffs' Objections |
|---|---|---|---|---|

***Defendants object to Plaintiffs' reservation of rights and object to any attempt by Plaintiffs to amend their objections to Defendants' proposed trial exhibits at trial. The parties agreed to a procedure for identifying and objecting to trial exhibits, and to the extent Plaintiffs failed to include an objection, they should not able to raise such an objection for this first time at trial. Further, Plaintiffs appear to have indiscriminately objected to nearly all of Defendants' proposed trial exhibits. Defendants disagree with these indiscriminate objections, but to the extent any of Plaintiffs' objections are sustained, Plaintiffs' designation of the same exhibits as trial exhibits is also subject to the same objections and Plaintiffs should be prevented from introducing any such exhibit for the same reason.

# Exhibit G

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiff*
*Teva Branded Pharmaceutical*
*R&D Inc. and Norton (Waterford) Ltd.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEVA BRANDED PHARMACEUTICAL | : | Consolidated Civil Action No. 20-10172 |
| PRODUCTS R&D, INC., and | : | (JXN)(MAH) |
| NORTON (WATERFORD) LTD., | : | |
| | : | |
| Plaintiffs, | : | CONFIDENTIAL – |
| | : | SUBJECT TO DISCOVERY |
| v. | : | CONFIDENTIALITY ORDER |
| | : | |
| CIPLA LTD., AUROBINDO PHARMA | : | |
| LLC, AUROBINDO PHARMA USA, | : | |
| INC., and AUROLIFE PHARMA LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFFS TEVA BRANDED PHARMACEUTICAL PRODUCTS
### R&D, INC. AND NORTON (WATERFORD) INC.'S
### <u>LIST OF FACTS FOR JUDICIAL NOTICE</u>

Pursuant to the Parties' agreement, as memorialized in the Parties' correspondence, Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd. respectfully submits the below list of facts for judicial notice. Teva further believes that many of the facts listed below are undisputed or not reasonably subject to dispute, and in listing these facts, Teva in no way forfeits its right to include these or additional facts in the stipulation of undisputed facts.

1.  Each of the Asserted Patents claims priority, directly or indirectly, to U.S. Patent Application No. 13/110,532 ("'532 Application"), which was filed on May 18, 2011, and names Declan Walsh, Derek Fenlon, Simon Kaar, Jan Geertz Hazenberg, Daniel Buck, Paul Clancy, Robert Charles Uschold, and Jeffrey A. Karg (the "Named Inventors") as the inventors.

2.  U.S. Patent Application No. 14/103,324 (the "'324 Application") was filed on December 11, 2013, and issued as the '289 Patent on October 11, 2016. The '324 Application names the Named Inventors as the inventors.

3.  U.S. Patent Application No. 15/269,249 (the "'249 Application") was filed on September 19, 2016, and issued as the '587 Patent on November 7, 2017. The '249 Application names the Named Inventors as the inventors.

4.  U.S. Patent Application No. 15/262,818 (the "'818 Application") was filed on September 12, 2016, as a continuation of U.S. Application No. 14,699,584 (the "'584 Application"), which was filed on April 29, 2015. The '818 Application issued as the '808 Patent on February 18, 2020. The '818 Application names the Named Inventors as the Inventors.

5.  On March 1, 2016, February 29, 2016, March 4, 2016, March 4, 2016, and March 3, 2016, Declan Walsh, Derek Fenlon, Simon Kaar, Jan Geertz Hazenberg, and Daniel Buck, respectively, executed a corrective assignment, assigning their interest in the '532 Application,

including their interest in "all divisions, continuations, and continuations-in-part thereof," to Ivax Pharmaceuticals Ireland.  On October 21, 2016, USPTO recorded the assignment at Reel 040459, Frames 0356-0369 (JTX/PTX-017).

6.      On February 24, 2016, Paul Clancy executed a corrective assignment assigning his interest in the '532 Application, including his interest in "all divisions, continuations, and continuations-in-part thereof," to Norton (Waterford) Ltd.  On October 21, 2016, the U.S. Patent & Trademark Office ("USPTO") recorded the assignments at Reel 040459, Frames 0329-0334 (JTX/PTX-016).

7.      On May 18, 2011, Robert Charles Uschold and Jeffrey A. Karg executed an assignment, assigning their interest in the '532 Application, including their interest in "all divisions, continuations, and continuations-in-part thereof," to Nypro, Inc.  On July 8, 2015, USPTO recorded the assignment at Reel 036027, Frames 0001-0006 (JTX/PTX-010).

8.      On February 6, 2016, Nypro, Inc. executed a corrective assignment its interest in the '532 Application, including his interest in "all divisions, continuations, and continuations-in-part thereof," to Teva Pharmaceuticals Ireland.  On October 21, 2016, USPTO recorded the assignment at Reel 040459, Frames 0702-0706 (JTX/PTX-018).

9.      Other than the parties above, USPTO's assignment records do not list any party with a present interest in the Asserted Patents.

10.     The Republic of Ireland's Companies Registration Office ("CRO") lists Ivax Pharmaceuticals Ireland as a trading name of Norton (Waterford) Ltd.  (PTX-019, PTX-021).

11.     The CRO lists Teva Pharmaceuticals Ireland as a trading name of Norton (Waterford) Ltd.  (PTX-020, PTX-022).