Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*
*Teva Branded Pharmaceutical*
*R&D Inc. and Norton (Waterford) Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and NORTON (WATERFORD) LTD., | : : : : | Consolidated Civil Action No. 20-10172 (JXN)(MAH) |
| Plaintiffs, | : : : | CONFIDENTIAL – FILED UNDER SEAL |
| v. | : : | |
| CIPLA LTD., AUROBINDO PHARMA LLC, AUROBINDO PHARMA USA, INC., and AUROLIFE PHARMA LLC, | : : : : : | |
| Defendants. | : : | |

**PLAINTIFFS' SUBMISSION REGARDING THE ADMISSION OF DEPOSITION TESTIMONY OF JAY HOLT AND DEBORAH CARR AND ADDITIONAL VIDEO EXPERIMENTS PERFORMED BY DR. <u>DAVID LEWIS</u>**

Teva respectfully requests that the Court admit the deposition testimony and associated exhibits of Dr. Jay Holt and Ms. Deborah Carr, two employees of Aurobindo, Cipla's co-defendant in this consolidated action. Teva likewise asks that the Court admit four videos that Teva's expert, Dr. Lewis, took of tests he performed using Aurobindo's ANDA Product. Cipla received notice of the evidence at issue. Cipla made a strategic decision not to attend the deposition, which was conducted by Zoom; and Dr. Lewis cited the testimony and videos at issue extensively in his reports. Cipla now objects to the admission of that evidence as it undermines severely Cipla's defenses in this case. But, Cipla's relevance objections have no basis in law or logic.

Cipla's assertion that the evidence at issue is not relevant to whether its accused device infringes Teva's asserted claims fails, because there are no differences between Aurobindo's and Cipla's accused device for purposes of the infringement inquiry. Defendants' sole expert, Mr. Anderson, testified on behalf of **both** Defendants and advanced identical arguments as to why their products do not infringe. He opined that Cipla's and Aurobindo's "ANDA Products use the same dose counter, inhaler body (actuator), and canister" and "concluded that analysis and testing of the Aurobindo ANDA Product or the Cipla ANDA Product would be applicable to the other." D.E. 157 ¶ 36. These statements were neither isolated nor mistaken. He further explained that he "made a visual comparison and took measurements" to "confirm" the conclusion that Cipla's and Aurobindo's products are the same for purposes of infringement. *Id.* Lest any possible doubt remain, Mr. Anderson was asked during deposition, "Are there any material differences between Cipla's ANDA device and Aurobindo's ANDA device that are materially to the opinions you have offered in this case?" Anderson Dep. Tr. 72:13-17. He answered in one word—"No"—consistent with his treatment of the two devices as interchangeable. *Id.* Dr. Lewis agreed that Cipla's and Aurobindo's devices are not materially different for purposes of infringement. Rough Trial Tr.

138:5-141:1.  And consistent with both experts' opinions, Cipla's and Aurobindo's witnesses each confirmed that their products contain the same numbered components from the same suppliers. Rote Dep. Tr. 25:13-29:14; ▇▇▇▇▇▇▇ PTX-353, -371.



There can be no doubt that this evidence is relevant to the operation of Cipla's concededly interchangeable product.  The Court need not speculate as to whether testimony or analysis regarding Aurobindo's accused device is applicable to Cipla's device, as Mr. Anderson resolved that question in no uncertain terms in his report: "[A]nalysis and testing of the Aurobindo ANDA Product or the Cipla ANDA Product would be applicable to the other."  D.E. 157 ¶ 36.[2]

---

[1] Cipla's witness, by contrast, claimed that Cipla has "no idea" about the "parts" of its dose counter" or "how they fit and how they are assembled into the device."  Rote Tr. 42:1-44:8.

[2] Cipla no longer asserts a hearsay objection.  Nor could it, given that Rule 32(a)(4)(B) permits the use of testimony against a party who, like Cipla, had "reasonable notice" of a deposition of a witness who is more than 100 miles from the place of trial.

Dated: November 17, 2022

Respectfully submitted,

*s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
(973) 757-1100

*Of Counsel*:
David I. Berl
Benjamin M. Greenblum
Elise M. Baumgarten
Kathryn S. Kayali
Ben Picozzi
Ricardo Leyva
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs*
*Teva Branded Pharmaceutical R&D Inc.*
*and Norton (Waterford) Ltd.*